UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO. 21-CR-107 (RDM)** |
| | : | |
| **BRUNO JOSEPH CUA,** | : | |
|     Defendant. | : | |

**FILING REGARDING DEFENDANT'S RELEASE
AND HIS COVID-19 DIAGNOSIS**

The Court has ordered the parties to provide their views on when, how, and under what conditions the defendant can be safely released from custody, given his recent COVID-19 diagnosis. The government now responds to the Court's request as follows:

**I.     The Defendant Should Not Be Released, As He Poses a Significant Danger to The Community.**

The government reiterates its position taken in prior motions that the defendant poses a danger, which the government has shown by clear and convincing evidence, as required by 18 U.S.C. § 3142(g). The nature and circumstances of the case are highly concerning to the government, as the defendant participated in a riot with the intent to stop the certification of the 2020 Presidential election. His social media posts, detailed in ECF No. 12, show clearly the radicalized mind of a young man fixated on stopping the normal functioning of democracy by violent means. The weight of the evidence is also strong, as the government has the defendant captured on video and in photographs committing the crimes for which he has been indicted. The defendant's history and characteristics, as discussed at length in the detention hearing in the Northern District of Georgia, show that multiple interactions with the local police have done little to curb his behavior. Finally, the nature and seriousness of the danger to any person or the

1

community strongly favors detention in this matter. The defendant assaulted a police officer attempting to protect the seat of the legislative branch of the federal government, and stormed the U.S. Capitol in an attempt to stop the peaceful transfer of power. There is no condition or combination of conditions that can reasonably assure the safety of the community.

**II.       If The Defendant Must Be Released, the Court Should Consult with the U.S. Marshals about Appropriate Protocol.**

The government has briefly consulted with the U.S. Marshals in response to the Court's request. It is the government's understanding that, once the Court orders a defendant released, the Marshals will release that defendant forthwith, and cannot continue to hold that defendant even if the defendant has a positive COVID-19 test. The government can endeavor to arrange for a witness from the Marshals service in Oklahoma to brief the Court on the protocols in place to address the COVID-19 pandemic. It is the government's belief that the defendant should, at minimum, quarantine for the CDC-recommended 10 days following his initial diagnosis with the virus, and longer should he exhibit any symptoms of the virus.

To comply with the Court's minute order, we tender this brief, but are prepared to address concerns more fulsomely, in writing or at a hearing, if permitted.

**III.      Evidence Suggests the Defendant Does Not Believe in Taking Precautions to Avoid the Spread of the COVID-19 Pandemic, So Releasing Him into the Community Could Be Incredibly Dangerous.**

Given the defendant's appearance at the January 6, 2021 riot without any mask or COVID-19 protections, the government has grave concerns about the defendant's willingness to take precautions against the spread of the COVID-19 pandemic. Videos and photographs of the defendant inside the U.S. Capitol shows the defendant in the large crowd gathered there without any mask or face covering for protection. *See* Figures 1 and 2 below.



*Figure 1*



*Figure 2*

Therefore, the government has concerns about releasing the defendant in to the community with his current diagnosis and given his history and characteristics, in light of his contraction of COVID-19, there do not appear to be any safeguards that this Court can impose that would protect the community from transmission as well.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY


\_\_/s/_____
KIMBERLY L. PASCHALL
Assistant United States Attorney
D.C. Bar 1015665
U.S. Attorney's Office
555 4th Street, N.W., Room 4116
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing filing has been served upon defense counsel, William Zapf and Jon Jeffress, by email and ECF/PACER notification, on this day, March 8, 2021.

\_\_/s/_____
KIMBERLY L. PASCHALL
Assistant United States Attorney