UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | **Criminal Action No. 21-00107 (RDM)** |

### MOTION FOR CLARIFICATION OF CONDITIONS OF RELEASE

Defendant Bruno Joseph Cua, by and through his attorneys, following up on discussion with the Court at the recent status conference on April 2, 2021, and pursuant to Federal Rules of Criminal Procedure 46 and 18 U.S.C. § 3142, respectfully requests that this Court enter an order clarifying the terms and conditions of Mr. Cua's pretrial release to confirm in writing for the benefit of Pretrial Services that he is permitted to leave his home's property for employment purposes, subject to the supervision of Pretrial Services and other restrictions in the Court's order setting conditions of release. The government consents to the requested clarification that the current order permits Mr. Cua to work outside his home's property.

As discussed below in paragraph 4, the supervising Pretrial Services officer also requests clarification as to whether Mr. Cua's third-party custodian must remain with Mr. Cua during such work. The defense respectfully submits that it may not be practical for Mr. Cua's custodian to remain with him during jobs of significant duration but would be able to drive Mr. Cua to and from such jobs on a schedule approved by Pretrial Services.

In support of this motion, the Mr. Cua states as follows:

1.   On March 10, 2021, the Court entered a Memorandum Opinion and Order granting Mr. Cua's motion for pretrial release, ordering that he be released on March 16, 2021,

subject to conditions. *See* ECF No. 25 at 16. The Memorandum Opinion and Order attached an Order Setting Conditions of Release. *Id*. at Attachment A. Among the release conditions set by the Court is one requiring that Mr. Cua be placed on home detention, and specifically that Mr. Cua is "restricted to [his] residence at all times *except for employment*; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer[.]"[1] *Id.* (condition (7)(p)(ii) (emphasis added)).

2.  Recently, following his release, Mr. Cua discussed with Pretrial Services the possibility of performing some odd jobs for a neighbor on the neighbor's property (e.g., repairs, maintenance, yard work, and/or other manual labor).[2] The Pretrial Services officer supervising Mr. Cua in the Northern District of Georgia, Officer Shannon Brewer, expressed that it was unclear to her from the Order Setting Conditios of Release whether the Court intended to permit Mr. Cua to work outside his home's property. Specifically, Officer Brewer recognized the provision in the Order Setting Conditions of Release for home confinement in (7)(p)(ii) that permits employment as an exception to home confinement, but she also noted that condition (7)(b) (continue or actively seek employment) was not checked.

3.  Counsel further understands that, if the Court were to clarify that the Order Setting Conditions of Release permits Mr. Cua to work outside the property of his home (subject to the other conditions of release and the supervision of Pretrial Services), Mr. Cua may have opportunities to work additional jobs for other neighbors and friends of the Cuas within Fulton

---

[1] With respect to home detention, the Court clarified in condition (7)(s) that Mr. Cua "is not restricted from his home's curtilage and the surrounding 3 acre property, but must always be under supervision of 3rd party custodian." *See id.* at 3.
[2] The first job offer has been made by the persons who offered to be alternative third-party custodians for Mr. Cua. *See* ECF No. 19 (sealed).

County. For each job, Mr. Cua and his third-party custodian, Dr. Alise Cua, would coordinate with Pretrial Services in advance of such work to provide whatever information the supervising officer would like to have regarding prospective employment (e.g., location, schedule, name of property owner, and contact information).

4. Counsel has spoken with Officer Brewer, who informed the undersigned that she defers to the Court on the requested clarification; she would simply request written confirmation of the Court's clarification. Since the April 2 status conference, Officer Brewer has also asked for clarification as to whether—if work outside the home is permitted—Mr. Cua's third-party custodian, Dr. Alise Cua, must be present with him at all times while he works outside the home's property. With respect to custodian presence, the defense would respectfully submit that it may not be practicable for Dr. Cua to remain at the job site for jobs of significant duration, but she would be able to drive him to and from the sites.

5. Counsel has also communicated with Assistant United States Attorney Kimberly Paschall by email. Ms. Paschall has reported that, in view of the Court's comments at the status conference on April 2, 2021, the government consents to the proposed clarification that the Court's current order permits Mr. Cua to leave his home's property to work.

Wherefore, for the foregoing reasons, Mr. Cua respectfully requests that the Court enter the attached order clarifying that the Order Setting Conditions of Release permits him to leave his home's property for employment purposes, subject to the other conditions of release and supervision of Pretrial Services. Mr. Cua further requests that the Court clarify whether Mr. Cua's third-party custodian must remain with him while he works or if it is sufficient that the custodian transport him to and from the job site.

4

                                                  Respectfully submitted,

DATED:  April 6, 2021                   */s/ William E. Zapf*
                                                  Jonathan Jeffress (D.C. Bar No. 479074)
                                                  William E. Zapf (D.C. Bar No. 987213)
                                                  KaiserDillon PLLC
                                                  1099 14th Street NW
                                                  8th Floor West
                                                  Washington, DC 20005
                                                  T: (202) 640-2850
                                                  F: (202) 280-1034
                                                  jjeffress@kaiserdillon.com
                                                  wzapf@kaiserdillon.com

                                                  *Attorneys for Bruno Joseph Cua*