UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | Criminal Action No. 21-00107 (RDM) |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Bruno Joseph Cua, by and through his attorneys, pursuant to Federal Rule of Criminal Procedure 46 and 18 U.S.C. § 3142, respectfully requests that this Court enter an order modifying the terms and conditions of Mr. Cua's pretrial release to permit limited additional movement beyond Fulton County, Georgia, and on the property of his residence, as explained below.

A video status conference is scheduled in this case on June 2, 2021, at 10:00 a.m.

Undersigned counsel has contacted the supervising Pretrial Services officer, Officer Shannon Brewer, who has stated that she sees no issues with respect to the proposed modifications.[1] Assistant United States Attorney Kimberly Paschall has stated that the government does not oppose the requested modifications, so long as Mr. Cua is informing Pretrial Services of his movements in advance.

In support of this motion, Mr. Cua states as follows:

1.    On March 10, 2021, the Court entered a Memorandum Opinion and Order granting Mr. Cua's motion for pretrial release, ordering that he be released on March 16, 2021,

---

[1] Officer Brewer has stated that she is also available to join the upcoming status conference on June 2, 2021, by telephone or video, if the Court would like her to do so.

subject to conditions. *See* ECF No. 25 at 16. The Memorandum Opinion and Order attached an Order Setting Conditions of Release. *Id*. at Attachment A. Among the release conditions set by the Court is one restricting his travel to Fulton County, Georgia. *See id.* at 3 (condition 7(f)). The order also stated that Mr. Cua "is not restricted from his home's curtilage and surrounding 3 acre property, but must always be under supervision of 3rd party custodian." *Id.* (condition 7(s)).

2. On April 12, 2021, the Court granted in part and denied in part a motion by Mr. Cua to clarify his conditions of release with respect to employment outside the family property. *See* ECF No. 35. The Court denied as moot Mr. Cua's request to confirm that that he is permitted to leave his home's property for employment purposes, subject to his other conditions of release, noting that the existing order already permitted such employment. *Id.* at 1, 2. The Court granted Mr. Cua's request that his third-party custodian Dr. Cua not be required to remain with Mr. Cua during his work outside the property. *Id.* at 2.

3. Mr. Cua has now been on pretrial release for more than ten weeks with no violations. He is working regularly off of his family's property, and each employer has submitted a declaration of Mr. Cua's compliance with his conditions of release.

4. Mr. Cua seeks three modifications to the Court's existing orders setting conditions of release, as further explained below:

    a. That he be permitted to travel to and within neighboring Cherokee County, Georgia, within the Northern District of Georgia, subject to his other conditions of release, including advance approval from Pretrial Services.

    b. That he be permitted to travel to and from an undeveloped plot of land owned by the Cuas in Jasper County, Georgia, which is part of the Middle District

of Georgia, subject to his other conditions of release, including advance approval from Pretrial Services.

c.  That he be permitted to go to the workshop/barn on his home's property without the direct supervision of his third-party custodian, Dr. Cua.

5. With respect to travel to and within Cherokee County, Georgia, counsel notes that the Cuas' home is just approximately a couple of miles from the border of Cherokee County to the northeast. Mr. Cua's grandmother resides in an assisted living facility just over the border in Cherokee County (about 3.5 miles from the Cuas' home), which recently reopened to visitors. Mr. Cua also has additional opportunities for employment at properties in Cherokee County and potentially could have medical appointments there. Like his other travel outside the home, such travel to Cherokee County would be subject to advance approval by Pretrial Services.

6. With respect to travel to Jasper County, Georgia, Mr. Cua would like to be able to travel to and work on an undeveloped plot of land owned by his family in Monticello, Georgia, to assist with work needed to develop the property (e.g., clearing trails and work on a pond on the property).[2] Mr. Cua only seeks permission to travel to and from the property and not more generally within Jasper County or the Middle District of Georgia, although he would pass through other counties during the approximately two-hour trip to and from the property. Such travel would be subject to advance approval by Pretrial Services.

7. With respect to the workshop/barn on the property of Mr. Cua's home, Mr. Cua frequently needs to go to the outbuilding, which is approximately eighteen yards from the home, to do chores for his parents. Mr. Cua and Dr. Cua would ask that the current requirement that he

---

[2] Counsel can provide the exact address of the property to the Court, if needed, but would prefer to do so by email or under seal for privacy reasons.

be under Dr. Cua's direct supervision be lifted for trips to the workshop/barn. Officer Brewer reports that she has inspected the outbuilding.

8. Counsel has discussed the proposed modifications with Officer Brewer by email. Officer Brewer has stated that she does not see any issues with the requested modifications.

9. Counsel has also emailed with Assistant United States Attorney Kimberly Paschall. Ms. Paschall has stated that the government does not oppose the requested modifications, so long as Mr. Cua provides advance notice to Pretrial Services before such travel.

Wherefore, for the foregoing reasons, Mr. Cua respectfully requests that the Court enter the attached order modifying the Order Setting Conditions of Release, as stated above, subject to the other conditions of release and supervision of Pretrial Services.

          Respectfully submitted,

DATED: May 28, 2021

*/s/ William E. Zapf*
Jonathan Jeffress (D.C. Bar No. 479074)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
jjeffress@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Bruno Joseph Cua*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2021, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice counsel of record.


Dated:  May 28, 2021                                              */s/ William E. Zapf*
                                                                                William E. Zapf