## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-107 (RDM)** |
| **v.** | : | |
| | : | |
| **BRUNO JOSEPH CUA** | : | |
| | : | |
| **Defendant.** | : | |

### RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's June 15, 2021 Minute Order, directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in the above-captioned case. Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence used in the pretrial detention hearings for the defendant in this case, pursuant to the procedure outlined by the Chief Judge in Standing Order 21-28 (BAH). The government has conferred with the defense counsel in this matter, and the parties are in agreement that the video submitted to this Court can be released in accordance with the procedure outlined by the Chief Judge. *See* Standing Order 21-28 (BAH), at 6.

The D.C. Circuit has consistently employed the six-factor "*Hubbard* test" [1] when determining whether the common-law right of access to judicial records requires those records to

---

1 The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

1

be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the detention hearings held in this matter in the Northern District of Georgia and the District of Columbia. See 21-mc-74, at 2.   However, no videos were submitted by the government to the Court for review in the Northern District of Georgia; all exhibits in that proceeding were still shots of videos. Accordingly, there are no video exhibits to be made available to the public from the detention hearing in the Northern District of Georgia. The government did submit a video to this Court pursuant to its request at the detention hearing on March 2, 2021. Neither party sought a sealing order for that video upon its submission.

Therefore, since that video was used in this Court's decision on detention, and it was not subject to a sealing order, the parties do not object to its disclosure at this time. The government does request that, pursuant to Standing Order 21-28 (BAH), "no recording, copying, downloading, retransmitting or further broadcasting" of the video exhibits be permitted in this case.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By: _____/s/_____
KIMBERLY L. PASCHALL
Assistant United States Attorney
D.C. Bar No. 1015665
555 4th Street, N.W., Room 4116
Washington, D.C. 20530

2

202-252-2650
Kimberly.paschall@usdoj.gov