**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**BRUNO JOSEPH CUA** | **Criminal Action No. 21-00107 (RDM)** |

**MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant Bruno Joseph Cua, by and through his attorneys, pursuant to Federal Rule of Criminal Procedure 46 and 18 U.S.C. § 3142, respectfully requests that this Court enter an order clarifying and modifying the terms and conditions of Mr. Cua's pretrial release to (1) permit him to drive himself to and from work sites without being escorted by this third-party custodian; and (2) permit Mr. Cua's father, Joseph Cua, to serve as an alternate third-party custodian at specified times with advance approval from Pretrial Services. These requested modifications are explained in further detail below.

Undersigned counsel has contacted Mr. Cua's supervising Pretrial Services officer, Officer Shannon Brewer, who has stated that she has no objection to the first clarification/modification (Mr. Cua driving himself to and from work) and takes no position with respect to the second modification (Joseph Cua serving as an alternative custodian), deferring to the Court.

Assistant United States Attorney Kimberly Paschall has stated that, with respect to Mr. Cua driving himself to and from work, the government defers to Pretrial Services and therefore does not object to that proposed modification. Ms. Paschall has stated that the government maintains its prior objection to either of Mr. Cua's parents serving as third-party custodian and

therefore objects to the proposed change permitting Joseph Cua to serve as an alternate custodian. Ms. Paschall has stated that she does not plan to file an opposition to this motion.

    In support of this motion, Mr. Cua states as follows:

1.    On March 10, 2021, the Court entered a Memorandum Opinion and Order granting Mr. Cua's motion for pretrial release, ordering that he be released on March 16, 2021, subject to conditions. *See* ECF No. 25 at 16. The Memorandum Opinion and Order attached an Order Setting Conditions of Release. *Id*. at Attachment A.

2.    On April 12, 2021, the Court granted in part and denied in part a motion by Mr. Cua to clarify his conditions of release with respect to employment outside the family property. *See* ECF No. 35. The Court denied as moot Mr. Cua's request to confirm that that he is permitted to leave his home's property for employment purposes, subject to his other conditions of release, noting that the existing order already permitted such employment. *Id.* at 1, 2. The Court granted Mr. Cua's request that his third-party custodian Dr. Cua not be required to remain with Mr. Cua during his work outside the property. *Id.* at 2.

3.    On June 2, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release in three ways: (1) to permit him to travel to and within neighboring Cherokee County, Georgia; (2) to permit him to travel to and from the property owned by the Cua family in Jasper County, Georgia; and (3) to permit him to go to and be inside the outbuilding on his home's property referred to as the "workshop" or "bar" without direct supervision of his third-party custodian. *See* ECF No. 46.

4.    Mr. Cua has now been on pretrial release for nearly four months with no violations. Dr. Alise Cua has submitted a declaration every week as Mr. Cua's third-party custodian, certifying that Mr. Cua has complied with his conditions of release. Mr. Cua is also

working regularly off of his family's property, and each employer has submitted a declaration of Mr. Cua's compliance with his conditions of release during his employment with each of them.

5. Mr. Cua seeks two further modifications to the Court's existing orders setting conditions of release, as further explained below:

    a. That it be specified by the Court that he may drive himself to and from his employment locations, subject to his other conditions of release, including by continuing to obtain advance approval for such jobs outside his home from Pretrial Services.

    b. That his father, Joseph Cua, be permitted serve as an alternate third-party custodian at specified times with advance approval of Pretrial Services. If permitted to serve as an alternate third-party custodian, Joseph Cua agrees to sign the same declaration Dr. Alise Cua signs for any time periods in which he serves as third-party custodian when Dr. Cua is not present.

6. With respect to Mr. Cua driving himself to and from job sites, Mr. Cua respectfully requests this accommodation in order to alleviate some of the burden on Dr. Cua as Mr. Cua obtains additional work opportunities and Dr. Cua balances her other obligations, including travel and care for her other children, especially as school is set to restart in August. Under Mr. Cua's current release conditions, his travel outside the home to job sites is already approved in advance by Pretrial Services.

7. With respect to Joseph Cua serving as an alternate third-party custodian, Dr. Cua would like to have the ability to request from Pretrial Services that she be permitted to travel out of town periodically for both personal and professional reasons. For example, she would like to travel to Florida from August 16 through 20, 2021. During periods when Dr. Cua is out of town,

Joseph Cua would work from home. Such a modification, for example, would also allow Mr. Cua to request advance approval from Pretrial Services to travel with his father to perform work at the family property in Jasper County, Georgia, without needing to also be accompanied by his mother. To be clear, under this proposal, Mr. Cua would request advance approval from Pretrial Services for his father to serve as third-party custodian for specified time periods.

8. Counsel has discussed the proposed modifications with Officer Brewer by email. Officer Brewer has stated she has no objection to Mr. Cua driving himself to and from work sites without being escorted by his third-party custodian. She takes no position with respect to Joseph Cua serving as an alternate third-party custodian, deferring to the Court on that proposed change.

9. Counsel has also emailed with Assistant United States Attorney Kimberly Paschall. As reviewed above, Ms. Paschall has stated that the government does not object to Mr. Cua driving himself to and from work sites. She has stated that the government is maintaining its position prior to Mr. Cua's pretrial release that neither of Mr. Cua's parents should be permitted to serve as third-party custodians, and so opposes Joseph Cua serving as an alternate custodian. She has stated that the government does not plan to file an opposition to this motion.

Wherefore, for the foregoing reasons, Mr. Cua respectfully requests that the Court enter the attached order modifying the Order Setting Conditions of Release, as stated above, subject to the other conditions of release and supervision of Pretrial Services.

Respectfully submitted,

DATED: July 8, 2021

*_/s/ William E. Zapf_*
Jonathan Jeffress (D.C. Bar No. 479074)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
jjeffress@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Bruno Joseph Cua*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2021, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice counsel of record.

Dated: July 8, 2021

*/s/ William E. Zapf*
William E. Zapf