UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | **Criminal Action No. 21-00107 (RDM)** |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Bruno Joseph Cua, by and through his attorneys, pursuant to Federal Rule of Criminal Procedure 46 and 18 U.S.C. § 3142, respectfully requests that this Court enter an order modifying the terms and conditions of Mr. Cua's pretrial release to expand the area in which he is permitted to move with advance approval from Pretrial Services to include the Northern District of Georgia. This requested modification is explained in further detail below.

Undersigned counsel has contacted Mr. Cua's supervising Pretrial Services officer, Officer Shannon Brewer, who has stated that she has no objection to this proposed modification. Assistant United States Attorney Kimberly Paschall has stated that the government also does not oppose the requested modification.

This matter is set for a video status hearing this coming Tuesday, August 24, 2021, at 3:30 p.m.

In support of this motion, Mr. Cua states as follows:

1. On March 10, 2021, the Court entered a Memorandum Opinion and Order granting Mr. Cua's motion for pretrial release, ordering that he be released on March 16, 2021, subject to conditions. *See* ECF No. 25 at 16. The Memorandum Opinion and Order attached an Order Setting Conditions of Release. *Id.* at Attachment A.

2. On April 12, 2021, the Court granted in part and denied in part a motion by Mr. Cua to clarify his conditions of release with respect to employment outside the family property. *See* ECF No. 35. The Court denied as moot Mr. Cua's request to confirm that that he is permitted to leave his home's property for employment purposes, subject to his other conditions of release, noting that the existing order already permitted such employment. *Id.* at 1, 2. The Court granted Mr. Cua's request that his third-party custodian Dr. Cua not be required to remain with Mr. Cua during his work outside the property. *Id.* at 2.

3. On June 2, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release in three ways: (1) to permit him to travel to and within neighboring Cherokee County, Georgia; (2) to permit him to travel to and from the property owned by the Cua family in Jasper County, Georgia; and (3) to permit him to go to and be inside the outbuilding on his home's property referred to as the "workshop" or "barn" without direct supervision of his third-party custodian. *See* ECF No. 46.

4. On July 9, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release in two ways: (1) to permit him to drive himself to and from work sites for employment that has been pre-approved by Pretrial Services without being accompanied by his third-party custodian; and (2) subject to advance approval by the Pretrial Services Office and his other conditions of release, permitting Mr. Cua's father, Joseph Cua, to serve as an alternate third-party custodian, provided that he completes, signs, and submits to the Court a declaration from himself in the form of Attachment B to the Court's March 10, 2021 Order on the Monday following any such period.

5. Mr. Cua has now been on pretrial release for more than five months with no violations. Dr. Alise Cua and/or Joseph Cua have submitted a declaration every week as Mr.

Cua's third-party custodians, certifying that Mr. Cua has complied with his conditions of release. Mr. Cua is also working regularly off of his family's property, and each employer has submitted a declaration of Mr. Cua's compliance with his conditions of release during his employment with each of them.

6. Mr. Cua respectfully requests to modify the Court's existing orders setting conditions of release to permit him to travel within the geographic bounds of the Northern District of Georgia, subject to his other conditions of release, including by continuing to obtain advance approval from Pretrial Services for travel outside his home. A map showing the boundaries of the Northern District of Georgia is attached hereto as an exhibit.

7. Mr. Cua lives in Fulton County, Georgia, and currently is permitted to travel within Fulton County and neighboring Cherokee County, as well as to his family's property in Jasper County, Georgia, which is in the Middle District of Georgia. Permitting Mr. Cua to travel within the Northern District of Georgia, with advance approval by Pretrial Services, will allow him to take jobs outside his Fulton and Cherokee Counties and for he and his family to engage in other activities within the Northern District that are approved by Pretrial Services. For example, he was recently approved by Pretrial Services to take a job in Roswell, Georgia, which is primarily within Fulton County, but as Mr. Cua got closer to the job location he realized it was in Cobb County, so he turned around and did not complete the job.

8. As a reference, in *United States v. Matthew Miller*, 1:21-cr-00075-RDM, Your Honor granted the defendant's motion for release and the governments related motion requesting certain conditions of release. *See Miller*, ECF No. 22. Although the defense is not aware of all of the circumstances of Mr. Miller's case, Mr. Miller was charged with many of the same offenses as Mr. Cua, except that he was charged with the more serious offense of assaulting a federal

officer *with a dangerous weapon* under 18 U.S.C. 111(b), *see Miller*, ECF No. 10, while Mr. Cua has been charged under subsection 111(a). The government did not oppose Mr. Miller's release. Mr. Miller's conditions included only that he not travel outside the continental United States without prior approval of the Court and that he notify Pretrial Services of any travel outside his "home jurisdiction."[1] *See Miller*, ECF No. 22 at 2.

9. As stated above, Mr. Cua's supervising Pretrial Services officer, Officer Shannon Brewer, has informed undersigned counsel that she has no objection to this proposed modification.

10. Counsel has also emailed with Assistant United States Attorney Kimberly Paschall. As reviewed above, Ms. Paschall has stated that the government does not oppose the requested modification.

Wherefore, for the foregoing reasons, Mr. Cua respectfully requests that the Court enter the attached order modifying the Order Setting Conditions of Release, as stated above, subject to the other conditions of release and supervision of Pretrial Services.

---

[1] It is unclear exactly what "home jurisdiction" means based on publicly available documents but presumably it encompasses the federal district in which Mr. Miller resides. The docket entry for the Order granting Mr. Miller's release, ECF No. 22, refers to an attached document that does not appear to be publicly available.

|  | Respectfully submitted, |
|---|---|
| DATED:   August 20, 2021 | */s/ William E. Zapf*<br>Jonathan Jeffress (D.C. Bar No. 479074)<br>William E. Zapf (D.C. Bar No. 987213)<br>KaiserDillon PLLC<br>1099 14th Street NW<br>8th Floor West<br>Washington, DC 20005<br>T: (202) 640-2850<br>F: (202) 280-1034<br>jjeffress@kaiserdillon.com<br>wzapf@kaiserdillon.com<br><br>*Attorneys for Bruno Joseph Cua* |


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2021, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice counsel of record.


Dated:  August 20, 2021                                  */s/ William E. Zapf*
                                                                          William E. Zapf