UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | **Criminal Action No. 21-00107 (RDM)** |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Bruno Joseph Cua, by and through his attorneys, pursuant to Federal Rule of Criminal Procedure 46 and 18 U.S.C. § 3142(c)(3), respectfully requests that this Court enter an order clarifying and/or modifying the terms and conditions of Mr. Cua's pretrial release to (1) confirm that Mr. Cua may travel to obtain materials and supplies for his work without being accompanied by this third-party custodian; and (2) remove the requirement that he submit to location monitoring by Pretrial Services. These requested clarifications and/or modifications are explained in further detail below.

Undersigned counsel has contacted Mr. Cua's supervising Pretrial Services officer, Officer Shannon Brewer, who has stated that she has no objection to either of the requests. Assistant United States Attorney Kimberly Paschall has stated that the government does not oppose Mr. Cua's request to be able to travel to obtain materials and supplies as needed for his work but will oppose the change to location monitoring.[1]

In support of this motion, Mr. Cua states as follows:

---

[1] The Court set November 10, 2021 as the deadline for any government response to Mr. Cua's motion to modify conditions of release. *See* October 26, 2021 Minute Entry.

1.      On March 10, 2021, the Court entered a Memorandum Opinion and Order granting Mr. Cua's motion for pretrial release, ordering that he be released on March 16, 2021, subject to conditions. *See* ECF No. 25 at 16. The Memorandum Opinion and Order attached an Order Setting Conditions of Release. *Id*. at Attachment A. Among other conditions, the Order Setting Conditions of Release placed Mr. Cua in the custody of his mother, Dr. Alise Cua, as third-party custodian and restricted him to home detention, except for employment and certain other activities approved in advance by the pretrial services office or supervising officer. *Id.* (conditions 6 and 7(p)(ii), Another one of the conditions in the order states: "The defendant must: . . . submit to location monitoring as directed by pretrial services office or supervising officer and comply with all of the program requirements and instructions provided." *Id.* (condition (7)(r)).

2.      On April 12, 2021, the Court granted in part and denied in part a motion by Mr. Cua to clarify his conditions of release with respect to employment outside the family property. *See* ECF No. 35. The Court denied as moot Mr. Cua's request to confirm that that he is permitted to leave his home's property for employment purposes, subject to his other conditions of release, noting that the existing order already permitted such employment. *Id.* at 1, 2. The Court granted Mr. Cua's request that his third-party custodian Dr. Cua not be required to remain with Mr. Cua during his work outside the property. *Id.* at 2.

3.      On June 2, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release in three ways: (1) to permit him to travel to and within neighboring Cherokee County, Georgia; (2) to permit him to travel to and from the property owned by the Cua family in Jasper County, Georgia; and (3) to permit him to go to and be inside the outbuilding on his home's

2

property referred to as the "workshop" or "barn" without direct supervision of his third-party custodian. *See* ECF No. 46.

    4.       On July 9, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release in two ways: (1) to permit him to drive himself to and from work sites for employment that has been pre-approved by Pretrial Services without being accompanied by his third-party custodian; and (2) subject to advance approval by the Pretrial Services Office and his other conditions of release, permitting Mr. Cua's father, Joseph Cua, to serve as an alternate third-party custodian, provided that he completes, signs, and submits to the Court a declaration from himself in the form of Attachment B to the Court's March 10, 2021 Order on the Monday following any such period. *See* ECF No. 54.

    5.       On August 23, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release to travel within the geographic bounds of the Northern District of Georgia, subject to the other conditions of his release and with pre-approval from Pretrial Services. *See* Aug. 23, 2021 Minute Entry.

    6.       By the time the government files its brief in opposition to this motion, Mr. Cua will have been on pretrial release for more than eight months (since March 16, 2021). He has been in perfect compliance with his conditions of release that entire time. Mr. Cua is under the third-party custodianship of his mother Dr. Alise Cua and his father Joseph Cua, who have submitted a declaration every week certifying that Mr. Cua has complied with his conditions of release. Mr. Cua is also working regularly off of his family's property, and each employer has submitted a declaration of Mr. Cua's compliance with his conditions of release during his employment with each of them.

7. Mr. Cua respectfully requests to clarify and/or modify the Court's existing orders setting conditions of release to the extent necessary to (a) permit him to travel to obtain materials and supplies for his work, as requested by his employers, without needing to be accompanied by this third-party custodian, and (b) remove the condition that he submit to location monitoring.[2]

8. The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community…." 18 U.S.C. § 3142(c)(1)(B). The Court "may at any time amend the [release] order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

9. With respect to the first request, given the nature of Mr. Cua's work, e.g., performing home repairs and renovations, employers have regularly requested that Mr. Cua purchase materials and other supplies for his work, as is normal for that type of work. Fulfilling such requests may require Mr. Cua to obtain materials before arriving at a job site and/or to leave and return to the job site during work. For example, just yesterday, he was scheduled to start work at 8 a.m., but his mother found him still waiting at home at 10 a.m. for a friend to purchase supplies for him. He has also been approached for a project to renovate and convert a camper vehicle to a mobile coffee shop. Mr. Cua likely would perform the conversion work at his own home but would need to obtain supplies periodically during the work as the need arises.

---

[2] Upon more careful review, counsel observed that the boilerplate language of the Court's release order could be read to mean that the Court defers to Pretrial Services to decide whether location monitoring is needed, requiring Mr. Cua to "submit to location monitoring as directed by the pretrial services office or supervising officer." ECF No. 25-1 at 3. To the extent the Court agrees with this reading, Mr. Cua requests that the Court clarify and confirm this reading with an order for the benefit of Pretrial Services.

10. While Officer Brewer does not oppose Mr. Cua doing such "supply runs," she requested that we seek clarification from the Court due to the general condition that Mr. Cua be under the supervision of a third-party custodian. The Court's prior order permitted Mr. Cua to drive himself to and from pre-approved work sites without being accompanied by his third-party custodian, but it does not directly address (nor did Mr. Cua request clarification for) whether he may make such supply runs without his custodian. Mr. Cua requests such clarification or modification now.

11. With respect to the second request, at this point in Mr. Cua's pretrial release, location monitoring is no longer necessary to assure his appearance at future court proceedings or the safety of the community. In its opposition to Mr. Cua's motion to pretrial release, the government stated: "The offenses committed by the defendant illuminate characteristics inconsistent with a person who could follow orders given by this Court, or indeed, any branch of government." ECF No. 12 at 21. Mr. Cua has squarely proven the government wrong. Thus, the Court should modify the release order to remove this condition.

12. To help understand Mr. Cua's current dedication to complying with the Court's ordered conditions, the Court should keep in mind that, until this case, Mr. Cua had never been arrested or spent any time in jail. After his arrest, he spent approximately 39 days in pretrial detention, the majority of which were spent in solitary confinement. After spending about three weeks detained in Georgia, Mr. Cua was transferred to the Grady County Jail in Chickasha, Oklahoma while awaiting transfer to Washington D.C., where he continued to wait more than two weeks. During his time in Oklahoma, Mr. Cua was assaulted and contracted COVID-19. After the Court ordered him to be released to his mother's custody, Mr. Cua's parents drove through the night from Georgia to Oklahoma to pick him up shortly after midnight on March 16,

turned around immediately, and drove him back home the same day. Put simply, this time in pretrial detention forever altered Mr. Cua.

13.     Upon release, Mr. Cua was subject to strict conditions under the supervision of Pretrial Services in the Northern District of Georgia, including (1) home detention; (2) that he submit to location monitoring; (3) that he be placed in the custody of a third-party custodian, his mother, Dr. Alise Cua; (4) that he surrender his passport and not obtain a passport; (5) that he stay out of Washington, DC, except for court, pretrial services business, or meetings with an attorney; (6) that his travel be restricted to Fulton County, Georgia; (7) that he not possess a firearm, destructive device, or other weapon; (8) that he not use alcohol or drugs; (9) that he submit to drug testing if required by Pretrial Services; and (10) that he not use any social media. *See* ECF No. 25-1 at 2.

14.     Since his release, this Court has modified those conditions several times at Mr. Cua's request to provide him greater freedom of movement, including a broader geographic area to move (with pre-approval from Pretrial Services) within the Northern District of Georgia and the ability to travel to and from work without being accompanied by his third-party custodian. These modifications have provided more opportunities for Mr. Cua to work, which he greatly appreciates.

15.     Since he was released on March 16, 2021, Mr. Cua has been a model defendant on pretrial release. He has had no violations, nor any allegations of violations. He has had the same supervising Pretrial Services officer, Officer Shannon Brewer, during his entire release period. She reports that he has done very well. In its release order, the Court noted how highly Mr. Cua ranks the virtue of liberty and instructed him that "can do well to honor [that virtue] by

fastidiously following the Court's orders." Mr. Cua took those words to heart and has done so to a T.

16. Mr. Cua has a stable living situation and the strong support of his family. He resides with his parents, both of whom are approved third-party custodians, along with his two siblings. He and his parents submit a proposed schedule to his Officer Brewer, each week for pre-approval of the coming week's travel outside the home. Officer Brewer reports to undersigned counsel that the family has been doing this consistently and accurately each week.

17. The Cuas have reported that the ankle monitor has malfunctioned several times in the past couple of months, including in the middle of the night, giving "false alarms" that Mr. Cua is not at home. This has also required Mr. Cua to make special trips to the Pretrial Services Office to have his device replaced—he has had his ankle monitor replaced three times. He and his parents also have been called several times, including in the middle of the night, reporting that Bruno is out without permission (which he has never been). Such false alarms and malfunctions are a substantial inconvenience and source of stress for the Cuas and Bruno and are a burden on them and the resources of Pretrial Services. In addition, Mr. Cua is paying a portion of the cost of the monitoring system, albeit proportionate to his income, while Pretrial Services covers the remaining cost.

18. If the Court were to grant the motion to remove the need for location monitoring, the remaining conditions of release are more than sufficient to reasonably assure Mr. Cua's appearance at future court proceedings and the safety of the community. Officer Brewer agrees and has informed undersigned counsel that Pretrial Services can adequately supervise him with respect to his other conditions without location monitoring. This includes supervising him through phone calls (including video chats), email, text messages, and home visits, as determined

in the discretion of Pretrial Services. Given the Cua family's compliance and faithfulness in timely submitting Mr. Cua's proposed travel schedule in advance each week, Officer Brewer's agreement is not surprising.

19.  Location monitoring is primarily a tool to guard against flight risk and to help ensure compliance with other release conditions. In this case, the government has never seriously asserted that Mr. Cua is a flight risk and his track record of compliance to date demonstrates that he will comply with other release conditions.

20.  In terms of safety of the community, Mr. Cua previously disavowed any beliefs he previously expressed with regard to challenging the legitimacy of the 2020 election, *see* ECF No. 25 at 13-14, and has not engaged in any political rhetoric, whether violent or not. Several other conditions of release also better guard against the possibility that Mr. Cua will engage in criminal activity, including prohibitions against possessing firearms or other dangerous weapons, visiting Washington D.C., except for certain limited purposes, and refraining from the use of social media. *See United States v. Brock*, No. 21-140 (JDB), ECF No. 30, 2021 WL 3616902, at *3 (D.D.C. Aug. 16, 2021) (citing similar conditions and a record of compliance for another defendant alleged to have engaged in criminal activity at the Capitol on January 6, 2021, and who made violent threats online prior to that date).

21.  As stated above, Officer Shannon Brewer, has informed undersigned counsel that she has no objection to either of the proposed modifications.

22.  Counsel has also emailed with Assistant United States Attorney Kimberly Paschall. As reviewed above, Ms. Paschall has stated that the government does not oppose the requested modification for Mr. Cua to be permitted to make supply runs in connection with his work but opposes the removal of location monitoring.

8

23. Mr. Cua has attached two proposed orders, one addressing the supply runs and one addressing location monitoring in case the Court determines to grant Mr. Cua's motion in part regarding supply runs before briefing is complete on the issue of location monitoring.

Wherefore, for the foregoing reasons, Mr. Cua respectfully requests that the Court enter the attached orders modifying the Order Setting Conditions of Release, as stated above, subject to the other conditions of release and supervision of Pretrial Services.

Respectfully submitted,

DATED:   November 2, 2021

*/s/ William E. Zapf*
Jonathan Jeffress (D.C. Bar No. 479074)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
jjeffress@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Bruno Joseph Cua*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of November, 2021, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice counsel of record.


Dated:  November 2, 2021                                        */s/ William E. Zapf*
                                                                    William E. Zapf