UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 21-cr-107 (RDM) |
| v. | : | |
| | : | |
| BRUNO JOSEPH CUA | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Bruno Cua's (the "Defendant") Motion to Modify Conditions of Release. ECF No. 77. The government does not oppose the first change requested to accommodate his work duties, but the government does oppose his removal from location monitoring by Pretrial services.

**FACTUAL BACKGROUND**

The Defendant is charged in a twelve-count Indictment for offenses committed at the U.S. Capitol Building on January 6, 2021. In short, the Defendant wielded a baton on the grounds of the U.S. Capitol, stormed past officers at the door of the Upper West Terrace, and took part in an aggressive confrontation with U.S. Capitol Police Officers, who stood as the last line of defense before the Senate chamber. The defendant then rushed into the Senate gallery, leading a crowd of rioters behind him, and ultimately opening the doors to the Senate chamber to a flood of additional rioters. The defendant ultimately made his way to the Senate dais, sitting where the Vice President of the United States had been minutes before. The Defendant had been advocating for violent protest weeks before January 6, 2021, posting on Parler and Instagram that this is an "open carry mission," rioters would "break down their doors and take our country back by force," and that

1

everyone should "show up ready to fight." ECF No. 12. After the events of January 6th, the defendant posted that "[e]veryone who works in congress is a traitor to the people and deserves a public execution." ECF No. 12.

## PROCEDURAL HISTORY

The Defendant was arrested on February 5, 2021 in his home state of Georgia pursuant to a Complaint and Arrest Warrant issued by Magistrate Judge Faruqui. The defendant was ordered detained after a two-day detention hearing in the Northern District of Georgia, in which Magistrate Judge Baverman determined the defendant was a danger to the community. ECF No. 6, at 8. The Defendant appealed the ruling, seeking his release. ECF No. 11. After briefing and a hearing on the motion, this Court granted the request, but not before noting the defendant's participation in this "singular and chilling event in U.S. history." ECF No. 25, at 7.

The Defendant has previously sought limited modification of his conditions of release, particularly to work or move around his parent's property. Aside from the complete removal of the Defendant's monitor, the government has not objected to those requests. Accordingly, the Court granted the Defendant's unopposed motions. ECF No. 46, 54.

## ARGUMENT

A person may file a motion for amendment of conditions of release to the Court having jurisdiction over the offense where the release conditions were set by a Magistrate Judge. *See* 18 U.S.C. § 3145(a)(2). Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See e.g. United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)).

The government has no doubt that, in addition to the general inconvenience (and even

embarrassment) of GPS monitoring, the Defendant's life is affected. Nonetheless, there is no new development in the Defendant's situation that would affect this Court's assessment of the "least restrictive" conditions of release that "will reasonably assure … the safety of any other person and the community. *See Henry*, 314 F. Supp. 3d at 133 (quoting 18 U.S.C. § 3142(c)). The circumstances proffered by the Defendant do not provide this Court with any assurances that the Defendant no longer poses a danger to the community.

Furthermore, the Defendant's "compliance - even model compliance - with the Court's requirements is not enough to warrant adjustment of [the defendant's] pretrial release conditions." *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018). The fact that the Defendant has no criminal history and has clear ties to his community supports his argument that he is not such a significant flight risk such that he should be detained pending trial, but does not address the efficacy of the GPS monitoring in its mitigation of the Defendant's danger to the community. Continued GPS monitoring allows the PSA to assess compliance with important conditions of release, such as remaining within the Northern District of Georgia and staying out of the District of Columbia.

The government has continuing concerns, as previously argued in its opposition to the defendant's appeal of the order of detention (ECF No. 12), regarding the safety of the community. Releasing the Defendant to mere personal recognizance belies the plain fact that he unlawfully entered the U.S. Capitol to disrupt the process designed to effectuate the peaceful transition of power, engaged in obstructive acts against law enforcement while inside the Capitol, and celebrated these crimes throughout the day. That the Defendant has heightened conditions of release based on that conduct is entirely appropriate.

In sum, the Defendant has not raised any novel issue that merits any meaningful change of

his release conditions, conditions that are certainly reasonable in light of his conduct and his risk of danger to the community. For that reason and for the reasons listed herein, the government respectfully requests the Court deny the Defendant's motion.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar No. 481052

    BY: \_\_\_/s/_____
    KIMBERLY L. PASCHALL
    Assistant United States Attorney
    Federal Major Crimes Section
    D.C. Bar No. 1015665
    555 4th Street, N.W.,
    Washington, D.C. 20530
    202-252-2650
    Kimberly.paschall@usdoj.gov