UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | **Criminal Action No. 21-00107 (RDM)** |

## CONSENT MOTION FOR PERMISSION TO TRAVEL

Defendant Bruno Joseph Cua, by and through his attorneys, pursuant to Federal Rule of Criminal Procedure 46 and 18 U.S.C. § 3142(c)(3), respectfully requests that this Court enter an order permitting Mr. Cua to travel with his family to Ohio to attend his cousin's wedding, which will take place on May 21, 2022. Mr. Cua requests that the permitted travel period encompass May 19 through 22, 2022. If this request is granted, Mr. Cua would obtain advance approval from Pretrial Services for the specific itinerary. This requested modification is explained in further detail below.

Undersigned counsel has contacted Mr. Cua's supervising Pretrial Services officer, Officer Shannon Brewer, who has stated that she has no objection to the request. Assistant United States Attorney Kimberly Paschall has stated that the government also does not oppose Mr. Cua's request.

In support of this motion, Mr. Cua states as follows:

1.  On March 10, 2021, the Court entered a Memorandum Opinion and Order granting Mr. Cua's motion for pretrial release, ordering that he be released on March 16, 2021, subject to conditions. *See* ECF No. 25 at 16. The Memorandum Opinion and Order attached an Order Setting Conditions of Release. *Id*. at Attachment A. Among other conditions, the Order

Setting Conditions of Release placed Mr. Cua in the custody of his mother, Dr. Alise Cua, as third-party custodian and restricted him to home detention, except for employment and certain other activities approved in advance by the pretrial services office or supervising officer. *Id.* (conditions 6 and 7(p)(ii). The Order also subjected Mr. Cua to location monitoring.

2. On April 12, 2021, the Court granted in part and denied in part a motion by Mr. Cua to clarify his conditions of release with respect to employment outside the family property. *See* ECF No. 35. The Court denied as moot Mr. Cua's request to confirm that that he is permitted to leave his home's property for employment purposes, subject to his other conditions of release, noting that the existing order already permitted such employment. *Id.* at 1, 2. The Court granted Mr. Cua's request that his third-party custodian Dr. Cua not be required to remain with Mr. Cua during his work outside the property. *Id.* at 2.

3. On June 2, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release in three ways: (1) to permit him to travel to and within neighboring Cherokee County, Georgia; (2) to permit him to travel to and from the property owned by the Cua family in Jasper County, Georgia; and (3) to permit him to go to and be inside the outbuilding on his home's property referred to as the "workshop" or "barn" without direct supervision of his third-party custodian. *See* ECF No. 46.

4. On July 9, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release in two ways: (1) to permit him to drive himself to and from work sites for employment that has been pre-approved by Pretrial Services without being accompanied by his third-party custodian; and (2) subject to advance approval by the Pretrial Services Office and his other conditions of release, permitting Mr. Cua's father, Joseph Cua, to serve as an alternate third-party custodian, provided that he completes, signs, and submits to the Court a declaration from

himself in the form of Attachment B to the Court's March 10, 2021 Order on the Monday following any such period. *See* ECF No. 54.

5. On August 23, 2021, the Court granted a motion by Mr. Cua to modify his conditions of release to travel within the geographic bounds of the Northern District of Georgia, subject to the other conditions of his release and with pre-approval from Pretrial Services. *See* Aug. 23, 2021 Minute Entry.

6. On November 23, 2021, the Court granted in part and denied in part a motion by Mr. Cua to modify his conditions of release in two ways. The Court granted permission for Mr. Cua to travel to and obtain materials and supplies for his work without being accompanied by his third-party custodian. The Court denied a request that the Court remove the requirement that he submit to location monitoring. *See* Nov. 23, 2021 Minute Order.

7. On February 7, 2022, Mr. Cua filed a sealed consent motion to modify conditions of release to permit him to travel to a property of the family without the need to be accompanied by his third-party custodian. *See* ECF No. 117 (sealed motion for leave to file document under seal attaching the motion to modify conditions of release). On February 11, 2022, the Court granted the motion.

8. On February 14, 2022, Mr. Cua filed a sealed consent motion for permission for Mr. Cua to travel out of state for the funeral of a family member. *See* ECF No. 119 (sealed motion for leave to file document under seal attaching the motion to modify conditions of release). The Court granted the motion in a sealed minute order.

9. Mr. Cua has now been on pretrial release for more than thirteen months (since March 16, 2021). He has been in perfect compliance with his conditions of release that entire time. Dr. Alise Cua and/or his father Joseph Cua have submitted a declaration every week as Mr.

Cua's third-party custodians, certifying that Mr. Cua has complied with his conditions of release. Mr. Cua is also working regularly off of his family's property, and each employer has submitted a declaration of Mr. Cua's compliance with his conditions of release during his employment with each of them.

10. Under current orders, Mr. Cua's movement is limited to the Northern District of Georgia and to his family's property in Jasper County, Georgia. Mr. Cua respectfully requests special permission to travel with his family to Ohio to attend the wedding of his first cousin on May 21, 2022. This is an important family event. The family plans to travel together. Given that Mr. Cua is under a third-party custodianship of his parents, permitting Mr. Cua to attend the wedding will also allow him to travel with his custodians. If the motion is denied, Mr. Cua and one of his parents would be forced to miss the wedding and the other parent would need to travel alone with the family's two other children. If this request is granted, Mr. Cua would obtain advance approval from Pretrial Services for the final itinerary.

11. Mr. Cua has now accumulated a long track record of compliance with his conditions of release. With the Court's permission, Mr. Cua traveled out of state in February for the family member's funeral and returned to Georgia without any issues.[1]

12. Counsel has discussed this proposed travel with Mr. Cua's Pretrial Services officer, Officer Brewer, who stated that she does not oppose the request and will coordinate the final itinerary with the Cuas.

---

[1] To give the Court a full picture, Mr. Cua wants to apprise the Court that he plans to file a renewed motion to remove his ankle monitor in the near future. He previously requested removal on November 3, 2021, ECF No. 77, which the Court denied in a minute order on November 23, 2021. Mr. Cua understands that Pretrial Services in the Northern District of Georgia has sent a request recommending removal of the monitor to Pretrial Services in Washington, D.C. Mr. Cua does not have a copy of the request but understands it can be provided to the Court.

13. Counsel has also communicated with Assistant United States Attorney Kimberly Paschall, who has stated that the government does not oppose the request to travel.

Wherefore, for the foregoing reasons, Mr. Cua respectfully requests that the Court enter the attached order granting special permission for Mr. Cua to travel with his family to Ohio to attend his cousin's wedding.

                                                      Respectfully submitted,

DATED:  April 19, 2022                                      */s/ William E. Zapf*
                                                                  Jonathan Jeffress (D.C. Bar No. 479074)
                                                                  William E. Zapf (D.C. Bar No. 987213)
                                                                  KaiserDillon PLLC
                                                                  1099 14th Street NW
                                                                  8th Floor West
                                                                  Washington, DC 20005
                                                                  T: (202) 640-2850
                                                                  F: (202) 280-1034
                                                                  jjeffress@kaiserdillon.com
                                                                  wzapf@kaiserdillon.com

                                                                  *Attorneys for Bruno Joseph Cua*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of April, 2022, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice counsel of record.

Dated:  April 19, 2022                                         */s/ William E. Zapf*
                                                                             William E. Zapf