UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 21-CR- 107 (RDM) |
| | : |
| BRUNO JOSEPH CUA, | : |
| Defendant. | : |

**JOINT STATUS REPORT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant Bruno Joseph Cua, by and through his attorney, William Zapf, now submit this joint status report, requested by the Court by its Minute Order on May 16, 2022.

1. In the last status report, the government discussed the state of both global discovery and case-specific discovery in this matter. At this juncture, over 229,000 files—including 159 digitally recorded interviews, 214 searched digital devices and 21 Stored Communications Act accounts—have been disclosed to the defense in global discovery.

2. In the last status report, the government reported that it expected to make additional global productions of discovery materials, which it expected would include, *inter alia*, the scoped results of search warrants conducted on other Capitol Siege defendant's electronic devices and social media accounts, recorded custodial interviews of Capitol Siege defendants, and additional materials in the custody and control of the FBI that

may be relevant to Mr. Cua. As additional global discovery is made available, the government will make specific reference to discovery relevant to Mr. Cua, as applicable.

3. In the last status report, the parties reported that the government is willing to continue discussions regarding disposition of this matter, though the plea offer previously extended was rejected on the record on October 26, 2021, prior to the filing of motions in this case. The parties have now re-engaged in discussions regarding disposition of the case and will continue to work to determine if this case can be resolved short of trial. No agreement has been reached thus far, however, and a plea does not appear imminent.

4. Therefore, the government is now asking for a trial date in this matter. Due to government counsel's trial schedule, and the intention of the parties to continue plea discussions, the government is requesting a date in early 2023. The government does not oppose the defense request below with respect to the date being set in February 2023 or later.

5. The defense states that Mr. Cua is willing and will continue plea discussions with the government and is not requesting a trial date at this time and believes that further progress could be made with a short continuance before setting in trial. If the Court decides to set a trial date, Mr. Cua asks that it be set to begin no earlier than February 2023 to provide sufficient time to exhaust plea negotiations and in view of counsel's schedule.

The parties are in agreement that, due to outstanding discovery and ongoing plea negotiations, the ends of justice would be served by exclusion of time under The Speedy Trial

Act until the next status report or hearing within the next 30 days. Mr. Cua waives his rights under the Speedy Trial Act and agrees to the exclusion of time for this period of time.

Date: June 15, 2022

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar No. 481052

    BY:      /s/
    KIMBERLY L. PASCHALL
    Assistant United States Attorney
    Capitol Siege Section
    D.C. Bar No. 1015665
    601 D Street, N.W.,
    Washington, D.C. 20530
    202-252-2650
    Kimberly.Paschall@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2022, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice counsel of record.

Dated:   June 15, 2022                    */s/ Kimberly L. Paschall*
                                          Kimberly L. Paschall
                                          Assistant United States Attorney