IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 21-CR-00107-RDM |
| v. | |
| BRUNO JOSEPH CUA, | Honorable Randolph D. Moss |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS COUNT TWO OF THE SECOND SUPERSEDING INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that this Court should deny Defendant Cua's motion, Dkt. Entry 231, seeking dismissal of Count Two of the Second Superseding Indictment.

Count Two charges the defendant with Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). The defendant argues that Count Two of Second Superseding Indictment violates the *Ex Post Facto* clause of the Fifth Amendment of the U.S. Constitution, because the prosecution would, in his view, involve a "novel construction" of the statute. Dkt. Entry 231 at 2. The defendant's contentions lack merit and should be denied.

**NOTICE OF PRIOR MOTIONS**

On December 7, 2021, the defendant filed a motion to adopt, conform, and supplement motions and briefs to dismiss counts alleging violation of 18 U.S.C. § 1512(c)(2) as applicable to Count Two of the second superseding indictment. Dkt. Entry 94. On December 15, 2021, the Government filed its opposition to the defendant's dismissal motion. Dkt. Entry 98. On December 29, 2021, the defendant filed a rep

## BACKGROUND

The government incorporates by reference the factual background set out in its Response in Opposition to Defendant's Motion to Dismiss Count One of the Second Superseding Indictment. Dkt. Entry 235.

Based on his actions, the grand jury returned a twelve-count Second Superseding Indictment on December 1, 2021, charging Cua with: Count One, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Count Two, Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2; Count Three, Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)( 1); Count Four, Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) Section 1752(a)(1) and (b)(1)(A); Count Five, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Count Six, Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Count Seven, Entering and Remaining on the Floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A); Count Eight, Entering and Remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B); Count Nine, Entering and Remaining in Certain Rooms in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C); Count Ten, Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Count Eleven, Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § Section 5104(e)(2)(F); and Count Twelve, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Dkt. Entry 90.

Cua was arraigned on the Second Superseding Indictment on December 6, 2021. On December 5, 2022, Cua filed a Motion to Dismiss Count Two of the of the Second Superseding Indictment. Dkt. Entry 231. A trial is scheduled to commence on February 13, 2023.

## LEGAL STANDARD

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the Government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal

3

cases have no mechanism equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *Yakou*, 428 F.2d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-cr-40-BAH at *5, 2020 WL 6342940 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence). Accordingly, dismissal of a charge does not depend on forecasts of what the Government can prove. Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense. *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.

Thus, when ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *United States v. Bingert*, 21-cr-93 (RCL) (Dkt. Entry 67:5) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, 2022 WL 1302880 at *2 (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence); *United States v. Puma*, No. 21-cr-454 (PLF), 2020 WL 823079 at *4 (D.D.C. Mar. 19, 2022) (quoting *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009)).

## ARGUMENT

The defendant contends that charging him under § 1512(c)(2) violates the *Ex Post Facto* clause of the Fifth Amendment of the U.S. Constitution, because the prosecution would, in his

4

view, involve a "novel construction" of the statute. Dkt. Entry 231 at 2-3. This argument proceeds from his claim that the statute does not prohibit the interference with official proceedings that "do not hear evidence or find facts." *Id.* at 3. This argument fails.

The prior judicial decisions to address this issue uniformly rejected the view that the defendant urges here. *See, e.g., Mostofsky*, 2021 WL 6049891, at *11 ("The Court has already rejected the notion that this is such a novel interpretation, and it cannot say that applying it to his conduct is so 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue'" (citing *Bouie v. City of Columbia*, 378 U.S. 347 (1964)); *Nordean*, 2021 WL 6134595, at *12 ("Section 1512(c)(2)'s application to the allegations in the First Superseding Indictment is 'fairly disclosed' by the text (citation omitted). Thus, the Due Process Clause does not require dismissal.")

Those decisions properly applied the relevant law. "The *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (citing cases). "Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Id*. at 28-29 (citing cases). "The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation." *Id*. at 29 (citing cases).

So construed, the "*Ex Post Facto Clause* is a limitation upon the powers of the Legislature and does not of its own force apply to the Judicial Branch of government." *Marks v. United States*, 430 U.S. 188, 191 (1977) (citation omitted). Nevertheless, "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial

decision has fairly disclosed to be within its scope." *Lanier*, 520 at 266. *See United States v. Bailey*, 259 F.3d 1216, 1219 (10th Cir. 2001) ("because he challenges judicial interpretations of a statute rather than the statute itself, Bailey raises a due process argument rather than one based directly on the *Ex Post Facto* Clause").

But a judicial interpretation of a criminal statute violates due process only if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964); s*ee also Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998) ("The test for determining whether the retroactive application of a judicial decision violates due process is essentially one of foreseeability."). A ruling would violate due process, for instance, if it both disadvantaged the defendant and conflicted with prior judicial announcements on the same subject. *See Williams v. Filson*, 908 F.3d 546, 577 (9th Cir. 2018) (no *ex post facto* violation where "Williams has identified no pre-*Cavanaugh* authority from Nevada courts that is inconsistent with the rule *Cavanaugh* adopted, and we have found none"; "[w]e cannot say that the Nevada Supreme Court's interpretation of § 200.033(5) constitutes an "unexpected and indefensible" break with prior Nevada law"); *Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018) (no *ex post facto* violation where the "state court's extension of [its prior decisions] to the materially similar facts here was not an 'unexpected and indefensible' departure from established Wisconsin law, but rather within the permissible scope of 'incremental and reasoned development of precedent that is the foundation of the common law system'); *Bailey*, 259 F.3d at 1219 ("we reject [the due process] argument both because [defendant] cites no authority from this or any other court interpreting § 3583 in the manner he seeks and because interpreting § 3583(e)(3) and Rule 32.1(a)(2) to allow post-term revocation hearings is clearly foreseeable").

The defendant cites not a single case holding that §§ 1512(c)(2) and 1515(a)(1)(B) prohibit the obstruction of only those proceedings before Congress that are adjudicatory. He cannot demonstrate that there would be a due process violation under these circumstances. Therefore, his motion should be denied.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that Defendant Cua's motion to dismiss Count Two of the Second Superseding Indictment should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
601 D Street, NW
Washington, DC 20530
(202) 803-1612
carolina.nevin@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney
IL Bar No. 6316768
601 D Street, NW
Washington, DC 20530
(202) 252-6778
kaitlin.klamann@usdoj.gov