IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRUNO JOSEPH CUA,<br><br>Defendant. | Case No.: 21-CR-00107-RDM<br><br>Honorable Randolph D. Moss |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 4, 5, AND 6 OF THE SECOND SUPERSEDING INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Response in Opposition to Defendant's Motion to Dismiss Counts Four, Five and Six of the Second Superseding Indictment. Dkt. Entry 232. As set out in greater detail below, defendant's motion to dismiss should be denied because: (1) Section 1752 does not require the government to prove that the restricted area was restricted at the Secret Service's direction; (2) Section 1752 is not unconstitutionally vague; and (3) the rule of lenity and the novel construction principle do not apply.

## BACKGROUND

The government incorporates by reference the factual background set out in its Response in Opposition to Defendant's Motion to Dismiss Count One of the Second Superseding Indictment. Dkt. Entry 235.

On December 1, 2021, the grand jury returned a Second Superseding Indictment charging defendant in 12 counts, including: civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count Two); assaulting, resisting or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1)) (Count Three); entering and remaining in a restricted building or grounds with

1

a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Four); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Five); engaging in physical violence in a restricted building or grounds, in violation of Title 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count Six); entering and remaining on the floor of Congress, in violation of 40 U.S.C. §5104(e)(2)(A) (Count Seven); entering and remaining in the gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B) (Count Eight); entering and remaining in certain rooms in the Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(C) (Count Nine); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Ten); act of physical violence in the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Eleven); and parading, demonstrating or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). Dkt. Entry 90.

On December 5, 2022, defendant filed a motion to dismiss Counts Four, Five, and Six of the Second Superseding Indictment which charge defendant with violations of 18 U.S.C. §§ 1752(a)(1), (2), and (4), respectively. Dkt. Entry 232. Each of the three counts also charges defendant with possessing a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(b)(1)(A). Defendant argues that these counts should be dismissed because: (1) only the U.S. Secret Service restricts areas under § 1752; and (2) the statute is unconstitutionally vague. For the reasons set forth below, the Court should deny defendant's motion.

## ARGUMENT

Defendant's arguments have been raised and rejected in numerous other cases arising from the January 6, 2021, attack on the U.S. Capitol. For the following reasons, the Court should deny defendant's motion here as well.

**I.      Section 1752 Does Not Require the Government to Prove that the Restricted Area was Restricted at the Secret Service's Direction.**

Defendant argues that Counts Four, Five, and Six should be dismissed for failure to state an offense because the U.S. Capitol Police, and not the Secret Service, designated the "restricted area" around the U.S. Capitol on January 6, 2021. Dkt. Entry 232. However, nothing in the express language of Section 1752 requires that the U.S. Secret Service designate the "restricted area," and defendant's attempt to read such a requirement as implied in the statutory language goes against the common sense reading of the text and its legislative history. *See e.g.*, *United States v. Griffin*, 549 F. Supp. 3d 49, 57 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 28 (D.D.C. 2021); *United States v. Nordean*, 579 F. Supp. 3d 28, 59 (D.D.C. 2021).

Section 1752 provides in relevant part:

(a) Whoever—

(1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so; [or]

(2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions;

(c) In this section—

(1) [T]he term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—

(B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting;

18 U.S.C. § 1752. Section 1752 also defines "restricted building or grounds" to include any posted, cordoned off, or otherwise restricted area "of the White House or its grounds, or the Vice President's official residence or its grounds" or "of a building or grounds so restricted in conjunction with an event designated as a special event of national significance." 18 U.S.C. §§ 1752(c)(1)(A), (C).

The language of Section 1752 contains no express requirement that the "restricted buildings or grounds" must be restricted by USSS for there to be a violation of Section 1752. Nonetheless, defendant argues that such a requirement is implicit in the statutory language, arguing that "the plain meaning of section 1752 unequivocally indicates that the USSS alone sets restricted areas [because] all three definitions of 'restricted building or grounds' in § 1752(c)(1) concern the authority and actions of the USSS and not any other federal agency." Dkt. Entry 232 at 11. However, because the plain language of the statute is clear and unambiguous, reading the implied requirement provided by Defendant is unwarranted. Even if one were to look beyond this plain language, the legislative history of Section 1752 also weighs against Defendants' interpretation.

First, there is no ambiguity in the text of Section 1752 as to the meaning of "restricted building or grounds." Namely, Section 1752 proscribes certain conduct in and around "any restricted building or grounds," *see* 18 U.S.C. § 1752(a), and it provides three definitions for the term "restricted buildings and grounds," *see* § 1752(c)(1), including "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting," § 1752(c)(1)(B). Through a cross-reference, Section 1752 makes clear—and defendants does not appear to dispute—that "person[s] protected by the Secret Service" include the Vice President. § 1752(c)(2); *see* § 3056(a)(1). The proscribed conduct within a "restricted building or grounds" includes, as relevant here, knowingly

4

and unlawfully entering or remaining, § 1752(a)(1), and knowingly and with intent to impede or disrupt government business, engaging in "disorderly or disruptive conduct" that "in fact, impedes or disrupts" "government business," § 1752(a)(2); and knowingly engaging in any act of physical violence against any person or property, § 1752(a)(4).

In short, Section 1752 "prohibits persons from knowingly entering without lawful authority to do so in any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting." *Wilson v. DNC Servs. Corp.*, 417 F. Supp. 3d 86, 98 (D.D.C. 2019), *aff'd*, 831 F. App'x 513 (D.C. Cir. 2020). Where, as here, the words of the statute are unambiguous, "the judicial inquiry is complete." *See Babb v. Wilkie*, 140 S. Ct. 1168, 1177 (2020) (internal quotation marks omitted). However, under defendant's interpretation of Section 1752, there is an additional, implied, requirement unstated in the statutory language that any restricted area must be designated by USSS. There is no such requirement, nor is there any credible rationale why one should be inferred.

And while looking beyond the plain language is unwarranted here, *see United States v. American Trucking Associations*, 310 U.S. 534, 543 (1940) (stating that looking beyond clear statutory text is appropriate where the results would be absurd or demonstrably at odds with clearly expressed Congressional intent), the legislative history of Section 1752 in fact affirms the plain reading of the text that defendant resists. As defendant acknowledges, when Section 1752 was first enacted in 1970, USSS was part of the Treasury Department, and this original version of the statute explicitly incorporated regulations promulgated by the Treasury Department governing restricted areas. *See United States v. Bursey*, 416 F.3d 301, 306-07 (4th Cir. 2005) (noting that definition of restricted area required interpreting Treasury regulations). Specifically, subsection (d) of Section 1752 gave authority to Treasury, which oversaw USSS, to "prescribe regulations governing ingress

5

or egress to such buildings and grounds and to posted, cordoned off, or otherwise restricted areas where the President is or will be temporarily visiting." Pub. L. 91-644, Title V, Sec. 18, 84 Stat. 1891-92 (Jan. 2, 1971). However, when Congress revised Section 1752 in 2006, it struck subsection (d) from the statute, eliminating the requirement that "restricted building or grounds" be necessarily defined or designated by USSS or any other particular law enforcement agency. Pub. L. 109-177, Title VI, Sec. 602, 120 Stat. 192 (Mar. 9, 2006). In 2012, Congress further reinforced this interpretation by adding the definitional subsection (c) cited above, which provides the current definition of "restricted building or grounds." Pub. L 112-98, Title I, Sec. 2, 126 Stat 263 (March 8, 2012). Contrary to defendant's reading, the legislative history shows that Congress deliberately excised any requirement that a restricted area depend on any definition or determination by USSS.

Both the plain language and legislative history of Section 1752 show that there is no requirement, express or implied, that an area be restricted by a particular law enforcement agency, as courts in this district have unanimously held. *United States v. Grider*, --- F.Supp.3d ---, 2022 WL 3016775, at *7 (D.D.C. July 29, 2022) (collecting cases) (internal quotations omitted) ("[N]othing in the statutory text requires the Secret Service to be the entity to restrict or cordon off a particular area, nor does Grider point to any provision in the statute in support of such a proposition."); *United States v. Bingert*, --- F.Supp.3d ---, 2022 WL 1659163, at *14 (D.D.C. May 25, 2022) ("[D]efendants fashion a bizarre requirement, seemingly out of thin air: that only the Secret Service can designate an area as restricted [for the purposes of 18 U.S.C. § 1752]."). Defendant's contention that Counts Four, Five, and Six are defective for this reason should be likewise rejected.

**II.      Section 1752 is Not Unconstitutionally Vague.**

Defendant also argues that the straightforward interpretation described above is unconstitutionally vague. A statue is vague where it (1) fails to give ordinary people fair notice of the conduct it punishes or (2) is so standardless that it invites arbitrary enforcement. *Johnson v. United States*, 576 U.S. 591 (2015). Neither applies to Section 1752. As set out above, Section 1752 prohibits the defendant from knowingly engaging in certain conduct in "any posted, cordoned off, or otherwise restricted area, of … grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(a), (c)(1)(B). On January 6, 2021, the area on the Capitol grounds was cordoned off by metal bike rack barricades, plastic snow fencing, signed as restricted, and a row of USCP officers was physically posted at various locations, so the defendant was on notice that the area on the west front of the Capitol was restricted. Therefore, he had fair notice that his entry into the west front of the Capitol was unlawful. Additionally, there is no evidence that the law is being arbitrarily enforced. As Judge McFadden held in *United States v. Griffin*, "[1752] does not invite arbitrary enforcement by criminalizing common activities or giving law enforcement undue discretion." 549 F. Supp. 3d 49, 57 (D.D.C. 2021). Defendant claims that "hundreds or perhaps thousands of other protestors 'entered' the same 'restricted area'" and that "many … people have not been charged under § 1752 like him." Dkt. Entry 232 at 14-15. However, the government has charged hundreds of people with violating § 1752 for entering the grounds and the Capitol building. Therefore, Section 1752 is not unconstitutionally vague.

### III.   The Rules of Lenity and the Novel Construction Principle Do Not Apply.

As every other court to address this issue has concluded, the language of Section 1752(a) is unambiguous.  Therefore, the Court need not resort to the rules of lenity and the novel construction principle. As Judge McFadden explained last year when rejecting nearly identical

7

arguments that the rules of lenity and constitutional avoidance should apply as a result of Section 1752's purported ambiguity,

> [Defendant] invokes the doctrine of lenity and the "novel construction principle." Neither applies. Lenity is "a sort of junior version of the vagueness doctrine." It comes into frame only when a court has exhausted all canons of statutory construction and is left with only a coin flip to resolve "grievous ambiguity."
>
> As the Court has explained, Section 1752 is capacious, not ambiguous. [Defendant's] "ability to articulat[e] a narrower construction" of the statute does not trigger lenity. Nor has there been an "unforeseen judicial enlargement" of a longstanding criminal statute so that it operates like an ex post facto law. [Defendant] has allegedly violated a rarely charged statute, but that does not mean the *construction* of the statute unfairly blindsided him. There was no prevailing practice of courts foregoing or rejecting the interpretation that the Government now advances.

*United States v. Griffin*, 549 F. Supp. 3d 49, 57-58 (citations omitted).

The Judges of this District have rejected attempts to cast Section 1752 as "ambiguous." "Section 1752 'is clear[,] gives fair notice of the conduct it punishes, and [does not] invite arbitrary enforcement.'" *United States v. Bozell*, No. 21-CR-216 (JDB), 2022 WL 474144, at *9 (D.D.C. Feb. 16, 2022) (citing *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *19 (D.D.C. Dec. 28, 2021)); *Griffin*, 549 F. Supp. 3d at 57 ("this law is no trap awaiting the unwary.")).

"Likewise, prosecution [of the defendant] under § 1752 does not unexpectedly broaden the statute." *Id.* "The government alleges that Capitol Police and barricades were present and visible outside the Capitol Building, yet [defendant] forced his way in regardless. Those charges, if proven would clearly constitutes violations of § 1752 under the statute's plain text. Hence, the § 1752 charges … may proceed to trial." *Id.* (citations omitted).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that defendant's Motion to Dismiss Counts Four, Five, and Six be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov

CAROLINA NEVIN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
NY Bar No. 5226121
(202) 803-1612
Carolina.Nevin@usdoj.gov