# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | Criminal Action No. 21-00107 (RDM)<br><br>Honorable Randolph D. Moss<br><br>Trial: February 13, 2023 |

### BRUNO CUA'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT TWO OF THE SECOND SUPERSEDING INDICTMENT

Defendant Bruno Cua, through his counsel, files this reply brief in support of his motion to dismiss Count Two of the Second Superseding Indictment ("SSI") for violation of 18 U.S.C. § 1512(c)(2).

The government implicitly acknowledges that, before January 6, 2021, no person had ever been charged under section 1512(c)(2) on its obstruction theory. That means that applying it retroactively to Mr. Cu is a due process violation under the novel construction principle. *See Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964); *United States v. Lanier*, 520 U.S. 259, 266 (1997) (*Bouie* is still good law). The government responds that *Bouie* does not apply here because "[t]he defendant cites not a single case holding that §§ 1512(c)(2) and 1515(a)(1)(B) prohibit the obstruction of only those proceedings before Congress that are adjudicatory." ECF No. 236 at 7. The government has it backwards. *Bouie* addresses a fair-notice issue. As such, the due process question is whether *the government* cites "a single case," decided before Mr. Cua's acts, that supports its interpretation. *Bouie*, 378 U.S. at 256 ("The interpretation given the statute by" the government … "has not the slightest support in prior South Carolina decisions."). The government concedes it cannot cite such a case.

While the government may attempt to justify its position by arguing that the events at the Capitol on January 6, 2021, were unprecedented, that is not the issue. The issue is whether the novel obstruction *standard* offered by the government *was satisfied* by others' acts prior to Mr. Cua's but *not charged*. The fact remains that the government's proffered standard of criminality encompasses countless acts of nonviolent protests at the Capitol that did not draw charges under section 1512(c)(2) but *could have*, according to the government's position.[1] The government does not attempt to account for any of them because it cannot.

For all the foregoing reasons, and the reasons stated in Mr. Cua's previously submitted papers on his motion to dismiss Count Two, Mr. Cua respectfully requests that the Court dismiss Count Two of the Second Superseding Indictment.

                                              Respectfully submitted,

DATED: January 4, 2023

*/s/ William E. Zapf*
Jonathan Jeffress (D.C. Bar No. 479074)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
jjeffress@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Bruno Joseph Cua*

---

[1] One example among many is the protesters who "took control" of the Senate Judiciary Committee Chairman's office during an "official proceeding" concerning a Supreme Court nominee, chanting, "The system is corrupt, and that's why we disrupt." Kavanaugh protestors take over Sen. Grassley's office, Wash. Post, Sept. 6, 2018, available at https://www.washingtonpost.com/video/politics/kavanaugh-protesters-take-over-sen-grassleys-office/2018/09/06/9732de44-b1ef-11e8-8b53-50116768e499_video.html.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2023, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system and served a copy of it by electronic mail on counsel for the United States, Assistant United States Attorneys Kaitlin Klamann, Carolina Nevin, and Kimberly Paschall.

Dated: January 4, 2023                                         */s/ William E. Zapf*
                                                                William E. Zapf