UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRUNO JOSEPH CUA | Criminal Action No. 21-00107 (RDM) |

### DEFENDANT BRUNO CUA'S MOTION *IN LIMINE*

Bruno Joseph Cua, through undersigned counsel, hereby moves *in limine* pursuant to Federal Rules of Evidence 401, 403, and 404 to restrict and limit the presentation of evidence regarding statements Mr. Cua allegedly made in the time period surrounding January 6, 2021, including statements made on social media.

### INTRODUCTION

Mr. Cua is scheduled to be tried for *actions* he allegedly took on January 6, 2021, that the government believes broke the law. From the start of this case, however, the government has focused extensively on *statements* purportedly made by 18-year-old Mr. Cua on social media, rather than those actions. For example, the first three pages of the government's opposition to Mr. Cua's emergency motion for pre-trial release is made up entirely of quotations of things that Mr. Cua allegedly *said* on social media, rather than what he allegedly *did* in violation of the law that supposedly made him too dangerous to be released from custody. *See* ECF No. 12 at 1-3. Similarly, when Mr. Cua filed a motion to remove his GPS location monitor, the government again focused on statements Mr. Cua allegedly made on social media to try to convince the Court that he was dangerous—despite having been on pretrial release for eight months with no violations. *See* ECF No. 83 at 1-2.

Many of the statements the government has focused on do not relate in any way to the events at the Capitol on January 6, 2021. For example, the first four quotes included in the government's opposition to Mr. Cua's motion for pre-trial release, going back as early as December 11, 2020, do not reference January 6 or even the election. ECF No. 12 at 1-2. The government even included a post allegedly made by Mr. Cua's mother regarding Ivanka Trump "pointing to [her] son's worlds biggest TRUMP flag!"—a reference to the large Trump flag that Mr. Cua flew from the bed of his pick-up truck on a self-engineered flag pole and displayed at political rallies in the months before January 6, an indisputably *constitutionally protected statement* that was not even made by the defendant himself and which had absolutely nothing to do with any alleged criminal actions by Mr. Cua on January 6.

Based on this trend, it seems clear to the defense that the government intends to prove its case, at least in part, based on Mr. Cua's speech, rather than his actions, including irrelevant and protected speech unrelated to his actions on January 6, 2021. And although Mr. Cua recognizes that he has requested to proceed with a bench trial, rather than be tried by a jury, he is nevertheless concerned that his trial could devolve into a trial about what he has said or his political beliefs instead of what he allegedly did that meets the actual elements of the charges against him.

**ARGUMENT**

The Court should restrict or limit the government's presentation of evidence regarding Mr. Cua's alleged statements in two ways: (1) it should preclude admission of evidence of statements that do not directly tie to the congressional proceedings on January 6, 2021, i.e., the certification of the Electoral College results; and (2) it should limit the number and extent of statements the government may seek to admit, even if such statements can be tied directly to the

January 6 congressional proceedings. The first category is irrelevant under Rule 401. For the second category, the probative value of such statements is substantially outweighed by the dangers of undue delay, waste of time, and needless presentation of cumulative evidence. Fed. R. Evid. 403.

As to the first category, to the extent that Mr. Cua's statements on social media may be relevant to the charges against him, they are only so to the extent that they relate directly to the congressional proceedings concerning certification of the Electoral College results on January 6, 2021. Based on the alleged statements that the government has focused on in pretrial proceedings, Mr. Cua believes that the government may attempt to introduce statements that do not tie to the January 6 congressional proceedings and, for example, merely express distrust or dislike of the government and/or politicians or discuss violence not tied to the proceedings on January 6, 2021. Neither of those categories, nor any other statements not tied to the congressional proceedings on January 6, 2021, can be relevant to Mr. Cua's alleged criminal actions on that day. Instead, such evidence would amount to inadmissible propensity evidence that attempting to show that Mr. Cua acted in accordance with certain character traits on January 6, 2021. *See* Fed. R. Evid. 404(a)(1).

Even statements that may appear to be relevant on their face under Rule 401 are, at best, only tangentially so. As Dr. Daniel Murrie has reviewed in his report, Mr. Cua engaged in a strategy of posting provocative and outlandish rhetoric on social media to get "views" and "likes" for his posted content in order to build his following on social media. ECF No. 85, Ex. 1 at 12. This strategy included taking quotes he heard at rallies and posts others made on social media that Mr. Cua believed would attract the most attention and tracking the most popular "hashtags" to include in his post to gain even more views. *Id.* Indeed, as an illustration of this

"copy and paste" strategy, Mr. Cua was unable to explain to Dr. Murrie the factual basis for some of the historical references in his posts. *Id.* at 13. For example, when asked about his post about "the tree of liberty has to be watered from the blood of tyrants," he explained that "it looked cool, so I copied it" and was unable to tell Dr. Murrie the original speaker, the context, or the meaning. *Id.* Thus, many of the statements at issue are likely not even Mr. Cua's own words.

The marginal probative value of such statements is further elucidated in the context of Mr. Cua's true motive for traveling to Washington, D.C., for the events on January 6, 2021—to fly his enormous Trump flag from the bed of his truck at the large rally in order to garner a larger social media following. In preparation for the trip to Washington, Mr. Cua completed modifications of his flag and truck that he had been considering or pursuing since November 2020. *Id.* This motive of flying his flag is further illustrated by his attempt to park the large truck near the Capitol the day before the rally, on January 5, at the same location where Mr. Cua had parked at the rally in November 2020, only to be told that they would need to move the truck by 6 am the next morning. *Id.* at 13-14. The Cuas then returned on January 6 early in the morning and spent approximately two hours trying to find a place to park the truck so that the flag could be prominently displayed but failed and returned the truck to near Mr. Cua's relative's home.[1] *Id.*

The defense does not plan to contest the notion that Mr. Cua supported President Trump in the 2020 election and believed (at the time, and incorrectly) that the election was "stolen," but these views, which were held by a large swath of the American public, are—whether right or wrong—at the core of protected political speech. The Court should not permit the government to

---

[1] The fact that Mr. Cua's motive for coming to Washington, D.C., for the January 6 rally was to fly his flag and garner social media followers is further corroborated by the fact that he wore no protective gear, made no specific plans of violence in advance, did not wear a mask to obscure his identity, donned a bright red hat at all times during that that, and did not make plans to meet up with anyone in Washington, D.C., that day.

4

attempt to flood the trial with out-of-court statements protected by the First Amendment that have either no relevance or only tangential relevance and the probative value of which is substantially outweighed by the counterbalancing concerns of Rule 403.

## CONCLUSION

Accordingly, Mr. Cua respectfully requests that the Court issue an order in advance of trial that precludes the government from offering evidence at trial regarding statements allegedly made by Mr. Cua that are not tied directly to the congressional proceedings of January 6, 2021, and to limit the number of statements admitted that may relate to the January 6 congressional proceedings to avoid an outcome where the probative value of such statements, which is low to begin with, is substantially outweighed by the danger of undue delay, waste of time, and needless presentation of cumulative evidence.

Respectfully submitted,

DATED: January 9, 2023

*/s/ William E. Zapf*
Jonathan Jeffress (D.C. Bar No. 479074)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
jjeffress@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Bruno Joseph Cua*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2023, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice counsel of record.

Dated: January 9, 2023           /s/ William E. Zapf
                                 William E. Zapf