IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRUNO JOSEPH CUA | Case No.: 21-CR-00107-RDM<br><br>Honorable Randolph D. Moss |

GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE EXPERT TESTIMONY OF DR. DANIEL MURRIE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Reply in Support of its Motion to Exclude the Expert Testimony of Dr. Daniel Murrie. Defendant seeks to present expert testimony at trial regarding the impact of defendant's age and "crowd dynamics" on his mental state when he stormed the U.S. Capitol, assaulted a U.S. Capitol police officer, and broke into the Senate Chamber. The government respectfully requests that the Court bar this testimony because: (1) the Court is capable of assessing defendant's mental state without testimony from an expert; (2) the testimony is being offered to circumvent the rules prohibiting admission of hearsay; (3) the risk that the testimony will cause undue delay, waste time and needlessly present cumulative evidence substantially outweighs the evidence's low probative value; and (4) defendant's expert disclosure violated Rule 16 and is still incomplete as of this filing.

ARGUMENT

Inadmissible evidence does not become admissible simply because the Court and not a jury is the finder of fact. An expert's testimony on mental health evidence must be limited to "[the expert's] diagnoses, the facts upon which those diagnoses are based, and the characteristics of the mental diseases or defect the expert believes the defendant possessed during the relevant time period, staying clear of directly or indirectly opining on the [ultimate] issue of specific intent."

1

*United States v. Childress*, 58 F.3d 693, 728 (D.C. Cir. 1995). Dr. Murrie's report contains none of the items required by *Childress*: he does not diagnose defendant with a mental disease or defect, nor does he discuss the characteristics of such a diagnosis that defendant exhibited on January 6, 2021. Instead, Dr. Murrie's proposed testimony simply interprets the circumstances of defendant's offenses, a task well within the capabilities of this Court. Dr. Murrie's testimony is also likely to be used by the defense to circumvent the rules against hearsay and will cause undue delay, waste time and needlessly present cumulative evidence. Additionally, defendant's expert notice to the government is *still* deficient and that deficiency serves as an additional basis on which to preclude the expert testimony.

## I.     The Proposed Expert Testimony Will Not Aid the Court.

Dr. Murrie's testimony will not help the Court determine any issue of fact in this case. Federal Rule of Evidence 702 states that an expert witness may testify only if the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Per the Court's order on January 9, 2023, this case is now set as a bench trial. While the government maintains that Dr. Murrie's testimony is of low probative value regardless of the trier of fact, it is of even less help to a judge than it would be to a jury. The Court is capable of assessing a defendant's intent based on the evidence in the record without expert testimony.

That is especially true when, as here, defendant is not alleged to be suffering from a diagnosed mental disease or defect that may require specialized knowledge to understand. In fact, none of Dr. Murrie's opinions are based on the results of his forensic examination of the defendant. For example, Dr. Murrie's findings include the following:

> Clinically, Mr. Cua has no antisocial or psychopathic personality features, nor has he had any conduct problems as a juvenile. There is no evidence of a broader pattern of aggression.

> Furthermore, he has no delusions … or other symptoms of psychiatric illness that shaped his behavior. In short, Mr. Cua has no personality pathology or mental health problems that appear to have contributed to his behavior at the Capitol.

Dkt. Entry 85, Exhibit 1 at 17-18. In other words, Dr. Murrie's clinical assessment of defendant found that defendant has a normal mental status.

Thus, Dr. Murrie's opinions are not based on any specialized knowledge – i.e. the results of his forensic examination of defendant. Instead, his opinions that defendant was "developmentally immature" as a result of his age and was influenced by crowd dynamics on January 6 are based solely on the circumstances surrounding the offenses. *Id.* at 9. In this way, Dr. Murrie's "expert" opinion is based on the same evidence that will be presented to the Court during the trial, namely statements by witnesses, social media evidence and video of the events at the U.S. Capitol. Dr. Murrie is no more qualified to assess or interpret this evidence than is the Court. Under these circumstances, the defendant should be barred from presenting the testimony of Dr. Murrie because Dr. Murrie's testimony will not help the Court to understand the evidence or determine a fact at issue in this case.

**II.     The Expert Testimony is Being Offered to Circumvent the Rules Against Hearsay.**

Dr. Murrie's testimony should also be precluded to the extent its being used as a vehicle for inadmissible hearsay. An expert may rely upon hearsay statements in forming his opinions (Fed. R. Evid. 705), but "the underlying information" relied upon by the expert "is not admissible simply because the [expert's] opinion or inference is admitted." Fed. R. Evid. 703, Advisory Committee Notes, 2000 Amendments. Thus, "a party cannot call an expert as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Owens v. Republic of Sudan*, 864 F.3d 751, 789 (D.C. Cir. 2017) (reversed on other grounds) (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013)). *See also*

*Gilmore v. Palestinian Interim Self-Government Authority*, 843 F.3d 958, 972 (D.C. Cir. 2016) ("The expert must form his own opinions by applying his extensive experience and reliable methodology to the inadmissible materials. Otherwise, the expert is simply repeating hearsay evidence without applying any expertise whatsoever, a practice that allows the proponent to circumvent the rules prohibiting hearsay.") (internal quotations and citations omitted).

As discussed above, Dr. Murrie's opinions appear to be largely based on interviews of defendant and defendant's family members. *See* Dkt. Entry 249 ("[Dr. Murrie] conducted 5.5 hours of clinical interviews and thorough psychological testing of Mr. Cua. He performed collateral interviews of Mr. Cua's parents and others"). In fact, Dr. Murrie devotes 9 pages of his report to discussing statements by the defendant about his online presence, his behavior in the U.S. Capitol, and the circumstances of his arrest. Dkt. Entry 85, Exhibit 1 at 9-17. At the conclusion of this summary of defendant's statements, Dr. Murrie presents his finding that "the two factors that are most relevant to Mr. Cua's behavior are his *developmental immaturity* and the social forces of *crowd dynamics*." However, Dr. Murrie largely fails to explain how his methodology led him to these conclusions but instead merely makes general statements about these "phenomena." With respect to his conclusion that defendant was influenced by crowd dynamics, Dr. Murrie simply states that crowd dynamics "were also evident in Mr. Cua's descriptions of his own behavior." It is clear then that Dr. Murrie is at least partially (if not wholly) basing his findings on statements by defendant and possibly others, and these statements are therefore, likely to be part of his testimony at trial.

For these reasons, defendant's proposed expert testimony should be barred to the extent the defense attempts to introduce hearsay evidence – including defendant's statements regarding his experience in the U.S. Capitol – under the guise of expert testimony.

4

### III. The Testimony Will Cause Undue Delay, Waste Time and Needlessly Present Cumulative Evidence.

While jury confusion may no longer be a concern in the context of a bench trial, Dr. Murrie's testimony presents other risks identified in Rule 403, including: undue delay, wasting time, and needlessly presenting cumulative evidence. Fed. R. Evid. 403. As set out above, Dr. Murrie's testimony is unlikely to help this Court understand the evidence in this case or determine a fact in issue. Under these circumstances, the probative value of this testimony is extremely low. Yet, the time and resources that will be expended not only to hear Dr. Murrie's testimony, but to prepare for and potentially rebut it, will be significant. As set out above, Dr. Murrie's testimony also appears to be largely cumulative of other evidence that will be presented during the trial, including witness statements, court records, social media evidence and video depicting defendant's actions at the U.S. Capitol. Since these are the items upon which Dr. Murrie's testimony is based, it is likely that the parties will spend significant time reviewing them with Dr. Murrie during his testimony, despite the fact that the evidence will be admitted through, and testified to, by actual fact witnesses.

Under these circumstances, the risk that Dr. Murrie's testimony will cause undue delay, waste time and needlessly present cumulative evidence substantially outweigh the low probative value of his testimony and his testimony should be barred under Rule 403.

### IV. Defendant's Notice of Expert Testimony is Still Deficient.

If the Court permits testimony from Dr. Murrie, the defendant should be precluded from presenting any expert testimony that was not disclosed as of December 5, 2022. In his response filed on January 4, 2023, approximately six weeks from trial, defendant again asserts that he will "supplement" his disclosure in the future. Specifically, defendant stated, "the defense will supplement its expert disclosure as needed but does not anticipate that the subject and nature of

Dr. Murrie's testimony will change materially." Dkt. Entry 249 at 5. Defendant also failed to produce a list of Dr. Murrie's previous testimony until one month after the disclosure deadline. Timely disclosure of expert materials is a critical function of the updated Rule 16, which is designed to ensure that an opposing party has sufficient time to prepare for an expert's testimony prior to trial. Defendant's failure to adhere to this Court's timeline violates both the letter and the spirit of Rule 16, and defendant's expert should be precluded from testifying. At a bare minimum, defendant's expert should be barred from testifying on any subject or as to any evidence gathered after December 5, 2022, the Court's deadline for disclosure of expert materials.

## CONCLUSION

For all of these reasons, the Court should bar defendant's proposed expert, Dr. Murrie, from testifying at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov

CAROLINA NEVIN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
NY Bar No. 5226121
(202) 803-1612
Carolina.Nevin@usdoj.gov