**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 21-CR-00107-RDM** |
| **v.** | |
| **BRUNO JOSEPH CUA** | **Honorable Randolph D. Moss** |

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS COUNT THREE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Response in Opposition to Defendant's Motion to Dismiss Count Three. Defendant Bruno Cua's Motion to Dismiss (Dkt. Entry 258, Exhibit 1)[1] argues that Count Three of the Second Superseding Indictment should be dismissed for failure to state an offense. Defendant appears to argue that the Indictment must apprise defendant "that assault is a required element" of the offense despite the absence of any controlling precedent to that effect. Defendant's reading of Section 111(a) is wrong. However, even if it is not, the Second Superseding Indictment properly charges an assault under 111(a).

## FACTUAL BACKGROUND

The government incorporates by reference the factual background set out in its Response in Opposition to Defendant's Motion to Dismiss Count One of the Indictment. Dkt. Entry 235.

The government provides the following additional detail relating to Count Three of the Second Superseding Indictment:

---

[1] The government objects to the late filing of this dispositive motion approximately six weeks after the deadline set by the Court and only four weeks before trial begins. Defendant has been aware of the potential basis for his motion to dismiss for over a year. The Second Superseding Indictment containing the language to which defendant objects was filed on December 1, 2021. *See* Dkt. Entry 90. This issue has also been recently litigated in several other cases in this court, including *United States v. McCaughey et al.*, 21-cr-40-TEM, and *United States v. Daniel Egtvedt*, 21-cr-177-CRC.

After entering the U.S. Capitol through the Upper West Terrace Door, defendant made his way up to the third floor. He and multiple other rioters confronted two plain clothes U.S. Capitol Police officers (including G.L.) who were attempting to lock the door to the Senate Gallery. A member of the crowd called out words to the effect of, "don't you lock another door!" A rioter then grabbed the door and attempted to pull it open. Defendant observed this interaction and, after hearing the other rioter's cry, moved toward Officer G.L. at the door. Over the next several seconds, defendant and other rioters shoved G.L. and other officers in order to keep them from locking the door and in order to gain entrance into the Senate Gallery. Unable to withstand the assaults from the crowd, the officers retreated down the hall without securing the Senate Gallery. Defendant and other rioters quickly made their way inside the doors and, ultimately, onto the Senate floor.

In this way, the government's evidence at trial will show that defendant not only resisted, opposed, impeded, intimidated and interfered with Officer G.L., but also assaulted G.L. And all of these bases of the charge – including assault – are clearly included in Count Three of the Indictment. Moreover, defendant's conduct was forcible and involved physical contact. His actions also demonstrated an intent to commit another felony, because the motivation for his assault on Officer G.L., who was protecting the Senate chamber and attempting to lock the door to the gallery, was to obstruct law enforcement during the commission of a civil disorder (18 U.S.C. § 231(a)(3)) and to access that area so that he could obstruct Congress from certifying the Electoral College votes (18 U.S.C. § 1512(c)(2)).

## APPLICABLE LAW

When considering a motion to dismiss, the Court "is limited to reviewing the *face* of the indictment and more specifically, the *language* used to charge the crimes." *United States v. Sunia*,

643 F.Supp.2d 51, 60 (D.D.C. 2009) (internal citations and quotations omitted). "[T]he indictment must be viewed as a whole and the allegations must be accepted as true at this stage of the proceedings." *United States v. Bowdoin*, 770 F.Supp.2d 142, 145 (D.D.C. 2011). Federal Rule of Criminal Procedure 7 states that the Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ."

## **ARGUMENT**

Defendant claims that Count Three of the Second Superseding Indictment should be dismissed for failure to state a claim because the Second Superseding Indictment fails to put defendant on notice that "assault is a required element of an offense under section 111(a)." This argument fails for at least two reasons. First, defendant is wrong about the elements of 111(a) and no court in the D.C. Circuit has agreed with his reading. Second – and perhaps most important on a motion to dismiss the Second Superseding Indictment – even if defendant is correct in his reading of the law, the government clearly alleged that defendant assaulted officer G.L. in Count Three of the Second Superseding Indictment.

### A. **Section 111(a) Does Not Require the Government to Prove an Assault Occurred to Obtain a Conviction.**

Section 111(a) authorizes punishment for an individual who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [*i.e.*, a federal officer] while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). A misdemeanor penalty is authorized where the individual's act "constitute[s] only simple assault." *Id.* But where the individual's "acts involve physical contact with the victim of that assault or the intent to commit another felony," he faces a term of imprisonment of "not more than 8 years." *Id.* Finally, an individual who "uses a deadly or dangerous weapon … or inflicts bodily injury" "in the commission of any acts described in subsection (a)" faces a term of

imprisonment of "not more than 20 years."  18 U.S.C. § 111(b).  Section 111 thus "establishes three separate crimes," namely, a misdemeanor "simple assault," a felony violation that involves either physical contact or the intent to commit another felony, or an aggravated violation that involves either a dangerous weapon or results in the infliction of bodily injury.  *See United States v. Siler*, 734 F.3d 1290, 1296 (11th Cir. 2013).

Section 111 plainly identifies six categories of prohibited conduct, covering anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" with a federal officer engaged in official duties.  18 U.S.C. § 111(a)(1).  By using commas between the verbs and the disjunctive "or," Congress made clear its intention that each category of prohibited conduct should be separate and independent of the others.  *See Horne v. Flores*, 557 U.S. 433, 454 (2009).  And although all six acts require the defendant to act "forcibly," *see United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002), only one is "assault."  The other five prohibited acts involve behavior that threatens federal officers or obstructs their official activities but is not necessarily "assault."

Each of Section 111's three crimes points back to these six categories.  Section 111(a)'s simple-assault clause points back to "the acts in violation of this section"; both alternatives identified in Section 111(a)'s felony clause (physical contact or felonious intent) point back to "such acts"; and Section 111(b)'s "enhanced penalty" provision points back to "any acts described in subsection (a)."  18 U.S.C. § 111.  Because each clause references all six prohibited acts, each necessarily punishes that full range of obstructive conduct—not assaults alone.

Defendant's contrary contention that Section 111(a)'s felony clause punishes only assaults fails "to … give[] effect" to "every word" in the statute.  *United States v. Stands Alone*, 11 F.4th 532, 536 (7th Cir. 2021) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) ("[i]f possible, every word and every provision is to be

given effect")).  As noted, the felony clause "refers back to the original list of [six] violative acts against current or former officials." *United States v. Briley*, 770 F.3d 267, 273 (4th Cir. 2014).  If assault were an essential element of Section 111(a)'s felony clause, as defendant contends here, the "remaining five verbs [would be] superfluous." *Stands Alone*, 11 F.4th at 535; *see generally United Mine Workers of Am. 1974 Pension Plan v. Energy W. Mining Co.*, 39 F.4th 730, 738 (D.C. Cir. 2022) ("It is our duty to give effect, if possible, to every clause and word of a statute.") (citation omitted).

The D.C. Circuit's decision in *Arrington*, 309 F.3d 40, is instructive on Section 111(a)'s sweep.  The court explained that "a defendant does not violate the statute unless he *forcibly* assaults or *forcibly* resists or *forcibly* opposes, etc." *Id*. at 44.  *Arrington*'s emphasis on Section 111(a)'s disjunctive formulation supports the view that the statute punishes a broad range of conduct beyond assaults. Notably, defendant's motion does not even mention the D.C. Circuit's decision in *Arrington*.

Contrary to defendant's claim, the history and design of Section 111 confirm its application to non-assaultive conduct.  The statute's predecessor made it an offense to "forcibly resist, oppose, impede, intimidate, or interfere with any" designated federal official "while engaged in the performance of his official duties, or [to] assault him on account of the performance of his official duties."  Act of May 18, 1934, ch. 299, § 2, 48 Stat. 781 (18 U.S.C. 254 (1940)).  That provision, which contained the same six offense-conduct verbs as the current version, was designed to "insur[e] the integrity of law enforcement pursuits." *United States v. Feola*, 420 U.S. 671, 682 (1975).  As the Supreme Court recognized, the provision clearly "outlawed more than assaults." *Id*. at 682 n.17; *see Ladner v. United States*, 358 U.S. 169, 176 (1958) (explaining that the prior statute "ma[de] it unlawful not only to assault federal officers engaged on official duty but also

forcibly to resist, oppose, impede, intimidate or interfere with such officers," noting that "[c]learly one may resist, oppose, or impede the officers or interfere with the performance of their duties without placing them in personal danger").  In *Ladner v. United States*, for example, the Court stated that "the locking of the door of a building to prevent the entry of officers intending to arrest a person within would be an act of hindrance denounced by the statute."  358 U.S. at 176.  The Court noted that in 1948, Congress reordered the statute by placing the word "assaults" in front of the five other verbs.  Act of June 25, 1948, ch. 645, 62 Stat. 688 ("Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes"); *see Ladner*, 358 U.S. at 176 n.4.  That "change in wording," however, "was not intended to be a substantive one."  *Ladner*, 358 U.S. at 176 n.4 (discussing Reviser's Notes).  And courts therefore properly continued to uphold convictions for non-assaultive conduct under Section 111.  *See United States v. Johnson*, 462 F.2d 423, 425, 429 (3d Cir. 1972) (upholding conviction for "willfully resisting, opposing, impeding and interfering with federal officers," despite jury's conclusion that defendant did not commit "assault").

Before 1994, Section 111 had a two-tier punishment structure: It punished a defendant who forcibly committed actions described by any of the six verbs with up to three years of imprisonment; but where "any such acts" involved a deadly or dangerous weapon, the maximum sentence was ten years.  62 Stat. 688.  In 1994, Congress amended the penalty structure of Section 111 to its current tripartite structure by carving out less-severe forms of the offense into their own category.  It introduced the phrase "simple assault" to encompass misdemeanor violations, punishable by no more than a year in prison; "all other cases" would continue to be punishable by up to three years; and offenses involving a dangerous or deadly weapon would remain punishable by up to ten years, as would any act that "inflicts bodily injury."  Violent Crime Control and Law

Enforcement Act of 1994, Pub. L. No. 103-322, § 320101(a), 108 Stat. 2108; *see* Federal Judiciary Protection Act of 2002, Pub. L. No. 107-273, Div. C, Tit. I, § 11008(b), 116 Stat. 1818 (increasing second- and third-tier penalties).  In so doing, however, Congress gave no indication that it intended to cut back on the statute's substantive reach by eliminating non-assaultive conduct from the statute's scope.

Congress's subsequent amendment of the statute in 2008 specifically limited the second tier to cases involving physical contact or felonious intent by striking the phrase "in all other cases" from Section 111(a) and inserting "where such acts involve physical contact with the victim of that assault or the intent to commit another felony."  Court Security Improvement Act of 2007, Pub. L. No. 110-177, § 208(b), 121 Stat. 2538.  In doing so, Congress necessarily understood the language of the first-tier misdemeanor provision to encompass non-assaultive conduct—like resisting arrest—that does not involve physical contact or felonious intent.  Otherwise, such conduct would not be covered by the statute at all, "rip[ping] a big hole in the statutory scheme" and "leav[ing] those officials without protection for the carrying out of federal functions."  *Briley*, 770 F.3d at 274; *see United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010) ("The recent change in the statutory language … also supports the conclusion that § 111(a)(1) prohibits more than assault, simple or otherwise.").

Thus, for almost a century, Congress has protected federal officials in the performance of their duties by criminalizing six categories of forcibly obstructive conduct.  Although over time it has altered the punishment according to the severity of the defendant's behavior—eventually settling on the current three-tier punishment structure—at no point has Congress altered the six basic categories of forcible conduct covered by the statute.  Section 111(a) therefore continues to apply to any defendant who forcibly "resists, opposes, impedes, intimidates, or interferes with" a

federal officer, whether or not his conduct also constitutes assault.  18 U.S.C. § 111(a); *see Ladner*, 358 U.S. at 176 n.4.

Defendant argues that the rule of lenity should be applied here. However, since the wording of Section 111(a) is clear, it does not come into play. The rule of lenity "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (citation and internal quotations omitted). *See also Muscarello v. United States*, 524 U.S. 125, 138-39 (1998); *Young v. United States*, 943 F.3d 460, 464 (D.C. Cir. 2019). In short, some ambiguity is insufficient to trigger the rule of lenity; instead, a court must find "grievous ambiguity" that would otherwise compel guesswork. *See Ocasio v. United States*, 578 U.S. 282, 295 n.8 (2016). "Properly applied, the rule of lenity therefore rarely if ever plays a role because, as in other contexts, 'hard interpretive conundrums, even relating to complex rules, can often be solved.'" *Wooden v. United States*, 142 S. Ct. 1063, 1075 (2022) (Kavanaugh, J., concurring).

Defendant acknowledges that circuit courts disagree on whether a conviction under 18 U.S.C. § 111(a) requires proof of an assault.  But he overstates the degree of disagreement and undercounts the number of decisions rejecting his argument.

For example, defendant's reliance on *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008) in support of his reading of the statute is misplaced because Congress abrogated the statutory language relied on by that court. In *Chapman*, the Ninth Circuit considered the prior version of the statute that treated "simple assault" as a misdemeanor and "all other cases" as felonies.  *Id*. at 1218 (citations omitted).  In deeming the provision to require the defendant to have committed "some form of assault," *id*. at 1221, the court explicitly considered but rejected a distinction based on the

presence of physical contact. "If Congress had intended to prohibit both assaultive and non-assaultive conduct and intended to distinguish between misdemeanors and felonies based solely on physical contact," the court stated, "it easily could have said so." *Id.* Congress now has spoken. As previously discussed, in 2008, Congress replaced the second punishment tier's "all other cases" language with language specifying that it applies "where such acts involve physical contact … or the intent to commit another felony." *See* p. 5, *supra*. In so doing, Congress abrogated the reasoning in *Chapman*. *See Williams*, 602 F.3d at 317 ("Congress addressed the ambiguity identified by the Ninth Circuit by explicitly drawing the misdemeanor/felony line at physical contact.").[2]

The Sixth Circuit recognized that common law assault is not invariably an element of a Section 111 offense even before the 2008 amendment. *See United States v. Gagnon*, 553 F.3d 1021, 1024-1027 (6th Cir. 2009). Since the 2008 amendment, five other courts of appeals have addressed the interpretation of Section 111(a). In *United States v. Williams*, the Fifth Circuit recognized that "a misdemeanor conviction under § 111(a)(1) does not require underlying assaultive conduct," explaining that this reading "avoided rendering superfluous the other five forms of conduct [besides assault] proscribed by § 111(a)(1)." 602 F.3d at 317-318. In *United States v. Briley*, the Fourth Circuit likewise rejected the contention that "assault is a required element" for either a misdemeanor or felony conviction under Section 111(a)(1). 770 F.3d at 273-274 (noting that defendant's contrary reading "renders a slew of verbs in § 111(a) largely surplusage" and "wanders too far from congressional intent"). And most recently, in *United States*

---

[2] Since the 2008 amendments, the Ninth Circuit has addressed Section 111(a)'s revised language only in dicta, *see United States v. Rivera-Alonzo*, 584 F.3d 829, 833 n.2 (9th Cir. 2009), and the proper interpretation of the current version of Section 111(a) presumably remains open in that court.

*v. Stands Alone*, the Seventh Circuit held that "assault is not an essential element of every § 111 offense." 11 F.4th at 536.

Defendant also misrepresents the state of the law in the Second Circuit. In *United States v. Davis,* 690 F.3d 127 (2d Cir. 2012), the court concluded that "for a defendant to be guilty of the misdemeanor of resisting arrest under Section 111(a), he necessarily must have committed common law simple assault." *Id.* at 135; *see id.* at 134. But the Second Circuit expressly cabined this holding to Section 111(a)'s misdemeanor clause. It stated that "the statute's five non-assault acts would appear to be criminally prohibited by the felony clause 'where such acts involve … the intent to commit another felony,'" *id.* at 136-137—precisely the construction that the government has advanced in this case. Thus, the Second Circuit's reading of the felony provision of 111(a) does not support defendant's reading as he claims.

Only the Tenth Circuit supports defendant's reading. In *United States v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016), the court viewed a published circuit decision regarding the pre-2008 statute as compelling the conclusion that "assault is necessarily an element of any § 111(a)(1) conviction," *id.* at 1218, including a conviction under Section 111(a)'s felony clause, *id.* at 1219. The reasoning in *Wolfname*, however, is spare and unpersuasive.

At bottom, the present five-to-one circuit tally overwhelmingly supports the government's felony prosecution of Stevens under Section 111(a) for non-assaultive conduct against federal officers on January 6.[3] Thus, if defendant assaulted, resisted, opposed, impeded, intimidated, or

---

[3] The Supreme Court has repeatedly denied petitions for writs of certiorari from defendants, including one filed last term, arguing that Section 111(a) punishes only assaultive conduct against federal officers. *See Stands Alone v. United States*, 142 S. Ct. 2718 (2022); *Briley v. United States*, 575 U.S. 962 (2015); *Williams v. United States*, 562 U.S. 1044 (2010); *Gagnon v. United States*, 558 U.S. 822 (2009).

interfered with a federal law enforcement officer and either made physical contact with the victim or had the intent to commit another felony, he is guilty of this offense.

The government's interpretation of the statute – in contrast to defendant's reading – *has* been adopted in this District. For example, in announcing his verdict in *United States v. McCaughey*, *et al.*, No. 21-CR-40-TNM, Judge McFadden rejected the reasoning of *Wolfname*, and adopted the interpretation of the Fourth and Seventh Circuits in *Briley* and *Stands Alone*, finding:

> Section 111(a) explicitly refers to the acts in violation of Subsection (a)(1). To be sure, those acts encompass forcible assaults against officers. But they also cover forcible opposition, interference with hand impeding officers.
>
> And the statute says a felony accrues when such acts involve the intent to commit another felony. The natural implication of this language means that forceful interference with officers, for example, with the intent to commit another felony is a felony violation of the statute. The phrase "such acts" refers to all six verbs in Section 111(a)(1), and those verbs go beyond physical assaults.

*McCaughey* sentencing transcript at 12. Judge McFadden then found that the McCaughey defendants were guilty of felony violations of Section 111(a) because they committed their violations with the intent to commit civil disorder in violation of Section 231. *Id.* at 28-29, 36.

Similarly, in *United States v. Riley Williams*, 21-CR-618-ABJ, Judge Berman Jackson instructed a jury that it could find the defendant guilty of violating Section 111(a) if "the defendant resisted, opposed, intimidated, or interfered with" a federal officer, with no reference to assault. *Williams*, No. 21-CR-618, Dkt. Entry 122 at 32.

Most recently, Judge Cooper in *United States v. Daniel Egtvedt*, 21-CR-177-CRC, found defendant Egtvedt guilty of a violation of Section 111(a) but found defendant not guilty of a violation of 18 U.S.C. § 1752(a)(4) (engaging in an act of physical violence on Capitol grounds).

The clear inference from Judge Cooper's verdict is that he also found that an assault is not necessary to sustain a conviction under Section 111(a).

Thus, the government does not have to prove that defendant committed an assault in order to sustain a conviction under Section 111(a).

**B.     The Second Superseding Indictment Sets Forth Every Element of the Charged Offense and Informs Defendant of the Charge Against Him**

Even assuming defendant's reading of Section 111(a) is correct, Count Three properly alleges the elements of the charge and informs defendant of the charge against him. Section 111(a)(1) states:

> Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties … shall … where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

Count Three of the Second Superseding Indictment states:

> On or about January 6, 2021, within the District of Columbia, BRUNO JOSEPH CUA, did forcibly **assault**, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, G.L., an officer from the United States Capitol Police Department, which such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

Dkt. Entry 90 (emphasis added).

Thus, Count Three of the Second Superseding Indictment tracks the statutory language and then some. Specifically, it lists the violative actions in the conjunctive instead of the disjunctive, adds the date and location of the offense, includes a more detailed definition of "officer or employee of the United States," and clarifies that the felony enhancement comes from defendant's physical contact with the victim *and* his intent to commit another felony. *Id.* Similar language has

been found to be sufficiently specific in other January 6 cases. *See e.g.*, *United States v. Sargent*, No. 21-CR-258, Dkt. No. 50 (finding that 111(a) charging language "fairly informs the defendant of the charge against which he must defend" and that the allegations contained "all facts necessary for the jury to find defendant violated 18 U.S.C. § 111(a)").

Count Three also clearly and explicitly states that defendant is charged with **assault**. Count Three *also* charges defendant with resisting, opposing, impeding, intimidating and interfering with the officer. But the inclusion of the possible other means of securing a conviction on this charge does not negate the fact that defendant is clearly and explicitly charged with an assault. *See United States v. Haldeman*, 559 F.2d 31, 124 (D.D.C. 1976) ("Although an indictment must in order to fulfill constitutional requirements apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, nor the Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendant[] on notice as to the means by which the prosecution hopes to prove that the crime was committed."). The plain language of Count Three is sufficient to put the defendant on notice that the government may have to prove defendant committed an assault to obtain a conviction.

Even if the Court were to conclude that the only way to violate Section 111(a) is by an assault, dismissal of Count Three is not appropriate because the government could prove at trial that defendant's conduct violated the statute. Cases involving successful challenges by defendants concerning whether their *conduct* – and not merely the allegations against them – falls within the scope of the charged statute generally arise not under Rule 12 but following trials that establish the evidentiary record necessary to determine precisely what the defendant's conduct entailed. *See e.g.*, *Marinello v. United States*, 138 S. Ct. 1101, 1105 (2018); *United States v. Aguilar*, 515 U. S. 593, 597 (1995); *Yates v. United States*, 574 U.S. 528, 534-35 (D.C. Cir. 2019).

It is clear why that is so. Even assuming defendant's interpretation of Section 111(a) is correct, the Court cannot determine whether defendant's conduct violates the statute until after a trial, at which the government is not limited to the indictment's allegations. At trial, the government could prove (and intends to do so here) that defendant forcibly pushed one or more officers constituting an assault. *See e.g.*, *United States v. Dombrowsky*, 111 F. App'x 716, 718 (5th Cir. 2004) (intentionally pushing officer constitutes assault); *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (poking agent in the chest constitutes assault); *United States v. Fernandez*, 837 F.3d 1031, 1035 (11th Cir. 1988) (bumping assistant U.S. Attorney constitutes assault); *United States v. Hightower*, 512 F.2d 60, 61 (5th Cir. 1975) (grabbing agent's jacket constitutes assault).

In essence, defendant argues that the government's failure to adhere to a reading of the charging statute that has *not been adopted* in the D.C. Circuit somehow makes the charge subject to dismissal for failure to state a claim. That is not and cannot be the standard. The government adhered to the law in the D.C. Circuit when charging the statute. It does not have to charge every crime according to every interpretation of a statute by every court in the United States. Such a requirement would bring the criminal justice system to a halt and undermine the law's bedrock principle of *stare decisis*.

## **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court deny

defendant's Motion to Dismiss Count Three of the Second Superseding Indictment.

Dated: January 23, 2023                              Respectfully submitted,


                                                     MATTHEW M. GRAVES
                                                     United States Attorney
                                                     D.C. Bar No. 481052


                                     By:     */s/ Kaitlin Klamann*_____
                                                     KAITLIN KLAMANN
                                                     Assistant United States Attorney
                                                     601 D Street NW
                                                     Washington, D.C. 20530
                                                     IL Bar No. 6316768
                                                     (202) 252-6778
                                                     Kaitlin.klamann@usdoj.gov

                                                     CAROLINA NEVIN
                                                     Assistant United States Attorney
                                                     601 D Street NW
                                                     Washington, D.C. 20530
                                                     NY Bar No. 5226121
                                                     (202) 803-1612
                                                     Carolina.Nevin@usdoj.gov