UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-107 (RDM) |
| v. : | |
| : | |
| BRUNO JOSEPH CUA, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENTS

The United States hereby submits this response to defendant Bruno Cua's motion in limine to restrict and limit the presentation of defendant's statements (ECF No. 255). For the reasons stated herein, the Court should deny defendant Cua's motion.

### FACTUAL BACKGROUND

Cua is charged in a twelve-count indictment for offenses committed at the U.S. Capitol Building on January 6, 2021. In short, Cua wielded a baton on the grounds of the U.S. Capitol, stormed past officers at the door of the Upper West Terrace and took part in an aggressive confrontation with U.S. Capitol Police Officers, who stood as the last line of defense before the Senate chamber. Cua then rushed into the Senate gallery, leading a crowd of rioters behind him, and ultimately opening the doors to the Senate chamber to a flood of additional rioters. He then made his way to the Senate dais, sitting where the Vice President of the United States had been minutes before. Cua had been advocating for violent protest weeks before January 6, 2021, posting on Parler and Instagram that this is an "open carry mission," rioters would "break down [Congress's] doors and take our country back by force," and that everyone should "show up ready to fight." ECF No. 12. After the events of January 6th, Cua posted that "[e]veryone who works in congress is a traitor to the people and deserves a public execution." ECF No. 12.

1

# ARGUMENT

**I. Cua's statements on social media indirectly tied to the certification are relevant under Rule 401.**

Evidence is relevant when it has *any* tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Cua is charged with one count of a violation of 18 U.S.C. §§ 1512(c)(2), obstruction of an official proceeding. In this case, the official proceeding was the certification of the 2020 U.S. presidential election. To prove Cua guilty of violating § 1512(c)(2), the government must prove beyond a reasonable doubt that he 1) attempted to or did obstruct or impede an official proceeding; 2) intended to obstruct or impede the official proceeding; 3) acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and 4) acted corruptly. To act "corruptly," the defendant must use unlawful means or have an unlawful purpose, or both. Therefore, Cua's intent and knowledge before, during, and after his time in the Capitol is a fact of consequence in this case.

This Court has consistently found that statements relating indirectly to the certification are relevant to the intent element of § 1512(c)(2). *See e.g. U.S. v. Fitzsimons*, No. 21-cr-158, 2022 WL 1658846, at *5-6 (D.D.C. May 24, 2022) (finding a series of four defendant phone calls relevant when he said that the election corrupt, that there would be a civil war, and that he would be in D.C. on January 6th); *U.S. v. MacAndrew*, No. 21-730, 2022 WL 17961247, at *3 (D.D.C. Dec. 27). On December 12, 2020, Cua posted an Instagram story that directly referenced the certification, as seen in Image 1.



*Image 1: Instagram story from December 12, 2020, posted by @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".*

As this Court is aware, and as the standard jury instruction provides, a person's "knowledge and intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but [the trier of fact] may infer someone's knowledge and intent from the surrounding circumstances." Proof of State of Mind, Redbook 3.101. The fact finder "may consider any statement made or acts done by the defendant and all other facts and circumstances received in evidence which indicate the defendant's intent [and/or] knowledge." Id. Indeed, courts and juries "pass every day upon the reasonable import of a defendant's statements – whether, for example, they fairly convey a false representation, see, e.g., 18 U.S.C. § 1621 (criminalizing perjury), or a threat of physical injury, *see, e.g.,* § 115(a)(1) (criminalizing threats to assault federal officials)." *United States v. Williams*, 553 U.S. 285, 306-07 (2008). Cua posted Instagram stories on December 12 and 20, 2020, forecasting his use of violence on January 6, 2021, as seen in Images 2 and 3. Cua later posted Instagram stories on January 8, 2021, justifying his use of violence on January 6, 2021, as seen in Images 4 and 5.



*Image 2: Instagram story from December 12, 2020, posted by @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".*



*Image 3: Instagram story from December 20, 2020, posted by @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".*



*Image 4: Instagram story from January 8, 2021, posted by @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".*



*Image 5: Instagram story from January 8, 2021, posted by @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".*

While Cua correctly asserts that his social media statements are protected speech, this in no way precludes their use as evidence at trial. The government can introduce Cua's statements into evidence of his knowledge, state of mind, and intent even if the statements themselves are shielded from prosecution as protected speech. This should be uncontroversial; the use of speech to prove a crime is commonplace and well-established. As the Supreme Court has noted: the

8

First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). "Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Id.*

Courts across the country, including this Court, have allowed evidence of defendants' statements for the purposes sanctioned by *Mitchell*. In another January 6 case, Judge Lamberth noted, "even if [defendant's] statements were themselves protected, the First Amendment does not prohibit their consideration as evidence of motive or intent." *United States v. Chansley*, 525 F. Supp. 3d 151, 164 (D.D.C. 2021). In another, Judge Cooper ruled similarly:

> Nor does the Court find any First Amendment concerns in the government's use of Robertson's statements to show intent.... If Robertson had expressed his views only through social media, he almost certainly would not be here. But he also allegedly took action—entering the Capitol without lawful authority in an alleged attempt to impede the Electoral College vote certification. His words remain relevant to his intent and motive for taking those alleged actions.

*United States v. Robertson*, 2022 WL 969546 at *6 (D.D.C. 2022) (internal citation omitted).

Outside the January 6 context, courts have cited *Mitchell* to uphold the admission of a wide range of statements, including but not limited to rap lyrics and terrorist writings. See, e.g., *United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) (rap lyrics); *United States v. Pierce*, 785 F.3d 832, 841 (2d Cir. 2015) ("The speech was not the basis for the prosecution, but instead it was used to establish the existence of, and [defendant's] participation in, the alleged RICO enterprise") (internal citation omitted) (rap lyrics and tattoos); *United States v. Salameh*, 152 F.3d 88, 111-12 (2d Cir. 1998) (the defendants were not "prosecuted for possessing or reading terrorist materials. The materials seized … were used appropriately to prove the existence of the bombing conspiracy and its motive").

9

Such speech is particularly relevant here. Cua's charges include several counts that require the government to prove his intent – such as obstruction of an official proceeding, which requires the government to prove, among other elements, that he knew about the certification and that he intended to obstruct the certification that day. Cua is not being prosecuted for his speech; rather, his speech is evidence of the crimes he committed. Accordingly, this Court should not credit Cua's argument that somehow his statements are less relevant or deserve greater evidentiary scrutiny simply for their protected nature.

Cua's argument that his provocative social media growth strategy makes his statements less relevant is equally unavailing. Defense claims that Cua "engaged in a strategy of posting provocative and outlandish rhetoric on social media to get 'views' and 'likes for his posted content in order to build his following on social media." ECF 255 at 3. However, Cua's numerous direct messaging statement undercut this claim. These private direct messaging statements demonstrate his intent before, during, and after January 6 and were clearly not intended to grow his social media following or build engagement as they went to no one else besides the target of the message. The content of these direct messages content echoes that of his public posts, further bolstering the claim that Cua's public social media statements evince his intent to obstruct Congress on January 6, 2021. Examples of said direct messages are seen in Images 6, 7, and 8.

```
Thread (266476151487029)
        Current Participants 2021-02-04 15:39:33 UTC
                             [redacted] (Instagram: 2360356876)
                             bruno_cua1776 (Instagram: 25004858189)


                Author [redacted] (Instagram: 2360356876)
                   Sent 2021-01-06 18:27:25 UTC
                   Body Praying that everything goes well for you guys!
                        God will protect you no matter what 🙏 us
                Share         Date Created Unknown


                Author [redacted] (Instagram: 2360356876)
                   Sent 2021-01-06 20:34:34 UTC
                   Body Im not sure if you're at the Capitol, or near that
                        area but all prayers going out for your safety Be
                        careful out there I can't believe this happened


                Author bruno_cua1776 (Instagram: 25004858189)
                   Sent 2021-01-06 22:46:19 UTC
                   Body I'm out, and it's a good thing


                Author bruno_cua1776 (Instagram: 25004858189)
                   Sent 2021-01-06 22:46:26 UTC
                   Body We are taking our country back by force


                Author [redacted] (Instagram: 2360356876)
                   Sent 2021-01-07 02:16:23 UTC
                   Body


                Author [redacted] (Instagram: 2360356876)
                   Sent 2021-01-07 02:16:38 UTC
                   Body Glad you're safe! And you're right about that
```

*Image 6: Direct messages on Instagram from February 4, 2021, between an Instagram account user and @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".*

```
Thread (486721719385719)
    Current Participants 2021-02-04 15:42:24 UTC
                              [REDACTED] (Instagram: 3187101035)
                              bruno_cua (Instagram: 4100690135)


Author bruno_cua (Instagram: 4100690135)
    Sent 2020-11-20 20:28:48 UTC
    Body Everyone voted trump

Author [REDACTED] (Instagram: 3187101035)
    Sent 2020-11-20 20:28:57 UTC
    Body So how the hell did Biden win

Author bruno_cua (Instagram: 4100690135)
    Sent 2020-11-20 20:29:02 UTC
    Body He didn't

Author bruno_cua (Instagram: 4100690135)
    Sent 2020-11-20 20:29:07 UTC
    Body He stole it
```

*Image 7: Direct messages on Instagram from February 4, 2021, between an Instagram account user and @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".*



*Image 8:* Direct messages on Instagram from February 4, 2021, among Instagram account users and @bruno_cua1776, an account attributed to Cua by the associated account holder name of "Bruno Cua".

Finally, Cua's concern that the government intends to introduce inadmissible propensity evidence through his social media statements is unwarranted. Statements merely expressing his distrust of government are not at issue in this case. Instead, Cua's statements expressing his desire for violence and chaos stemming from his frustration with the 2020 Presidential election outcome are relevant to his intent. Even statements that do not specifically reference the certification but express anger about the election outcome are highly probative of his intent to obstruct the certification, because the proceeding's very purpose was to certify the election about which he was so angry.[1]

---

[1] Indeed, the defense motion emphasizes that Cua's motivation for traveling to Washington, D.C. on January 6, 2021, was to display his large American flag and increase his social media following. Because the parties disagree as to defendant's intent and motivation on January 6, his

13

## II. The probative value of Cua's certification-related statements far outweighs any danger of undue delay, waste of time, and needless presentation of cumulative evidence under Rule 403.

Courts *may* exclude relevant evidence only when its danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence substantially outweighs its probative value. Fed. R. Evid. 403. However, the Federal Rules of Evidence generally favor inclusion and Rule 403 establishes a high bar to overcome this preference. *See United States v. Lieu*, 963 F.3d 122, 128 (D.C. Cir. 2020); *United States v. Thomas*, 987 F.3d 697, 706 (11th Cir. 1993). In another January 6 bench trial, Judge Kollar-Kelly allowed social media statements made after January 6, 2021, into evidence over Rule 403 objections. *See MacAndrew*, 2022 WL 17961247, at *3 (explaining that reviewing these statements would not be cumulative, a waste of time, or cause undue delay).

Without referencing any specific social media posts or proposing an appropriate number of posts, Cua seeks an order limiting their introduction into evidence to avoid running afoul of Rule 403 due to danger of undue delay, waste of time, or needless presentation of cumulative evidence. Cua's social media statements speaking to election fraud, a stolen election, and especially the certification itself are highly probative as to his mens rea when entering the Capitol, an essential element of the charges he faces.

A fact finder could properly deduce from Cua's social media statements that he knew ahead of time about the January 6, 2021, certification and intended to use force against Congress if it did not go his preferred way. The statement certainly has a tendency to make Cua's intent to obstruct the certification more probable. The statement's exceptionally high probative value is self-evident and is certainly not outweighed by an unfounded and unspecified danger of a

---

statements surrounding this time period, particularly relating to his travel to D.C., are relevant to the Court's evaluation of the case.

government "attempt to flood the trial" with similarly probative posts. Cua's apparent belief that the government intends to introduce a needlessly cumulative number of posts into evidence to prolong the trial unnecessarily is unfounded and, therefore, the Court should deny his request for limitation as moot.

## CONCLUSION

For the foregoing reasons, this Court should deny Cua's motion in limine to preclude and limit introduction of his social media statements into evidence at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Carolina Nevin

CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
601 D Street, NW
Washington, DC 20530
(202) 803-1612
carolina.nevin@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney
IL Bar No. 6316768
601 D Street, NW
Washington, DC 20530
(202) 252-6778
kaitlin.klamann@usdoj.gov