**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**BRUNO JOSEPH CUA**

**Criminal Action No. 21-00107 (RDM)**

<u>**BRUNO CUA'S RESPONSE TO THE GOVERNMENTS MOTIONS *IN LIMINE***</u>

Bruno Joseph Cua, through undersigned counsel, hereby responds to the government's motions *in limine*: (1) Motion in Limine Regarding Evidence About the Specific Locations of U.S. Capitol Police Surveillance Cameras (ECF No. 250) ("Cameras Motion"); and (2) United States' Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness (ECF No. 251) ("Secret Service Motion").

**A.     Cameras Motion**

In its Cameras Motion, the government seeks an order "limiting the defense from probing, during cross-examination, the exact locations of Capitol Police surveillance cameras or from using the maps, which show each camera's physical location, as an exhibit at trial." ECF No. 250 at 2. It is unclear what the government means by the "exact locations" of the cameras— it does not give any examples of the type of questions that would be precluded under its requested order—but Mr. Cua does not anticipate questioning the government witnesses in a way that would reveal such information. For example, the government suggests that defense counsel may refer to the general location and direction the camera is pointing. This should be sufficient for the defense's purposes, but Mr. Cua reserves the right to question the witness regarding the

location of relevant cameras at which time the government may seek a ruling as to the specific question.

If it becomes necessary, Mr. Cua does not object to the Court holding an *in camera* hearing to resolve any disputes that may arise but objects to holding such a hearing *ex parte* without Mr. Cua's participation or attendance. *See* ECF No. 250 at 5. The government has not asserted that the information at issue is classified or privileged.

**B.      Secret Service Motion**

In the Secret Service Motion, the government seeks an order "limiting the cross-examination of the Secret Service witnesses to questioning about the functions performed by the Secret Service as testified on direct exam, in this case protecting the Vice President and his family." ECF No. 251 at 2. The government requests that the defense specifically be foreclosed from questioning the witness about:

1.   "Secret Service protocols related to the locations where protectees and their motorcades are taken at the Capitol or other government buildings when emergencies occur;"

2.   "Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees."

See *Id.*

The defense does not anticipate delving into the details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees (request no. 2), but the government's first request may implicate an element of Counts Four, Five, and Six, which charge Mr. Cua with violating certain subsections of 18 U.S.C. § 1752, all of which require the government to prove beyond a reasonable doubt that Mr. Cua engaged in

certain conduct in or within a certain proximity to a "restricted building or grounds," §

1752(a)(1), (2), (4), where "restricted building or grounds" is defined in relevant part as "a

building or grounds where the President or other person protected by the Secret Service is or will

be temporarily visiting," § 1752(c)(1)(B). As such, Mr. Cua must be permitted to question the

Secret Service agent about the location of the Vice President at the time Mr. Cua was within the

purported restricted building or grounds or when he undertook the alleged actions constituting

the offenses under these Counts to determine whether this element of the offense is met.

*     *     *

For the above-stated reasons, Mr. Cua respectfully requests that the Court deny the

government's motions *in limine* without prejudice to the government raising such objections at

trial in response to specific questioning.

Respectfully submitted,

DATED: January 23, 2023

/s/ William E. Zapf
Jonathan Jeffress (D.C. Bar No. 479074)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
jjeffress@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Bruno Joseph Cua*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January 2023, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice to counsel of record.


Dated: January 23, 2023                    */s/ William E. Zapf*

                                                    William E. Zapf