UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | Criminal Action No. 21-00107 (RDM)<br><br>Honorable Randolph D. Moss<br><br>Trial: February 13, 2023 |

**BRUNO CUA'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNT THREE OF THE SECOND SUPERSEDING INDICTMENT OR, IN THE ALTERNATIVE, FOR A PRETRIAL DETERMINATION REGARDING 18 U.S.C. § 111(a)**

Defendant Bruno Cua, through his counsel, files this reply brief in support of his motion to dismiss Count Three of the Second Superseding Indictment ("SSI"), pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, or, in the alternative, for a pretrial determination that the government must prove beyond a reasonable doubt that Mr. Cua assaulted Officer G.L in order to convict him under 18 U.S.C. § 111(a).

The government in its opposition brief, ECF No. 265 ("Opp.") offers only one reason that the Court should not construe section 111(a) to require assaultive conduct: that requiring assaultive conduct to charge and convict a defendant would render superfluous the verbs "resists, opposes, impedes, intimidates, or interferes with." In blindly clinging to this singular argument, the government:

1. Fails to reconcile the statutory term "simple assault" in the misdemeanor penalty provision under section 111(a) with its proposal that section 111(a) does not require an assault;

2. Ignores the statutory term "victim *of that assault*" in the felony penalty provision of section 111(a), a phrase that the government and the Grand Jury simply ignored in indicting Mr. Cua;

3. Ignores the absurd result of requiring a "simple assault" for a misdemeanor but no assault (not even a simple assault) for a felony conviction, which would result in

          punishing violent assaultive conduct (potentially a misdemeanor) less severely than non-violent conduct (a felony);

4.      Ignores Senator Kyl's statement in the legislative history that the 2008 amendment to section 111(a) was meant to codify *United States v. Hathaway*, a case interpreting section 111(a) as requiring an assault for a conviction;

5.      Ignores the principle of statutory construction that iterative lists such as the one in section 111(a) sometimes do contain superfluous terms, which is illustrated here, even aside from the term "assault";

6.      Miscounts and mischaracterizes the circuit split; and

7.      For purposes of assessing the sufficiency of the SSI, fails to reconcile the principle that Count Three must be read in the disjunctive with the required assumption that an assault is a required element of violating section 111(a).

## I. The government's argument that section 111(a) does not require assaultive conduct fails to address numerous intractable problems with its proposed interpretation of the statute.

The government argues that the defense's proposed construction of section 111(a) fails to give effect to every word in the statute. The government, however, ignores a critical caveat to this rule of construction—the Court should do so only "if possible." *See* Opp. at 4 (citing *United States v. Stands Alone*, 11 F.4th 532, 536 (7th Cir. 2021)). Giving separate effect to every word in section 111(a) is *not* possible because (1) the misdemeanor provision is explicitly limited to "simple assaults"; (2) the term "such acts" in the felony provision refers back to acts that constitute simple assaults; and (3) the felony provision based on physical contact is explicitly limited to physical contact with a victim of an assault. The government cites the late Justice Scalia's book for its argument, Opp. at 4, but as Mr. Cua cited in his motion (which the government ignores), ECF No. 258-1 ("Mot.") at 11-12, Justice Scalia explained that this principle of giving effect to each word "if possible" "should [not] be applied to the obvious instances of iteration to which lawyers, alas, are particularly addicted." *Moskal v. United States*, 498 U.S. 103, 120-21 (1990) (Scalia, J., dissenting). The government does not address this rule of construction or its application to section 111(a).

2

The government also does not address the absurd results that flow from its proposed interpretation. Under the government's reading of the statute, a defendant could be found guilty of a misdemeanor violation of section 111(a) —because his acts "constitute only simple *assault*"—without assaulting anyone. Under the same reading, a defendant could be found guilty of a felony violation of section 111(a) based on acts that "involve physical contact with the victim *of that assault*" without committing an assault on the victim. The government makes no effort to address this problem. For example, the government never explains what "simple assault" means under its reading. Nor does it explain what "victim of that assault" in the felony penalty provision of section 111(a) would mean under its interpretation. The latter is particularly troubling, given that the government also omitted the statutory phrase "of that assault" from the SSI proposed to the Grand Jury.

The government argues that "[e]ach of Section 111's three crimes points back to these six categories," Opp. at 4, but the cross-references the government is relying upon actually support Mr. Cua's argument. For example, the misdemeanor provision states: "where such acts in violation of this section constitute only simple *assault*." In other words, where the acts of assaulting, resisting, opposing, impeding, intimidating, or interfering with constitute simple assault, the offense is a misdemeanor. Similarly, the felony provision in section 111(a) states: "where *such acts* involve physical contact with the victim *of that assault* or the intent to commit another felony." "Such acts" in the felony provision refers back to the acts described in the immediately prior misdemeanor provision—"acts in violation of this section constitut[ing] only simple assault"—meaning that the acts covered by the felony provision must also be a "simple assault" plus one of two aggravating factors. This conclusion is further driven home by the fact that the physical contact felony provision references the "victim of *that* assault," again referencing back to the simple assault requirement from the misdemeanor provision.

Accordingly, for a felony under section 111(a), the acts must constitute an assault with the additional element of either physical contact or the intent to commit another felony.

The government relies on the D.C. Circuit's decision in *United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002), Opp. at 4, 5, but *Arrington*—which preceded the 2008 amendments—did not consider the issue presented here. Indeed, the passage the government quotes from *Arrington* addresses whether the word "forcibly" should be read to modify each of the actions in section 111(a). *See Arrington*, 309 F.3d at 44. Mr. Cua agrees with *Arrington* in that regard—any of the conduct covered by section 111 must be done forcibly. What *Arrington* did not address is whether those forcible acts must include assaultive conduct. The statement in *Arrington* relied upon by the government is irrelevant.

The government also attempts to rely upon section 111's legislative history, reviewing the statute's language in 1940. Opp. at 5. The government ignores, however, the most relevant and most recent legislative history, which was cited by Mr. Cua in his motion: Senator Kyl's statement that the 2008 amendment codified *United States v. Hathaway*.[1] *See* Mot. at 3. This statement is nowhere addressed by the government. The government also cites precedent from the 1950's and 1970's for the notion that section 111 at that time criminalized more than assault, but those cases did not consider the statute as presently written. Indeed, those cases considered section 111 before the two-tiered penalty provision was introduced in section 111(a) in 1994, a structure that was premised on the difference between simple assault and felony assault. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, § 320101(b), 108 Stat. 1796 (1994). *See also United States v. Hathaway*, 318 F.3d 1001, 1008 (10th Cir. 2003).

---

[1] Notably, the title of the section of the Court Security Improvement Act containing the 2008 amendment to section 111 is titled "Assault Penalties." *See* Pub. L. No. 110-177, § 208(b), 121 Stat. 2534, 2538 (2008).

4

The government also fails to distinguish several cases supporting the defense's interpretation. First, the government argues that *United States v. Chapman* is inapplicable because it addressed the statute before the 2008 amendments. Opp. at 8-9. Specifically, the government cites the Ninth Circuit's statement in *Chapman* that, "[i]f Congress had intended to prohibit both assaultive and non-assaultive conduct and intended to distinguish between misdemeanors and felonies based solely on physical contact, it could easily have said so." *Id.* at 9 (quoting *United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008)). The government claims "Congress has now spoken."[2] But the government has it backwards. *Chapman's* holding is grounded in the use of the term "simple assault" to set off misdemeanors. 528 F.3d at 1216 ("Because § 111(a) allows misdemeanor convictions only where the acts constitute simple assault and because Chapman's nonviolent civil disobedience did not constitute simple assault, we reverse and vacate the judgment of conviction."). The use of the phrase "simple assault" did not change in 2008. Moreover, *Chapman* specifically adopted *Hathaway*, 528 F.3d at 1219, the holding of which Senator Kyl stated was codified by the 2008 amendments.[3] In other words, Congress *did* speak and it spoke in favor of *Chapman* and *Hathaway*. Yet, the government completely ignores this aspect of *Chapman* and Senator Kyl's remarks.

Similarly, the government argues that the Sixth Circuit's decision in *United States v. Gagnon*, 553 F.3d 1021 (6th Cir. 2009), is helpful to its cause because it "recognized that common law assault is not invariably an element of a Section 111 offense even before the 2008 amendment." Opp. at 9. But the fact that *Gagnon* construed the statute as not requiring an assault

---

[2] Even in stating the words that Congress supposedly "spoke" in 2008, the government glaringly omits a key part of the new language—that the physical contact must be with the "victim of that assault." *See* Opp. at 9.

[3] Indeed, *Chapman* recognized that the 2008 amendment adopted *Hathaway's* approach. 528 F.3d at 219.

5

before the 2008 amendment is a reason *not* to rely upon it. *Gagnon* attempted to construe the "all other cases" felony provision prior to the 2008 amendment's codification of *Hathaway*. As Senator Kyl explained: "As one might imagine, the assault in 'all other cases' has been the subject of confusion and judicial debate." 153 Cong. Rec. S15789-90 (Dec. 17, 2007). *Gagnon* is an example of just such confusion and, accordingly, is not reliable precedent for interpreting the current statute. In other words, in attempting to interpret a confusing statute, *Chapman* got it right and *Gagnon* got it wrong.

The three cases applying the post-2008 statute that the government relies upon—*Williams*, *Briley*, and *Stands Alone*—are all based on a stubborn determination to give a unique meaning to every word in the iterative list of resisting, opposing, impeding, intimidating, and interfering. Each of these cases, however, clings to the supposed separate meanings of those words, while utterly failing to give proper meaning to the term "simple assault" or to the phrase "victim of that assault."[4] Nor do any of these decisions address Senator Kyl's comments on the 2008 amendment, of which they were presumably unaware.

Contrary to the government's characterization, the defense did not "misrepresent" the state of the law in the Second Circuit. In *United States v. Davis*, the Second Circuit held that a misdemeanor under section 111(a) requires a simple assault, which is exactly what the defense said in its motion. *See* Mot. at 10 (citing *United States v. Davis*, 690 F.3d 127, 135 (2d Cir. 2012)). The government seizes on dicta in *Davis* that speculates that non-assaultive acts "would appear" to be criminalized by the felony provision covering acts involving "the intent to commit

---

[4] As Mr. Cua explained in his motion, at 12, attempting to given each of the words resisting, opposing, impeding, intimidating, and interfering a unique meaning different from the other terms in the list raises the same problem the government and these courts identified because the list includes synonyms (impede and interfere) and terms that encompass another term (opposes encompasses resists and assaults encompasses intimidates).

6

another felony."[5] Opp. at 10 (citing 690 F.3d at 136-37). Yet, this dicta fails to account for the felony provision's use of the term "such acts" in the felony provision, which refers back to the misdemeanor provision's use of the term "where the acts in violation of this section constitute only *simple assault*"; the "acts" covered by the felony provision must also involve an assault. Indeed, the analysis in *Hathaway* was based on a review of common-law aggravating factors that convert "simple assault" to felony assault and one of those factors was intent to commit another felony. *Hathaway*, 318 F.3d at 1008-09 (holding that "'all other cases' assault under § 111(a) includes any assault that involves actual physical contact or the intent to commit murder or any other felony other than those referred to in § 113(a)(2) but does not involve a deadly or danger weapon or bodily injury," as provided for in section 111(b)). Relatedly, the court in *Davis* did not appear to have had the benefit of Senator Kyl's remarks explaining that the 2008 amendment codified this common-law analysis in *Hathaway*. *Davis* also did not grapple with the absurd result that would occur from requiring an assault for a misdemeanor but not a felony. Understandably and unsurprisingly, the Second Circuit did not delve so deeply into these important issues because they were unnecessary for its holding, a typical problem with dicta. But at bottom, *Davis's* conclusion that a lesser-included misdemeanor requires a "simple assault" is critical and supports Mr. Cua's proposed interpretation overall.

Based on its attempt to distinguish *Chapman* and the dicta in *Davis*, the government then concludes that a "five-to-one circuit tally" supports its position, arguing that only *United States*

---

[5] The government makes the opposite argument with respect to dicta in a recent Ninth Circuit case. See Opp. at 9 (arguing that the interpretation of the current section 111(a) "remains open" in the Ninth Circuit, despite dicta in *United States v. Rivera-Alonzo*, 584 F.3d 829, 833 n.2 (9th Cir. 2009)). Rivera-Alonzo stated that "Congress amended § 111(a) to clarify that the 8-year felony penalty applied 'if the assault involved physical contact with the victim of that assault….'" *Id.* (quoting Pub. L. No. 110-177, § 208(b), 121 Stat. 2534, 2538 (2008).

7

*v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016),[6] supports Mr. Cua's position. Opp. at 10. To get to this count, however, the government counts pre-2008 *Gagnon* in its column, while discarding pre-2008 *Chapman*, even though the latter follows *Hathaway* and foretold the 2008 amendment. Moreover, the government credits the dicta in *Davis*, while dismissing the Ninth Circuit's dicta in *Rivera-Alonzo*. *See* Opp. at 9 n.2. If dicta is excluded and both pre-2008 cases are counted, the circuit split is three in favor of defendant (*Chapman* in the Ninth Circuit, *Hathaway*/*Wolfname* in the Tenth Circuit, and *Davis's* holding that a misdemeanor requires an assault), and four in favor of the government (*Gagnon* in the Sixth Circuit, *Williams* in the Fifth, *Briley* in the Fourth, and maybe *Stands Alone*[7] in the Seventh Circuit).

In terms of decisions in this District, the government cites Judge McFadden's decision in *United States v. McCaughey*, et al., No. 21-CR-40-TNM. Opp. at 11. Notably, in his bench decision, Judge McFadden does not appear to have addressed the meaning of "simple assault" or the implication that a physical contact felony must involve physical contact "with the victim of that assault." Indeed, Judge McFadden relied upon the term "such acts" in the felony provision, *see* Opp. at 11, but failed to recognize that "such acts" refers back to the immediately preceding phrase "acts in violation of this section *constitut[ing] only simple assault*," not directly to the six verbs in section 111(a)(1).

---

[6] Although the government admits that *Wolfname* is squarely in Mr. Cua's favor, it does not attempt to distinguish it or address its reasoning, instead stating in conclusory fashion that "[t]he reasoning in *Wolfname* … is spare and unpersuasive" without further analysis. The reasoning in *Wolfname*, however—which addresses only one issue on appeal—spans eight pages (835 F.3d 1216-1223). In contrast, *Stands Alone* spans only six (11 F.4th 532-537).

[7] As reviewed in Mr. Cua's motion, at 15-16, *Stands Alone* appears to have rejected binding precedent in the Seventh Circuit in *United States v. Vallery*, 437 F.3d 626 (7th Cir. 2006), which held that the requirement for a simple assault applies to any means for violating section 111(a). The government simply ignores Mr. Cua's discussion of *Vallery*. If *Vallery* is counted for Mr. Cua and *Stands Alone* is set aside for lack of precedential value, the circuit count is four to three in favor of Mr. Cua.

The government argues that Judge Berman Jackson's jury instructions in *United States v. Riley Williams*, 21-CR-618-ABJ, support the government's position because she instructed the jury that it could convict Mr. Williams for resisting, opposing, intimidating, or interfering with a federal officer, "with no reference to assault." Opp. At 11. The government's reliance on *Williams* is misleading. The instructions specify that Mr. Williams was charged with "resisting, opposing, impeding, intimidating, or interfering with a federal officer," under section 111(a), ECF No. 122 at 32, not assaulting one, and it appears that Mr. Williams never raised the issue Mr. Cua is raising now. Thus, Judge Berman Jackson never even considered the issue presented here and certainly did not decide it in the government's favor.

Finally, the government reads too much into Judge Cooper's decision in *United States v. Egtvedt*, 21-CR-177-CRC. The government argues that, because Judge Cooper found Mr. Egtvedt guilty of violating section 111(a) but not guilty of section 1752(a)(4) (engaging in an act of physical violence on Capitol grounds), he necessarily found that Mr. Egtvedt did not commit an assault as part of his section 111(a) conviction. Even if one could make the leap that a general acquittal for violating section 1752(a)(4), with no specific factual findings, means that Judge Cooper found that Mr. Egtvedt did not commit an assault, the government does not state whether Judge Cooper was presented with and ruled on the issue Mr. Cua presents here.

In sum, the text, structure, and legislative history of section 111, including as supported by reasoned opinions from multiple circuits, supports an interpretation that section 111(a) requires that the government prove beyond a reasonable doubt that Mr. Cua committed an assault.

Finally, the government dismisses Mr. Cua's argument for applying the rule of lenity because "Section 111(a) is clear." Opp. at 8. Given the text of the statute, its structure, its legislative history, and supporting case law, Mr. Cua's interpretation of section 111(a) is correct,

but the defense would not nominate the statute as a model of clarity for either side's interpretation. *See United States v. Williams*,[8] 602 F.3d at 315-16 ("the statute contains two ambiguities," distinguishing between misdemeanors and felonies using the term "simple assault" and the list of violative acts). Neither of the party's positions can fully resolve the serious and substantial ambiguity that directly implicates a criminal defendant's exposure to a felony conviction and years of incarceration. If the Court cannot conclude that Mr. Cua's proposed interpretation is correct, it should at least conclude that it cannot resolve the ambiguities in the statute in Mr. Cua's favor.

II.     **The government is incorrect that Count Three of the Second Superseding Indictment sets forth every element of the charged offense.**

The government argues that, even if the Court agrees that section 111(a) requires a finding of assault, Count Three is sufficient as submitted to the Grand Jury because it sets forth every element of the charged offense and fairly informs Mr. Cua of the charge against him because it "tracks the statutory language and then some." Opp. at 12. To the contrary, the indictment does not track the statutory language and it fails to allege every element of the offense.

Count Three does not track the statutory language in at least two important ways. First, it omits the phrase "of that assault" modifying "victim" from the felony penalty provision. Second, it also alleges that Mr. Cua committed a felony because "*the acts in violation of this section* involve physical contact with the victim and the intent to commit another felony." SSI, Count Three. Section 111, however, does not use the term "acts in violation of this section" in the felony penalty provision, as stated in Count Three. The statute's felony provision uses the phrase

---

[8] The defense mistakenly cited *Gagnon* as the case name for this point in its motion, Mot. at 16, but the correct cite is to *Williams*. The reporter volume and page number in the motion's citation on page 16 is correct.

"such acts." As reviewed above, "such acts" refers to the immediately antecedent phrase "acts in violation of this section *constitut[ing] only simple assault*." In other words, like any lesser-included offense, it includes all of the elements of the misdemeanor (acts constituting simple assault), plus aggravating factors of either physical contact with the victim of the assault or intent to commit another felony. The government ignores these defects.

Moreover, even if Count Three tracked the statutory language correctly, it would still be insufficient because it does not allege assault as a required element for any means of violating the statute. "While it is ordinarily proper for an indictment to be drawn in the language of the applicable statute, the case is otherwise when the statute does not fully contain each element of the offense." *United States v. Thomas*, 444 F.2d 919, 921 (D.C. Cir. 1971). *See also United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1546 (1996). (while "[a]n indictment that tracks the words of the statute violated is generally sufficient, … implied, necessary elements, not presented in the statutory language, must be included in an indictment.") As the Supreme Court has explained: "[I]t is not sufficient to set forth the offense in the words of the statute, unless those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Carll*, 105 U.S. 611, 612 (1881). Count Three fails to comply with this requirement.

The government argues that Count Three sufficiently alleges assault as a required element because "it lists the violative actions in the conjunctive instead of the disjunctive." Opp. at 12. But the Count is not to be read and *understood* in the conjunctive. Rather, it is well-accepted that an indictment's recitation of alternative means of committing an offense must be read in the disjunctive. *See United States v. Lemire*, 720 F.2d 1327, 1345 (D.C. Cir. 1983). In other words, Count Three must be read as alleging that Mr. Cua can be convicted if he *either*

11

assaulted, resisted, opposed, impeded, intimidated, *or* interfered with the officer—not that he *must have* assaulted the officer to convict, which is the assumption the government must make for its argument. But if an assault is required under any of those means, it is not enough to allege an assault as one of those alternative means because it does not specify that committing the offense by way of resisting, opposing, impeding, intimidating, or interfering must also involve assaultive conduct. The way Count Three is phrased in the SSI, it does not require an assault for a conviction and therefore fails to sufficiently apprise Mr. Cua of the required elements of the charge against him.

       The government cites the decision in *United States v. Sargent*, No. 21-CR-258, ECF No. 50, as finding a similar section 111(a) charge in another January 6 case to be sufficiently specific. But the government omits that the defendant in *Sargent* did not raise the issue Mr. Cua is raising here. The issue in *Sargent* was whether the section 111(a) charge provided sufficient *factual* detail, not whether it properly charged assault as a required element of the offense. *See id.* at 12 (reviewing that Mr. Sargent "argu[ed] that the Superseding Indictment omits necessary factual detail"). Indeed, the Court in *Sargent* explained that "'if a criminal statute disjunctively lists multiple acts which constitute violations, the prosecution may in a single count of an indictment or information charge several or all of such acts in the conjunctive and under such charges make proof of any one or more of the acts, proof of one alone, however being sufficient to support a conviction.'" *Id.* at 13-14 (quoting *United States v. Brown*, 504 F.3d 99, 104 (D.C. Cir. 2007). It is precisely because of such alternative pleading, as recognized in *Sargent*, that Count Three fails to allege an assault as a required element of the offense.

       Next, the government argues that, if the Court agrees that an assault is required to violate section 111(a), it should not dismiss Count Three because the government could still prove that Mr. Cua committed an assault at trial. Opp. at 13. This does not, however, cure the defective

12

indictment, which—if the Court agrees section 111(a) requires an assault—does not allege all of the required elements of the offense. Under Count Three, as alleged, an assault is an *alternative* means, not an *essential* element, for committing the offense. None of the cases the government cites on this point involve a challenge to the indictment for failure to sufficiently inform the defendant of the offense because it did not allege the required elements, which is a proper pretrial challenge under Federal Rule of Criminal Procedure 12.

Finally, the government cites several cases with respect to its contention that Mr. Cua did commit an assault, see Opp. at 14, which again is irrelevant to whether the government was required to allege assault as a required element. In any event, none of the cases the government cites address the issue presented here. Here, the factual issue for the Court will be whether Mr. Cua intentionally attempted to inflict serious injury upon the officer in question. The Eleventh Circuit's pattern jury instruction for section 111(a) defines "forcible assault" under section 111(a) as "an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death." U.S. Court of Appeals for the Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, No. O1.1 (Mar. 10, 2022).[9]

Three of the four cases the government cites, however, did not address the definition of assault or the requirement that an assault requires an intent to inflict injury. All three dealt only with whether the alleged assault was done "forcibly" and did not consider the definition of "assault" or its requirement of an intent to injure. *See United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991); *United States v. Fernandez*, 837 F.2d 1031, 1035 (11th Cir. 1988);

---

[9] Available at https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf.

*United States v. Hightower*, 512 F.2d 60, 61 (5th Cir. 1975). The unreported decision in *United States v. Dombrowsky*, 111 F. App'x 716 (5th Cir. 2004), appears to conclude incorrectly that the government "need not prove that the defendants intended to injure the officers," *id.* at 718, contradicting the Fifth Circuit's own jury instructions. *See* U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Criminal Cases), at 105 (2019) (defining "forcible assault" as "any intentional attempt or threat to inflict injury upon someone else when a defendant has a present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured or the threat or attempt was actually carried out.").[10] Accordingly, none of the cases cited by the government is helpful for determining whether Mr. Cua committed an assault, even if that were at issue in this motion (it is not).[11]

## CONCLUSION

For all the foregoing reasons, Mr. Cua respectfully requests that the Court hold that, under section 111(a), an assault is required to indict and convict Mr. Cua. Because Count Three does not correctly allege assault as a required element for all the ways in which the SSI alleges Mr. Cua violated the statute (i.e., resisting, opposing, impeding, intimidating, and interfering),

---

[10] Available at https://www.lb5.uscourts.gov/juryinstructions/fifth/crim2019.pdf.

[11] The government also understates the severity of the alleged assaults in its cited cases. In *Dombrowsky*, the first defendant "pushed [one officer] twice and made a move to punch [another officer." 111 F. App'x at 717. The second defendant "attacked [one officer] with [a] can of pepper spray." *Id.* The incident also involved "scuffling for a while" with the defendants. Similarly, in *Hernandez*, the defendant "spoke heatedly to [the officer] at close range …, poked [the officer] in the chest and spoke to [him] in a way [the officer] considered threatening." 921 F.2d at 1576. In *Fernandez*, the defendant chased the prosecutor down the street, bumped into him and shouted at him "You better watch your back" while standing with his chest touching the prosecutor's arm and his face "inches away" from the prosecutor's. 837 F.2d at 1033. Finally, in *Hightower*, the defendant was struggling with the officer to retrieve a hunting license the officer had confiscated, reaching into the officer's car, grabbing his coat and trying to reach across the officer to grab the license. 512 F.2d at 61.

the Court should dismiss Count Three. In the alternative, Mr. Cua requests a ruling consistent with this requirement that would be applied to the evidence at trial.

                                                Respectfully submitted,

DATED: January 26, 2022                /s/ William E. Zapf
                                                Jonathan Jeffress (D.C. Bar No. 479074)
                                                William E. Zapf (D.C. Bar No. 987213)
                                                KaiserDillon PLLC
                                                1099 14th Street NW
                                                8th Floor West
                                                Washington, DC 20005
                                                T: (202) 640-2850
                                                F: (202) 280-1034
                                                jjeffress@kaiserdillon.com
                                                wzapf@kaiserdillon.com

                                                *Attorneys for Bruno Joseph Cua*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2023, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system and served a copy of it by electronic mail on counsel for the United States, Assistant United States Attorneys Kaitlin Klamann, Carolina Nevin, and Kimberly Paschall.


Dated: January 26, 2023                                                  */s/ William E. Zapf*
                                                                                             William E. Zapf