**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 21-CR-00107-RDM** |
| **v.** | |
| **BRUNO JOSEPH CUA** | **Honorable Randolph D. Moss** |

### GOVERNMENT'S SUPPLEMENTAL
### MEMORANDUM REGARDING STIPULATED TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits a memorandum regarding the applicable law for the upcoming stipulated trial in this case pursuant to the Court's request for additional information in its February 13, 2023 Minute Order.

### **ARGUMENT**

In response to the Court's February 13, 2023, Minute Order, the government submits this supplemental brief on the question "what constitutes an 'injury' for purposes of an assault" under 18 U.S.C. § 111(a). *See* February 10, 2023 Minute Order.

When it was enacted in 1948, Section 111 provided, in relevant part, that "[w]hoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties" has committed a crime. 62 Stat. 683, 688 (June 25, 1948). That statutory language has remained essentially the same since it was enacted. *See* 18 U.S.C. § 111(a)(1) ("Whoever—(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties").

This Court has held that the word "assault[ ]" as it is used in Section 111(a) should be interpreted to incorporate the common-law meaning of that term. *See* February 10, 2023 Minute

Order. The Court thus concluded "that the term 'assault,' as it is used in 18 U.S.C. 111(a)(1), means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so." *Id.* (quotation marks omitted). The Court has asked the parties to address "what the term 'injury' means in this context." *Id.* The answer to that question is that any offensive touching constitutes an "injury" for purposes of common-law assault.

The attempted or threatened "injury" for purposes of common-law assault must be understood in light of the relationship between common-law assault and common-law battery. "Under the common law, 'an assault is an attempted battery and proof of a battery will support conviction of an assault.'" *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (quoting *United States v. Dupree*, 544 F.2d 1050, 1052 (9th Cir. 1976)); *see also* 1 W. Blake Odgers, et al., The Common Law of England 317 (2d ed. 1920) ("[E]very battery includes an assault" because "it is in short an assault which has succeeded."); *California v. Hodari D.*, 499 U.S. 621, 631 (1991) (Stevens, J., dissenting) (noting "the distinction between the common-law torts of assault and battery—a touching converts the former into the latter"); *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) ("At common law, assault meant an attempt to commit a battery or an act putting another in reasonable apprehension of bodily harm. . . . A battery is the slightest willful offensive touching.") (cleaned up); *United States v. Delis*, 558 F.3d 177, 180 (2d Cir. 2009) ("common-law assault consisted of either attempted battery or the deliberate infliction upon another of a reasonable fear of physical injury"); *Hernandez v. United States*, 286 A.3d 990, 999 (D.C. 2022) (en banc) ("[C]ompleted batteries have been routinely prosecuted as assaults. It makes no legal difference whether the facts underlying a conviction for assault show not just an attempted battery but a completed battery. Proof of a battery will support a conviction of assault.") (cleaned up).

Common-law battery did not require the infliction of any injury. Rather, it "consisted of the intentional application of unlawful force against the person of another. The common law held this element of 'force' to be satisfied by even the slightest offensive touching." *Johnson v. United States*, 559 U.S. 133, 139 (2010) (citations omitted). *See* 4 Henry John Stephen, Stephen's Commentaries on the Laws of England 69 (Edward Jenks, ed., 17th ed. 1922) ("The assault becomes a battery when the force or violence is applied to the body of the assaulted person, however slight the blow."). Under the common law, "an unconsented to contact with the person of another" is a battery. 2 Charles E. Torcia, Wharton's Criminal Law § 177 (15th ed., 1994 & 2018 update). Even "the least touching" of another's person constituted the "force" and "violence" necessary to commit a battery at common law, "for the law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it: every man's person being sacred, and no other having a right to meddle with it, in any the slightest manner." 3 Blackstone, Commentaries on the Laws of England 120 (1768).

Because proof of a battery establishes an assault (which is an attempted battery),[1] the "injury" that must be attempted or intended for purposes of common-law assault is necessarily the same "injury" that would establish a common-law battery: "even the slightest offensive touching." *Johnson*, 559 U.S. at 139. English and early American judicial decisions reflect this understanding. In an early Texas case, the defendant lost his wallet and accused the victim of taking it; the defendant committed an assault and battery by "putting his hands on [the victim]'s pocket to see

---

[1] *See generally Ljutica v. Holder*, 588 F.3d 119, 125 (2d Cir. 2009) ("Because an attempt to commit a substantive crime is a lesser included offense of that substantive crime . . . the facts that support a conviction for the completed crime also support a conviction for attempt."); *United States v. York*, 578 F.2d 1036, 1040 (5th Cir. 1978) ("[t]he attempt is an offense included in the completed crime"); 2 Wayne R. LaFave, Substantive Criminal Law § 11.5(c) (3d ed. Oct. 2022) ("many recent cases have held that a defendant may be convicted of the attempt even if the completed crime is proved").

if the pocketbook was there," because "[t]he act of laying hands on the person of the party assailed, under the circumstances, was sufficient to constitute a common assault and battery." *Johnson v. State*, 17 Tex. 515, 517 (1856). Similarly, courts sustained charges of assault and battery in cases involving spitting, *Reg. v. Cotesworth*, 6 Mod. Rep. 172, 87 Eng. Rep. 928 (K.B. 1705); laying an open hand on the victim's chest while stating, "I once thought we were friends," *State v. Baker*, 65 N.C. 332 (1871); placing "the arm, though tenderly, about the neck of another man's wife, against her will," *Goodrum v. State*, 60 Ga. 509 (1878); touching a woman upon the chin without her consent, *Clerget v. State*, 83 Ark. 227 (1907); taking hold of a married woman's wrist and asking for a kiss, *Moreland v. State*, 125 Ark. 24 (1916); and placing a hand upon the shoulder of a woman against her will, *Lynch v. Commonwealth*, 109 S.E. 427 (Va. 1921).

Other early American cases likewise illustrate that no injury need be intended to commit a common-law assault. For example, in *Hill v. State*, 63 Ga. 578 (1879), the victim did not want to join in the schoolyard game, and the defendant threw rocks at him "in sport, without ill-will or anger, and with no intention to hit." *Id.* at 580. Despite the defendant's lack of intent to injure his schoolmate, the court affirmed the simple-assault conviction. "For boys to throw at one another stones of a size and weight to lacerate lips and break teeth, is not innocent play, but wild and wanton mischief'"; the defendant "must answer for the consequences of [his] reckless conduct." *Id.* at 581-81. Similarly, the court upheld a simple-assault conviction in *Commonwealth v. Stratton*, 114 Mass. 303 (1873), where the defendant secretly placed "love powders" inside figs to be eaten by the victim. Although the defendant "believed it was not deleterious to health," he also "knew it was not ordinary food" and placed the powder in the figs "to try the effect of it" on the victim. *Id.* at 305. And in *Smith v. Commonwealth*, 100 Pa. 324 (1882), the court affirmed a conviction for

aggravated assault and battery where the defendant shot a pistol in a train car "to make a frolic," and shot downward and without any intent to strike another person. *Id.* at 325-26, 329.

The fact that common-law assault does not require a defendant to attempt to inflict a more severe injury than is necessary to establish a common-law battery is also apparent from cases construing both Section 111 and similar federal assault statutes. For example, in *United States v. Frizzi*, the First Circuit affirmed a defendant's conviction under Section 111 for spitting in a mail carrier's face. 491 F.2d 1231, 1232 (1st Cir. 1974). The Court held "that spitting in the face" is a "forcible assault, or, more exactly, a battery falling within the statutory description 'forcibly assaults, resists, opposes, impedes, intimidates or interferes.' Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive." *Id.* The Second Circuit noted that, when a defendant "lifted his hand menacingly, as though to shove Lightcap, and did in fact shove him," "both acts [were] sufficient to constitute a crime under section 111." *United States v. Alsondo*, 486 F.2d 1339, 1345 (2d Cir. 1973); *see also United States v. Byrd*, 208 F.3d 592, 596 (7th Cir. 2000) ("But even if the shackles prevented Byrd from actually striking the officers, his threatening 'display of physical aggression' toward them was sufficient to constitute an assault under 18 U.S.C. sec. 111."); *Lucas v. United States*, 443 F. Supp. 539, 544 (D.D.C. 1977) (recognizing that Section 111 "includes the lifting of a menacing hand toward the officer, or shoving him"). And the Eleventh Circuit has held that Section 111 "may be violated . . . by minimal physical contact . . . or even without the presence of any physical contact[.]" *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (citing cases).

Cases construing 18 U.S.C. § 113(a)(5) reach the same result. That statute criminalizes "simple assault" within the special maritime and territorial jurisdiction of the United States. Courts have interpreted Section 113(a)(5) to incorporate the common-law meaning of assault. *See, e.g.*,

*Delis*, 558 F.3d at 180; *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982). When looking to that common-law meaning, courts have consistently held that an intentional, offensive touching constitutes an assault under Section 113(a)(5). *See Delis*, 558 F.3d at 184 ("conviction under § 113(a)(5) for conduct constituting common-law battery does not require any finding of specific intent to injure"). As the Ninth Circuit explained, "[t]he cases determining the scope of § 113(a)(5) are consistent with Blackstone's description of battery. Even a seemingly slight, but intentional, offensive touching can suffice for a battery. . . . As these cases demonstrate, noninjurious but intentional, offensive contact (even if relatively minor) satisfies the requirement for simple assault under the battery theory." *Lewellyn*, 481 F.3d at 698. Thus, "[a] defendant violates § 113(a)(5) by deliberately touching another individual in a patently offensive manner without justification or excuse." *United States v. Hedberg*, 98 F. App'x 498, 499 (6th Cir. 2004); *see also United States v. Whitefeather*, 275 F.3d 741, 742-43 (8th Cir. 2002) (holding that the district court did not err "by instructing the jury that simple assault [under Section 113(a)(5)] is 'Any intentional or knowing harmful or offensive bodily touching or contact, however slight, without justification or excuse, with another's person, regardless of whether physical harm is intended or inflicted'"); *United States v. Bayes*, 210 F.3d 64, 69 (1st Cir. 2000) ("[T]he common law provided that an assault committed by way of a battery did not require an intent to cause or to threaten an injury as long as the defendant touched another in a deliberately offensive manner without a valid reason to do so. . . .[I]n a prosecution for simple assault under § 113(a)(5), it is sufficient to show that the defendant deliberately touched another in a patently offensive manner without justification or excuse."); *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999) ("The slightest willful offensive touching of another constitutes a battery at common law, regardless of whether the defendant harbors an intent to do physical harm. . . . [T]he view that

common law battery (and, thus, Section 113(a)(5) assault) does not contain an intent to harm element is borne out by § 113 itself."); *Guilbert*, 692 F.2d at 1343 ("where the assault is of the first type, *i.e.*, an attempted battery, the victim need not have experienced reasonable apprehension of immediate bodily harm").

As Judge Posner explained when discussing the difference between common-law assault and common-law battery, it is error to define common-law assault (under Section 113) "as requiring an intent to threaten, or attempt, to do bodily harm." *United States v. Watts*, 798 F.3d 650, 653-54 (7th Cir. 2015). This is because "an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim." *Id.* at 654. In other words, the "injury" that must be attempted or threatened for purposes of common-law assault is merely "offensive . . . physical contact with the victim."[2]

State courts addressing common-law assault also recognize that offensive touching constitutes an "injury" for purposes of that crime. For example, the District of Columbia assault statute applies to "[w]hoever unlawfully assaults, or threatens another in a menacing manner[.]" D.C. Code § 22-404(a)(1). This statute was enacted in 1901, and the D.C. Court of Appeals has "long construed it to prohibit common law assault." *Hernandez*, 286 A.3d at 996. Consistent with the common law, the D.C. Court of Appeals has held that "a nonviolent offensive touching . . . also constitutes an assault." *Id.* at 998. The crime of simple assault "is designed to protect not only

---

[2] The Seventh Circuit has reached the same conclusion in a prosecution brough for assaulting a member of Congress under 18 U.S.C. § 351. There, the court explained: "Defendant further challenges the instruction for not requiring proof of an intent to injure. The instruction did, of course, require the government to prove that defendant willfully caused, by spitting, an offensive touching. We think this is an adequate statement." *United States v. Masel*, 563 F.2d 322, 324 (7th Cir. 1977). And, when interpreting the Sentencing Guidelines, a judge on the Sixth Circuit has noted that "offensive touching alone counts as battery, and thus assault[.]" *United States v. Pruitt*, 999 F.3d 1017, 1030 (6th Cir. 2021) (Nalbandian, J., concurring).

against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching[.]" *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc). Consistent with those cases, the District's model jury instructions state that "[i]njury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility." Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.). And the D.C. Circuit has interpreted the District's assault statute to apply when a defendant tells a child to hold his private parts: "[T]hreat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault." *Beausoliel v. United States*, 107 F.2d 292, 296-97 (D.C. Cir. 1939).[3]

In *Hill v. State*, the Texas Court of Criminal Appeals held that the trial court did not err when, in a prosecution for aggravated assault, it instructed the jury that "[t]he injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind." 38 S.W. 997, 988 (Tex. Crim. App. 1897). It was sufficient that the defendant's "acts were calculated to produce a sense of shame or other disagreeable emotion[.]" *Id.* The Michigan Supreme Court has explained that, for common-law assault, "[t]here thus must be either an intent to injure/touch offensively *or* an intent to threaten." *People v. Johnson*, 284 N.W.2d 718, 738 (Mich. 1979). In discussing South Carolina's Criminal Domestic Violence statute, the Fourth Circuit noted that

---

[3] *See also Ray v. United States*, 575 A.2d 1196, 1198-99 (D.C. 1990) ("[A]n assault conviction will be upheld when the assaultive act is merely offensive, even though it causes or threatens no actual physical harm to the victim."); *Harris v. United States*, 201 A.2d 532, 534 (D.C. 1964) ("Nevertheless, 'violence' in its ordinary meaning is not a necessary element of assault, for an attempt to do unlawfully to another any bodily injury however small constitutes an assault. . . . Thus, the jostling of Meier, the fumbling with his trouser cuffs, and the impact at the area of his hip pocket constituted sufficient evidence to send the case to the jury on the question of assault.").

"common-law assault can be based on the threat of a rude or offensive touching[.]" *United States v. Drummond*, 925 F.3d 681, 695 (4th Cir. 2019). The Fourth Circuit has also explained that there is "precedent from Maryland's highest court stating that the degree of force required as an element of [common-law assault] is 'offensive physical contact.'" *United States v. Proctor*, 28 F.4th 538, 552 (4th Cir. 2022) (alteration in *Proctor*); *see* Maryland Pattern Criminal Jury Instructions No. 4:01 (defining assault as "intentionally frightening another person with the threat of immediate [offensive physical contact]" or an "attempt to cause [offensive physical contact]"). And, under Massachusetts law, "a conviction for assault"—the elements of which "are determined by the common law"—"does not require 'a threat or attempt to cause physical harm;' attempted or threatened 'touching, if merely offensive, is sufficient.'" *Beezer v. United States*, 360 F. Supp. 3d 1, 11 (D. Mass. 2019) (quoting *United States v. Martinez*, 762 F.3d 127, 137 (1st Cir. 2014)).

## <u>CONCLUSION</u>

This Court should conclude that any offensive touching constitutes an "injury" for purposes of common-law assault. That conclusion is consistent with myriad cases spanning decades that address the common-law definition of assault in many different contexts decided by numerous different courts. It is also consistent with Congress's intent in enacting Section 111 of "according maximum protection to federal officers by making prosecution for assaults upon them cognizable in the federal courts[.]" *United States v. Feola*, 420 U.S. 671, 684 (1975). Indeed, it is "exceedingly implausible that Congress intended to criminalize common-law assault [in Section 111,]" *Delis*, 558 F.3d at 182, but meant to exclude from that crime pushes, shoves to the face, jostling, or even more serious physical contact unless the defendant possessed some intent to inflict lasting injury. To the contrary, "an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim." *Watts*, 798 F.3d at 654.

The court should define injury for purposes of common law assault consistent with that well-established understanding.

Dated: February 17, 2023          Respectfully submitted,

                               MATTHEW M. GRAVES
                               United States Attorney
                               D.C. Bar No. 481052

By:    */s/ Kaitlin Klamann*
                               KAITLIN KLAMANN
                               Assistant United States Attorney
                               601 D Street NW
                               Washington, D.C. 20530
                               IL Bar No. 6316768
                               (202) 252-6778
                               Kaitlin.klamann@usdoj.gov

                               CAROLINA NEVIN
                               Assistant United States Attorney
                               601 D Street NW
                               Washington, D.C. 20530
                               NY Bar No. 5226121
                               (202) 803-1612
                               Carolina.Nevin@usdoj.gov