UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRUNO JOSEPH CUA | Criminal Action No. 21-00107 (RDM)<br><br>Honorable Randolph D. Moss<br><br>Trial: February 13, 2023 |

**SUPPLEMENTAL TRIAL BRIEF OF DEFENDANT BRUNO CUA REGARDING THE MEANING OF "ASSAULT" FOR PURPORSES OF 18 U.S.C. § 111**

Defendant Bruno Cua, through his counsel, files this supplemental trial brief, in response to the Court's February 13, 2023 Minute Order, to further address the meaning of the term "assault" under 18 U.S.C. § 111.[1] Mr. Cua submits this trial brief in advance of the hearing on February 24, 2023, to assist the Court with its determination.

With its February 12, 2023 Memorandum Regarding Stipulated Trial, ECF No. 279, and February 17, 2023 Supplemental Memorandum Regarding Stipulated Trial, ECF No. 285, the government has now turned 180 degrees. Just a few days before filing its February 12 brief, the government had argued that simple assault required an intentional attempt or threat to inflict injury and that such an injury must be an injury within the meaning of section 1B1.1 n.1, in other words, a significant injury, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought. *See* ECF No. 273 at 1-2. Prior to that, in a stipulation signed by the parties and submitted to the Court on February 2, 2023, the government had agreed that an assault under section 111 requires an "intentional attempt or threat to inflict injury upon

---

[1] Mr. Cua previously filed a trial brief in response to the Court's February 10, 2023 Minute Order. *See* ECF No. 278.

someone else, when coupled with an apparent present ability to do so, that places another in reasonable apprehension of immediate bodily harm."

The government now argues for the first time that, not only is its prior definition of injury is wrong, but also that an "offensive touching" constitutes simple assault "regardless of whether the perpetrator possessed any specific intent to injure." ECF No. 279 at 3 (quoting *United States v. Delis*, 558 F.3d 177, 178 (2d Cir. 2009). *See also id.* (quoting *Hernandez v. United States*, 286 A.3d 990, 997 (D.C. 2022) (en banc), for the proposition that "[t]he assailant … need not [have] a conscious purpose to inflict injury"). The government's new, result-driven position is contrary to the law and inconsistent with what the government has stipulated to in this very case.

To start with the definition of assault, the government and Mr. Cua have agreed on a definition for "assault" in the Statement of Facts for Stipulated Trial:

> The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, that places another in reasonable apprehension of immediate bodily harm. A finding that one used force (or attempted or threatened to use it) is not the same as finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," the government must prove beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

ECF No. 281 at 3.

In other words, the parties have agreed that an assault has four elements:

1. The defendant attempted or threatened to inflict injury upon someone else;

2. The defendant intended to attempt or to threaten to inflict such injury;

3. The defendant had the apparent present ability to inflict such injury; and

4. The defendant's attempt or threat to inflict injury upon someone else placed that person in reasonable apprehension of bodily harm.

To clarify, the government submitted a brief on February 1, 2023, in which it proposed a similar, but incomplete, definition of "assault" that omitted the fourth required element agreed

upon by the parties in the stipulation—that the defendant's actions place the victim in reasonable apprehension of immediate bodily harm. *See* ECF No. 273 at 1. Defense counsel inadvertently stated that it agreed with the government's definition, *see* ECF No. 274 at 3, even though it differs from the stipulation. *See also* ECF No. 278 at 1-2 (discussing the definition included in the government's February 1 brief). To be clear, Mr. Cua does not agree with the definition of assault submitted by the government in its February 1 brief. The correct definition of "assault" for the Court to use is the one to which the parties stipulated and which Mr. Cua himself signed (originally on February 1, 2023), which includes the fourth element listed above. *See* ECF No. 281.[2]

This definition of "assault," including the fourth element, is consistent with pattern jury instructions from the Seventh, Eighth, Ninth, and Eleventh Circuits, which all define "assault" as requiring that the alleged victim be placed in reasonable fear/apprehension of bodily harm. *See* Seventh Circuit, Criminal Instructions, at 190 (2022 ed.) ("creates in the victim a reasonable fear or apprehension of bodily harm")[3]; Eighth Circuit Model Jury Instructions, No. 6.18.111, at 163 (2021 ed.) ("sufficient to put the person against whom the attempt is made in fear of immediate bodily harm");[4] Ninth Circuit Manual of Model Criminal Jury Instructions, No. 8.1, at 159 (2022 ed.) ("causes a reasonable apprehension of immediate bodily harm")[5]; Eleventh Circuit Pattern

---

[2] The government first submitted a Statement of Facts for Stipulated trial containing this definition to the Court by email on February 2, 2023, which included a signature by defense counsel dated February 1, 2023. At the hearing on February 13, 2023, the government and Mr. Cua signed an updated version of the Statement of Facts for Stipulated Trial that included additional stipulated facts, which is the document on the docket at ECF No. 281, and which also includes the definition of "assault" with the "reasonable apprehension of bodily harm" element.
[3] Available at https://www.ca7.uscourts.gov/pattern-jury-instructions/Bauer_pattern_criminal_jury_instructions_2022updates.pdf.
[4] Available at https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf.
[5] Available at https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2022_12.pdf.

Jury Instructions, Criminal Cases, No. O1.1, at (Mar. 2022 ed.) ("would cause a reasonable person to expect immediate and serious bodily harm or death").[6]

The fourth element of assault matters here because, aside from properly reflecting the full elements of the offense, it parallels the "intent to injure" requirement, further elucidating the meaning of "to injure." As already detailed in Mr. Cua's most recent trial brief, "injury" in the parties' stipulated definition of assault means "bodily injury." *See* ECF No. 278 at 2-3. Indeed, as reviewed, the D.C., Seventh, and Eleventh Circuits all define "assault" to include an intent to inflict *bodily* injury, not simply injury in a more general sense. *See id.* As the D.C. Circuit recognized, this is consistent with the Model Penal Code. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996). An intent to inflict bodily injury parallels the victim's required reasonable fear or apprehension of bodily harm. An action performed without intent to inflict bodily injury—such as a shove or spitting—would not create in the victim a reasonable fear that they would suffer bodily harm.

Use of the term "bodily injury" in the definition of "assault" also parallels the enhanced penalty provision of subsection 111(b), which is triggered by use of a deadly or dangerous weapon or infliction of bodily injury, i.e., not just a threat or attempt to injure. This creates a parallel structure between the three offenses under section 111. First, a simple assault is an attempt or threat to inflict bodily injury. Second, the penalty for assault is enhanced under the felony provision of section 111(a) if, in attempting to inflict bodily injury, the defendant makes physical contact with the victim. Third, the penalty is enhanced further if the defendant's assault actually causes bodily injury. Accordingly, "intent to inflict injury" in the parties' stipulated definition of "assault" should be understood to mean "intent to inflict *bodily* injury," just as the

---

[6] Available at https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf.

case law, jury instructions, and Model Penal Code provide, and as the structure of the statute shows. It does not appear that the government disagrees with this premise, even if it disagrees with what "bodily injury" may mean.

With "injury" clarified to mean "bodily injury," however, there is no need to look to the common law. "When Congress uses, but does not define a particular word, it is presumed to have adopted the word's established meaning." *United States v. Myers*, 972 F.2d 1566, 1572 (1992). As *Myers* found in defining "bodily injury" for purposes of 18 U.S.C. § 242, Congress has established the meaning of "bodily injury" by repeatedly codifying the definition in Title 18. Specifically, "bodily injury" means (a) a cut, abrasion, bruise, burn, or disfigurement; (b) physical pain; (c) illness; (d) impairment of a function of a bodily member, organ, or mental faculty; or (e) any other injury to the body, no matter how temporary. *See* ECF No. 278 at 5 (quoting 18 U.S.C. § 831(g)(5), 1365(h)(4), 1515(a)(5) & 1864(d)(2)). As Mr. Cua has reviewed, this Title 18 definition has been used to define "bodily injury" for purposes of section 111 by numerous courts, including pattern jury instructions published by the circuit courts.[7] *See* ECF No. at 5-6 (citing jury instructions from the Seventh, Eighth, and Eleventh Circuits, and the District of South Carolina, and cases from the Sixth and Eighth Circuits and the Western District of Virginia). If the Court will not hold the government to its prior position and define injury according to the definition from the Sentencing Guidelines, the parties' stipulated definition of assault and the Title 18 definition of "bodily injury" should end the Court's analysis.

In an attempt to overcome this unavoidable conclusion, the government attempts to redefine assault, rather than address the meaning of injury within the stipulated definition of

---

[7] As stated previously, Mr. Cua objects to the Court using a definition of injury different from the definition of "bodily injury" from the Sentencing Guidelines, given the government's agreement to that definition. *See* ECF No. 278 at 4-5. The Court should inquire with the government whether the term has been defined for purposes of any other January 6 cases.

5

assault. Specifically, the government now argues that an assault is simply an "attempted battery" under the ancient common law, an assault involving physical contact with the victim is simply a "completed battery," and that a battery is simply an unwanted touching under the common law. *See* ECF No. 279 at 1-2. The government, however, does not attempt to define "injury" itself as a common-law term of art. Rather, it argues that, if "an assault is merely an attempted or threatened battery, it necessarily follows that the attempted or threatened 'injury' for purposes of an assault is the same injury sufficient to prove a completed battery: 'the slightest offensive touching.'" ECF No. 279. That is not the same as looking to the common law to define and undefined term. The parties have stipulated to the meaning of assault. The issue is how to define "injure" within that definition.

This attempt by the government to sidestep the issue is apparent in its latest brief, as well. Although it claims to argue that "any offensive touching constitutes an 'injury' for purposes of common-law assault," it then argues that an intent to injure or an injury is not needed at all for a common-law battery. *See* ECF No. 285 at 3 ("Common-law battery did not require the infliction of any injury."); *id.* at 4 ("Other early American cases likewise illustrate that no injury need be intended to commit a common-law assault."); *id.* ("Despite the defendant's lack of intent to injure his schoolmate, the court affirmed the simple-assault conviction."). One case the government quotes held that a conviction under 18 U.S.C. § 113 "does not require any finding of specific intent to injure." *Id.* at 6 (quoting *United States v. Delis*, 558 F.3d 177, 180 (2d Cir. 2009)). Another case quoted by the government held that offensive bodily touching is an assault under section 113(a)(5) "regardless of whether physical harm is intended or inflicted." *Id.* (quoting *United States v. Whitefeather*, 275 F.3d 741, 742-43 (8th Cir. 2002)). Yet another case quoted by the government observed that common-law assault "did not require an intent to cause or to threaten an injury." *Id.* (quoting *United States v. Bayes*, 210 F.3d 64, 69 (1st Cir. 2000)).

Lastly, a case quoted by the government held that the "slightest willful offensive touching" is a battery at common law "regardless of whether the defendant harbors an intent to do physical harm." *Id.* (quoting *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999). Moreover, most of the cases the government cites addressing section 111 are dated and wrong. *See id.* at 5 (citing cases from the 1970s). Following those decisions would directly contradict the government's earlier stipulation and, most importantly, the clear weight of authority holding that assault under section 111 requires an intent to inflict bodily injury.[8]

In reversing its position on the meaning of "assault" and attempting to obliterate the requirement of an intent to inflict bodily injury, the government cites the LaFave treatise for the proposition that an assault involving physical contact is a battery and that an offensive touching suffices for battery. ECF No. 279 at 1-2. The government omits a critical part of the commentary in LaFave, however—that, while an "offensive touching" can be enough under the "traditional view," the modern approach, as reflected in the Model Penal Code, is to "limit battery to instances of physical injury." 2 Wayne R. LaFave, Substantive Criminal Law § 16.2(a) (Oct. 2022 update). It goes on to explain that limiting battery to instances involving physical injury is the prevailing view in jurisdictions with new criminal codes, as reflected in the use of terms such as "physical injury," "bodily injury," "bodily harm," etc., and that only a minority of criminal codes follow the much broader view that "sometimes extend[s] the crime to any touching or physical contact." *Id.*[9]

---

[8] This would also contradict the government's position in other January 6 cases. *See, e.g., United States v. Egtvedt*, No. 1:21-cr001777-CRC, ECF No. 105, at 4 (government's proposed jury instructions).

[9] Even under the common law, "bodily injury" involves more than a common-law battery. *See* LaFave § 16.2(a) n.9 (3d ed.) (describing that "bodily injury" is "commonly defined so that 'pain alone (of any grade) can constitute bodily injury distinct from physical impairment,' while other statutes require 'substantial pain'"). Thus, to the extent that the Court determines that "injury" within the parties' stipulated definition of assault means "bodily injury" under the common law, rather than the established meaning in Title 18, it still means more than an offensive touching.

Section 111 falls within the modern approach. That is why the D.C. Circuit in *United States v. Duran* defined "assault" for purposes of section 111 according to the Model Penal Code as an attempt to cause or causes "bodily injury" to another. 96 F.3d 1495, 1509 (D.C. Cir. 1996). It is also why the Model Penal Code defines "bodily injury" to mean "physical pain, illness or any impairment of physical condition." § 210.0(1). "Bodily injury," as defined in the Sentencing Guidelines, in several other sections of Title 18, and in the Model Penal Code does not include offensive touching.

The Court should not turn to the common law to define "assault" or "injury." It should follow the parties' stipulated definition of "assault," including requiring an intent to inflict bodily injury, and at the very least use the definition of "bodily injury" codified in several places in Title 18.

DATED: February 17, 2023

Respectfully submitted,

*/s/ William E. Zapf*
Jonathan Jeffress (D.C. Bar No. 479074)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
jjeffress@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Bruno Joseph Cua*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2023, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system and served a copy of it by electronic mail on counsel for the United States, Assistant United States Attorneys Kaitlin Klamann, Carolina Nevin, and Kimberly Paschall.

Dated: February 17, 2023                              */s/ William E. Zapf*
                                                                                  William E. Zapf