IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America,

v.

Bruno Joseph Cua,

Defendant.

Leave to file GRANTED

RANDOLPH D. MOSS        DATE
United States District Judge

Criminal Action No. 21-00107 (RDM)   4/24/23

Honorable Randolph D. Moss

## APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28, applicants Conrad
Smith, Danny McElroy, Byron Evans, G.L., Melissa Marshall, Michael Fortune, Jason DeRoche,
and Reginald Cleveland ("Applicants") seek access to certain exhibits in this criminal case.
Applicants are United States Capitol Police officers harmed during the January 6, 2021 attack on
the U.S. Capitol (the "Attack"). Applicants include officer G.L., whom this Court found Defendant
Cua guilty of assaulting. The exhibits that Applicants seek are relevant to Applicants' civil action
against certain defendants for harming them in the course of the Attack. For the reasons stated
herein, Applicants respectfully request that the Court order the Government to allow Applicants
to access and download video exhibits 101–110, 201–212, 214, 301–306, and DX1 (the "Video
Exhibits") via the electronic "drop box" solution outlined in Standing Order No. 21-28, which
governs public access to video exhibits in criminal cases arising from the January 6, 2021 attack
on the Capitol.

Applicants' pending civil case, *Smith v. Trump*, No. 21-cv-2265 (D.D.C.), commenced
discovery following an initial conference in March 2023. Applicants' claims include assault, which
requires showing apprehension of harmful or offensive contact, and battery, which requires
showing an intentional act that causes harmful or offensive bodily contact.

1

The Video Exhibits, which were submitted at trial in this case, are relevant to establishing those claims. On February 24, 2023, Defendant Cua was convicted of assaulting Applicant G.L. And, according to the parties' notices describing the submission of the Video Exhibits, the Video Exhibits depict defendant Cua on January 6 in and around the Capitol, where Cua's assault on G.L. occurred. However, the Video Exhibits are not available on the Court's Case Management/Electronic Case Filing (CM/ECF) system. As members of the public—who include G.L., a victim of Cua's assault—Applicants have a right to access documents submitted at trial. Accordingly, Applicants request that the Court order the Government to allow Applicants to access and download the Video Exhibits via an electronic drop box.

In further support of this application, Applicants state as follows.

### LEGAL STANDARD

1.      Standing Order No. 21-28 (the "Standing Order") provides that to obtain access to video exhibits in a criminal case "arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')," a non-party must file an application under Local Criminal Rule 57.6. Standing Order at 5; *see also In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *8 (D.D.C. July 2, 2021) (the Standing Order "provides mechanisms for public and media access to video exhibits for this Court"). If the application is granted, the Government must make the video exhibits available using a "drop box." Standing Order at 5-6. The judge may further order that the Government permit the non-party to download the video exhibits. *Id.* at 6.

2.      Local Criminal Rule 57.6 of the United States District Court for the District of Columbia provides that any interested person (other than a party or a subpoenaed witness) "who seeks relief relating to any aspect of proceedings in a criminal case . . . shall file an application for

such relief with the Court." The application must include "a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." *Id.*

## STATEMENT OF INTEREST

3.       Applicants seek to access and download the Video Exhibits, which are relevant to their claims in the pending civil case *Smith v. Trump*, No. 21-cv-2265 (D.D.C.).

4.       Applicants are eight United States Capitol Police Officers who defended the Capitol from attackers on January 6, 2021. They are plaintiffs in *Smith*, a lawsuit alleging, *inter alia*, that several defendants conspired to use force, intimidation, and threats to prevent Congress from certifying the 2020 presidential election results and aided and abetted others in assaulting and battering plaintiffs. *See* Amended Complaint ¶¶ 1–10, 199-210, *Smith v. Trump*, No. 21-2265 (D.D.C. Dec. 3, 2021), Dkt. 89 (hereinafter *Smith Complaint*).

5.       On January 26, 2023, the district court in *Smith* granted in part and denied in part defendants' motions to dismiss, permitting the case to proceed to discovery. *See generally* Memorandum Opinion and Order, *Smith v. Trump*, No. 21-2265 (D.D.C. Jan. 26, 2023), Dkt. 179.

6.       The Video Exhibits are relevant to Applicants' claims in *Smith*. To state a claim for assault, "a plaintiff must show that he suffered apprehension of harmful or offensive contact and that a reasonable person in his position would have experienced such apprehension." *Collier v. D.C.*, 46 F. Supp. 3d 6, 14 (D.D.C. 2014). A plaintiff establishes a claim for battery "by proving an 'intentional act that causes harmful or offensive bodily contact.'" *D.C. v. Chinn*, 839 A.2d 701, 705 (D.C. 2003). Similarly, Applicants brought claims under 42 U.S.C. § 1985, which requires showing that a party "was injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States."

3

7.      As alleged in Applicants' civil action, G.L. was helping to secure the Senate Chamber when attackers breached the Capitol. *Smith Am. Compl.* ¶ 160. While G.L. attempted to secure the third-floor doors to the Senate Chamber, attackers shoved him, assaulted him, and hurled racial slurs at him. *Id.*

8.      Defendant Cua was found guilty of assaulting, resisting, or impeding G.L. in violation of 18 U.S.C. § 111(a)(1). *See* Feb. 24, 2023 Minute Entry for proceedings held before Judge Randolph D. Moss.

9.      The Video Exhibits depict defendant Cua's conduct in and around the Capitol and thus are likely to show his interaction with G.L. This evidence is relevant to establishing Applicants' Section 1985, assault, and battery claims. *See, e.g., Tarquinii v. Del Toro*, No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023) ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" (citations omitted)). In particular, any video of G.L., Cua, or other scenes of the Attack may show how G.L. and other U.S. Capitol Police officers were attacked, the intensity of the attack, and how the attackers cooperated and were aided and abetted by others present during the Attack, all of which are relevant to Applicants' claims and may inform the discovery strategy in their civil action.

## STATEMENT OF FACTS

10.      At a stipulated bench trial held on February 24, 2023, the Court found that defendant Cua was guilty on Count Three of the Superseding Indictment, which charged Cua with assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1). *See id.* at 3. Specifically, Count Three of the Second Superseding Indictment stated that on January 6, 2021, Cua "did forcibly assault, resist, oppose, impede, intimidate, and interfere with . . . G.L., an officer

from the United States Capitol Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and an intent to commit another felony." *Id.*

11.     Applicant G.L. herein is the G.L. to whom the Superseding Indictment refers.

12.     Following trial, the United States filed a notice of submission of approximately 29 video exhibits in support of the stipulated trial. *See* Dkt. 298. The Video Exhibits include ten United States Capitol Police CCTV videos (Exs. 101-110), nine videos taken by other rioters (Exs. 201-209), one video published by the New Yorker (Ex. 210), and several additional videos depicting defendant Cua at various places in and around the Capitol Building (Exs. 211–12, 214, 301–06). *See id.* at 1–3.

13.     Defense counsel similarly filed a notice that it had submitted one exhibit, which was a United States Capitol Police CCTV video produced to the defense by the Government. *See* Dkt. 299.

## PRAYER FOR RELIEF

14.     Applicants are entitled to access the Video Exhibits under both common law and the First Amendment. "The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *4 (D.D.C. July 2, 2021) (citation omitted). Indeed, "[c]rime victims, just like members of the public, have a general, qualified right to inspect and copy public records and documents, including judicial records and documents." *United States v. Moussaoui*, 483 F.3d 220, 234 n.10 (4th Cir. 2007) (quotation omitted).

15.     There is a "strong presumption in favor of public access to judicial proceedings, including judicial records," under common law. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); *see also, e.g., In re Press & Pub. Access to Video Exhibits in Capitol Riot Cases*, No. MC 21-46 (BAH), 2021 WL 1946378, at *4 (D.D.C. May 14, 2021) (video exhibits in Capitol Cases "are undoubtedly judicial records to which the presumption of public access attaches"). Likewise, "public access to criminal trials forms the core" of the First Amendment right to a public trial in all criminal prosecutions. *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *5 (citation omitted).

16.     That presumption is incontestable where, as here, the requested judicial records were submitted at trial. *See e.g., Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial.").

17.     The public interest in the Video Exhibits is even greater in this case, which concerns the January 6, 2021, attack on the Capitol. Indeed, the Standing Order recognizes the "significant public . . . interest" in the Capitol Cases. Standing Order at 2. The Video Exhibits "are not just important evidence in individual criminal proceedings but are vital evidence of what happened on January 6 when rioters stormed the U.S. Capitol grounds and building." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *7. Thus, courts have granted non-parties the ability to access and download video exhibits in several Capitol Cases. *See, e.g.*, Minute Order granting The Press Coalition's 415 Motion to Access Trial Exhibits, *United States v. Rhodes*, No. 22-cr-00015-APM (D.D.C. Dec. 12, 2022).

18.     Moreover, the Video Exhibits are not available on the Federal Judiciary's Case Management/Electronic Filing system. *See* Standing Order at 2 ("[V]ideo exhibits, unlike other judicial records, are not in a format that can be filed on the Federal Judiciary's Case Management/Electronic Case Filing (CM/ECF) system and therefore 'must be identified in a Notice of Filing filed with the Court' and are further required 'to be maintained in the possession of the attorney . . . responsible for the filing' to be 'made available for a party or the Court.'" (citing D.D.C. LCrR 49(e)(1)).

19.     Accordingly, the requested Video Exhibits are a matter of public record and should be made readily available to Applicants.

## CONCLUSION

For the foregoing reasons, Applicants request that the Court order the Government to allow Applicants to access and download the Video Exhibits through an electronic drop box.

Dated: April 20, 2023                              Respectfully submitted,

                                                   */s/ Edward G. Caspar*
                                                   Edward G. Caspar, D.C. Bar No. 1644168
                                                   Lawyers' Committee for Civil Rights Under Law
                                                   1500 K St. NW, Suite 900
                                                   Washington, DC 20005
                                                   (202) 662-8390
                                                   ecaspar@lawyerscommittee.org

                                                   *Counsel for Applicants*