IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LET IT BE FILED
Randolph D. Moss
USDJ
4/10/25

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 1:21-cr-00107-RDM-1 |
| V ) | |
| ) | |
| BRUNO JOSEPH CUA ) | |

## DEFENDANT'S MOTION FOR REFUND OF FEES AND RESTITUTION

COMES NOW, Bruno Joseph Cua (Movant), proceeding Pro Se, to enter this Request for a Refund of payments made to this Court based on an invalidated set of convictions in the above-styled case; pursuant to the Fifth Amendment's Due Process Clause and the First Amendment's Right to Redress of Grievance Clause. Support Follows:

I. Procedural Background.

Previously, Movant was convicted of two counts in this Court. One count was invalidated by the Supreme Court's holding in **Fischer v United States**, 603 US 480 (2024) (obstructing an official proceeding); and the other was both pardoned by President Trump on January 20, 2025, and was subsequently vacated and dismissed by Order of the United States Court of Appeals for the District of Columbia - see **United States v Cua**, No. 23-3137 (D.C.App. Feb. 27, 2025).

Since that time, Movant has requested a refund of his monies from the Clerk of Court for the District of Columbia (see Exhibit 1), and was denied.

This motion follows.

II. The Instant Request Is Distinguishable From **Knote v US**, 96 US 149(1877)

The Clerk of Court responded to Movant's refund request by stating that it is barred by the doctrine set forth by the Supreme Court in **Knote v United States**, 95 US 149 (1877). This case, however, dealt with a pardoned civil war soldier who sought the return of **real estate**, rather than money, which was confiscated under a specific Act of Congress, and then sold to a third party. Importantly, **Knote** initiated a separate lawsuit claiming entitlement, and

1

did so after the two-year statute of limitations had run out for recovering monies under Commonlaw Tort process. The Supreme Court noted in **Knote** that "had the money still been in the registry of the condemnation court, Knote's 1868 pardon would have entitled him to it." **McRae v Califano**, 491 F.Supp. 630, 729 (EDNY Jan 15, 1980) (citing to **Knote** and summarizing the result in modern language).

As such, **Knote** is distinguishable in two ways: 1) Movant is not attempting to recover real estate; and 2) He is not attempting to recover money from the US Treasury which was deposited through the sale of forfieted assets after the statute of limitations has expired.

There is, instead, a more applicable Supreme Court holding, discussed Infra.

III. This Case Is More Like **Nelson v Colorado**, 851 US 128 (2017)

Here, as in **Nelson v Colorado**, 581 US 128(2017), Movant has been completely exonorated through judicial proceedings. And, the State may not presume a person, adjudged guilty of no crime, nonetheless guilty enough for monetary exactions - and therefore Movant is due a refund of his money. In **Nelson**, defendants whose convictions were reversed or vacated sought refunds of restitution, fees, and costs exacted from them by the state as a consequence of their convictions - **Nelson**, 581 US at 131. After their convictions were invalidated, the defendants moved for refunds of the amounts they had paid- **Nelson**, 581 US at 132. The Supreme Court determined that once the defendants' (as is the case here) "convictions were erased, the presumption of their innocence was restored," and the State had no interest (again, as is the case here) in retaining funds taken from them solely because of their invalidated convicitons - **Nelson**, 581 US at 135-36; and that the State "may not impose anything more than minimal procedures on the refund of exactions dependant upon a conviction subsequently invalidated." - **Nelson**, 581 US at 137, 139.

As Movant's convictions have been overturned, vacated, and dismissed - he too is due the presumption of actual innocence as it pertains to the State's ability to claim an interest in the monies taken from him. As no statute of limitation bar has attached at this time, he is therefore due to be refunded his money, totalling $2,200, through a filing in his criminal case - **Nelson**, 581 US at128.

And to be sure, Movant here has the addedbonus of a Presidential Pardon. This Pardon is merely the "icing on the cake" though - as his convictions have also been overturned on appeal.

2

As such, **Nelson** provides that the instant filing is the vehicle to relief, and that this Court is the proper venue for same.

Accordingly, Movant is due a refund of his money ... and this refund extends to all monies paid into the Bureau of Prisons' coffers as a result of these now invalidated convictions, as those monies were "exactions" just as much as the Court ordered fees and restitution.

## CONCLUSION

This Court, nor the United States, have any valid claim to the money that Movant has paid to any governmental entity as a result of his now invalid convictions. He is due access to his property interest in the money, and the Supreme Court has spoken on this very issue previously, resting its determination on the Constitutional Rights of Due Process (14th and 5th Amendment) and Redress of Grievance (1st Amendment). For these reasons, I Bruno Joseph Cua, hereby request the refund of all monies exacted from me as a result of my two now-invalidated convictions; or any other relief this Court sees fit to provide.

Respectfully Submitted, this __1__ day of __April__, 2025.

_____
Bruno Joseph Cua

Certificate of Service

I, Bruno Joseph Cua, hereby certify that the foregoing was mailed via US Postal Service First Class mail to this Court on April 1st 2025 and ask the Clerk of Court to notify the Respondent of same via the Court's CM/ECF System.

Respectfully Submitted, this  1  day of  April , 2025

_____
Bruno Joseph Cua

4