United States District Court

For the District of Columbia



Case No. 21-CR-107

NOTICE OF APPEAL AND MOTION FOR RECONSIDERATION

Filed by Bruno Joseph Cua

Hon. Judge Randolph D. Moss

RECEIVED
Mailroom

JUL 14 2025

I, Bruno Cua, hereby appeal this Court's order dated June 30, 2025, in the above-captioned case.

Respectfully, I request the Court reconsider its denial of my motion for a refund of special assessments and restitution on the following grounds:

1. THERE ARE NO DEGREES OF VACATUR - MY CONVICTION NO LONGER EXISTS.

Once a conviction is vacated, regardless of the cause, it is void ab initio. The legal basis for the sentence - including all financial penalties - is extinguished. The distinction drawn by this Court between a vacatur arising from a pardon and one arising from legal invalidity has no basis in the Supreme Court's holding in Nelson v. Colorado, 581 U.S. 128 (2017), which mandates that funds taken under a now-vacated conviction must be returned. The reason for vacatur is irrelevant once the conviction is gone.

2. MY CONVICTION UNDER 18 U.S.C. § 1512 HAS SINCE BEEN DECLARED INVALID BY THE U.S. SUPREME COURT.

I was convicted and sentenced in part under 18 U.S.C. § 1512(c)(2). The Supreme Court has since ruled in Fischer v. United States, 603 U.S. ___ (2024), that this charge does not apply to January 6 defendants like myself. This ruling independently invalidates my conviction - pardon or not - making any financial penalties assessed under that statute unconstitutional and due for return.

### 3. MY CONVICTION UNDER 18 U.S.C. § 111 WAS ACTIVELY ON APPEAL AT THE TIME OF THE VACATUR.

No final judgment had been entered. Because the vacatur occurred while my appeal was pending, and before the conviction became final, the outcome carries the full force of legal nullification. As a result, no lawful basis exists for the government to retain my payments.

### 4. THE COURT MISAPPLIED KNOTE.

The Knote decision involved a Civil War-era property seizure under the Confiscation Act, not a modern criminal restitution order later nullified by a vacated conviction. Nelson - a more recent and directly applicable Supreme Court case - was wrongly dismissed in this ruling, despite its clear holding that states (and by extension, the federal government under the Fifth Amendment) cannot retain funds tied to a vacated conviction. The money taken from me was not for property seized in rebellion - it was extracted under a now-null sentence.

### 5. THE RETENTION OF THESE FUNDS VIOLATES MY FIFTH AMENDMENT DUE PROCESS RIGHTS.

The Due Process Clause prohibits the government from holding funds that were extracted under a conviction that no longer exists. It is immaterial whether the funds have been transferred to the Treasury - the government cannot bootstrap the Appropriations Clause to justify what has become an unconstitutional taking.

### PRAYER FOR RELIEF

For the foregoing reasons, I respectfully request that this Court:

1. Reconsider its denial of my motion for refund;

2. Order the return of my $2,200 in special assessments and restitution; or,

3. In the alternative, allow this appeal to proceed to the D.C. Circuit for further review.

Additionally, I respectfully request that I be notified of the Court's response via email at brunocua@gmail.com, as I was not notified of the previous ruling and only learned of the Court's order through a third party.

Respectfully submitted,



/s/ Bruno Joseph Cua

Bruno Joseph Cua

Dated: July 8, 2025