UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>BRUNO JOSEPH CUA,<br><br>    *Defendant*. | Criminal Action No. 21-107 (RDM) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Bruno Joseph Cua's motion for reconsideration of the Court's denial of his motion for a refund of his special assessments and restitution.  Dkt. 401.  For the reasons explained below, the Court will deny the motion.

In general, "[t]o prevail on a motion for reconsideration, the moving party must demonstrate either that (1) there has been an intervening change in controlling law, (2) there is new evidence, or (3) there is a need to correct clear error or prevent manifest injustice." *United States v. Booker*, 613 F. Supp. 2d 32, 34 (D.D.C. 2009).  None of these circumstances apply.  Cua's motion does not point to any change in controlling law, new evidence, or clear error but, instead, generally reprises arguments that the Court previously rejected.  *See* Dkt. 400.  Cua argues, for example, that because his convictions were vacated, his payments must be refunded pursuant to the Supreme Court's decision in *Nelson v. Colorado*, 581 U.S. 128 (2017).  Dkt. 401 at 1.  But as the Court explained in its prior opinion, unlike the petitioners in *Nelson*, Cua's convictions were vacated on appeal because he received a pardon—not because the conviction was rendered in error.

Crucially, moreover, at the time of the pardon, Cua's payments had already been deposited into the United States Treasury. Dkt. 400 at 3. In those circumstances, the Supreme Court has held that a pardon—as opposed to the setting aside of an erroneous conviction—does not "entitle" the pardoned individual to a refund of his exactions. *Knote v. United States*, 95 U.S. 149, 152 (1877). The reason is that monetary penalties deposited into the U.S. Treasury are "vested" in the United States, such that "they can only be secured to the former owner of the property through an act of Congress" in accordance with the Appropriations Clause. *Id.* at 154. Accordingly, Cua's contention that "retention of [his] funds" violates his "due process rights" is misplaced. Dkt. 401 at 2 (capitalization altered).

Cua maintains that the reason for vacatur of a conviction is immaterial—he argues that "the distinction drawn by th[e] Court between a vacatur arising from a pardon and one arising from legal invalidity has no basis" under *Nelson*. Dkt. 401 at 1. To be sure, *Nelson* states that "'reversal is reversal,' regardless of the reason, '[a]nd an invalid conviction is no conviction at all.'" *Nelson*, 581 U.S. at 136 n.10. Here, however, Cua's convictions were not "reversed" or invalidated. Instead, the Court of Appeals ordered vacatur because the pardon rendered the case "moot." Dkt. 396-1 at 1. As *Knote* made clear, moreover, a pardon provides only prospective relief—it "does not make amends for the past," and "that which has been done or suffered while [the judgment was] in force is presumed to have been rightfully done and justly suffered." *Knote*, 95 U.S. at 153–54. As a result, where a case becomes moot due to the fortuity of a presidential pardon, vacatur does not carry the same consequences as it would in a case where a conviction is reversed or otherwise invalidated.

The Court, accordingly, remains persuaded that a refund is not permitted under the present circumstances.

One category of Cua's payments, however, gestures at different issue. As part of his sentence, Cua paid $2,200, comprised of $2,000 in restitution, a $100 special assessment for his conviction under 18 U.S.C. § 111(a), and a $100 special assessment for his conviction under 18 U.S.C. § 1512(c). Dkt. 400 at 2. As Cua correctly observes, however, following his § 1512(c) conviction, the Supreme Court issued its decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024). In *Fischer*, the Supreme Court construed § 1512(c) more narrowly than the Court had, *see Fischer*, 144 S. Ct. at 2190, and, on that basis, the United States declined to defend Cua's § 1512(c) conviction on appeal, *see* Br. of Appellant at ix, *United States v. Cua*, 23-3137 (D.C. Cir.). Had the appellate process run its course, it seems likely that the Court of Appeals would have set his § 1512(c) conviction aside, and, under *Nelson v. Colorado*, 581 U.S. 128 (2017), he may have been entitled to a refund of his payments attributable to that conviction, *cf. United States v. Libous*, 858 F.3d 64, 65–67 (2d Cir. 2017) (where defendant died while appeal was pending, the doctrine of abatement *ab initio* required vacatur of his convictions and the return of his fine and special assessment). But the process did not run its course because, before the Court of Appeals could adjudicate his appeal on the merits, Cua received a pardon, which did not entitle him to a refund (in the absence of an appropriation) of amounts already in possession of the U.S. Treasury. Although Cua might have opposed dismissal of his appeal, so that he could continue to press his claim *on the merits* in the hope of obtaining retrospective, make-whole relief, he did not do so.

In these unusual circumstances, Cua might seek a writ of error coram nobis. The writ provides a means to attack a conviction in cases when the petitioner is not in federal custody. *See United States v. Morgan*, 346 U.S. 502, 511 (1954). Relief may be available where the petitioner is suffering from continuing consequences of the conviction, despite having served his

sentence. *See id.* at 512. Cua's convictions have been vacated already, but the U.S. Treasury retains his payments.[1] The Court expresses no view on whether the writ should or could be granted, nor does it express a view on whether a refund of any of his payments would constitute appropriate relief. The Court simply holds that the vacatur of Cua's convictions (under both § 1512(c) and § 111) based on a pardon does not, standing alone, entitle Cua to a refund of amounts already in the possession of the U.S. Treasury in the absence of an applicable appropriation.

## CONCLUSION

For the reasons explained above, Cua's motion for reconsideration, Dkt. 401, is **DENIED**.

    **SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: July 25, 2025

---

[1] This same analysis applies to the consequences of Cua's § 111(a) conviction, although Cua fails to identify any intervening Supreme Court or Court of Appeals decision that raises the same type of concern raised by the *Fischer* decision. The Court, however, expresses no view on the merits of Cua's challenge to his § 111(a) conviction. Nor does the Court express any view on whether any such a claim could form the basis for a plausible petition for a writ of error coram nobis.